IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,
  a Florida Corporation,

        Plaintiff,

v.

THOMAS J. REILLY

and

WILDLIFE SOLUTIONS, INC.,
   a Massachusetts Corporation,

      Defendants.

Civil Action No. 1:05-cv-10180-FDS

## JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND L.R. 16.1(D)

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1(d), the parties submit the following joint statement:

### I.  Conference Under Fed. R. Civ. P. 26(f)

The required conference was held by telephone on August 9, 2005.  Attending for Plaintiff, Wildlife Solutions, Inc., a Florida Corporation ("Wildlife Florida"), were Michael Leetzow (lead counsel, admitted *pro hac vice*) and Adam Kessel (local counsel).  Attending for Defendants, Wildlife Solutions, Inc., a Massachusetts Corporation ("Wildlife Massachusetts") and Thomas J. Reilly ("Reilly"), was Richard Farrell.  The parties have agreed to the proposed schedule attached to this statement as Exhibit A.

### II.  Trial By Magistrate Judge

At this time, the parties do not consent to trial before a Magistrate Judge.

### III.  L.R. 16.1(D)(3) Certifications

The parties will individually file the required certification.

WILDLIFE SOLUTIONS, INC.

(a Florida Corporation)

By its attorneys,

  /s/ Adam J. Kessel          _

Date:  August 11, 2005
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Adam J. Kessel, BBO #661211
akessel@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel:  617.646.8000
FAX:  617.646.8646

Michael Leetzow (admitted *pro hac vice*)
michael@leetzow.com
5213 Shoreline Circle
Sanford, Florida 32771

Tel: 407-302-9970
FAX: 407-302-9973

WILDLIFE SOLUTIONS, INC.

(a Massachusetts Corporation)

and

Thomas J. Reilly,

By their attorneys,

  /s/  Richard J. Farrell      _

Date: August 11, 2005
Richard J. Farrell, Jr., BBO # 638017
197M Boston Post Road West #177
Marlborough, MA 01752
Tel: 508-358-5411
FAX: 508-358-7787

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

 Wildlife Solutions, Inc. (a Florida Corporation)

        **Plaintiff,**

    **v.**                                 **CIVIL ACTION**
                                             **NO.  04-10180 FDS**

**Wildlife Solutions, Inc. (a Massachusetts Corporation) and Thomas J. Reilly**

        **Defendant.**

## SCHEDULING ORDER

**SAYLOR, J.**

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by
 August 11, 2005       .

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after  December 1, 2005 (for parties), January 1, 2005 (for pleadings)

3. **Fact Discovery - Interim Deadlines.**

   a. All requests for production of documents and interrogatories must be served by December 1, 2005.

   b. All requests for admission must be served by December 1, 2005.

   3. All depositions, other than expert depositions,  must be completed by
 January 1, 2006        .

4. **Fact Discovery - Final Deadline.** All discovery, other than expert discovery,

must be completed by January 1, 2006.

5.    **Status Conference.**  A status conference will be held on _____.

6.    **Expert Discovery.**

    **a.**    Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by March 1, 2006.

    **b.**    Plaintiff(s)' trial experts must be deposed by May 1, 2006.

    **c.**    Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by April 1, 2006.

    **d.**    Defendant(s)' trial experts must be deposed by May 1, 2006.

7.    **Dispositive Motions.**

    **1.**    Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by June 15, 2006_____ .

    **2.**    Oppositions to dispositive motions must be filed within 14 days after service of the motion.

8.    **Pretrial Conference.**  A pretrial conference will be held on _____ at _____ a.m./p.m.

<u>**Procedural Provisions**</u>

1.    **Extension of Deadlines.**

    **a.**    **Fact Discovery - Interim Deadlines**.  The parties may extend any interim deadline for fact discovery by mutual written agreement filed with the court.

    **b.**    **Fact Discovery - Final Deadline; Expert Discovery.**  The parties may extend the final deadline for fact discovery or the deadlines for expert discovery for a combined total of up to 30 days by mutual written agreement filed with the court.

    **c.**    **Dispositive Motions and Pretrial Conference.**   The parties may not extend the deadline for filing dispositive motions or the date of the final

pretrial conference without leave of court.  No extension of discovery deadlines shall modify or affect deadlines for filing dispositive motions or the date of the pretrial conference unless the court expressly orders otherwise.

    **d.**    **Procedure for Seeking Extensions from Court.**  Motions to extend or modify deadlines will be granted only for good cause shown.  Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion.  All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**2.**    **Motions to Compel or Prevent Discovery.**  Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant.  If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

**3.**    **Reply Memoranda.**  Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum.  Parties may otherwise file reply or surreply memoranda only with leave of court.  When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

**4.**    **Additional Conferences.**  Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.  Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

**5.**    **Early Resolution of Issues.**  The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

**6.**    **Pretrial Conference.**  Lead trial counsel are required to attend any pretrial conference.

By the Court,

_____                    _____
        Date                               Deputy Clerk