IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE SOLUTIONS, INC., <br> a Florida Corporation, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. REILLY <br><br> And <br><br> WILDLIFE SOLUTIONS, INC., <br> a Massachusetts Corporation, <br><br> Defendants. | Civil Action No. 1:05-cv-10180-FDS |

**(PROPOSED) FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff WILDLIFE SOLUTIONS, INC., a Florida Corporation (hereinafter WLSI), brings this civil action against Defendants THOMAS J. REILLY (REILLY), and WILDLIFE SOLUTIONS (WILDLIFE).

**THE PARTIES**

1.      Plaintiff WLSI is a Florida Corporation with its principle place of business at 5544 Benchmark Lane, Suite 104, Orlando, Florida 32773.  Plaintiff WLSI provides services related to removing nuisance wildlife from structures and surrounding areas. WLSI resolves conflicts that people have with wildlife, which includes snakes, raccoons, skunks, opossums, rats, mice, bats, deer, birds, and squirrels.   Defendant provides services in Florida, Tennessee, and South Carolina.

2.      Upon information and belief, Defendant Wildlife is a Massachusetts corporation with its principle place of business at 16 High Street, West Boylston,

Massachusetts 01583-1518. Defendant also provides services related to the management of wildlife in Metrowest and Central Massachusetts communities. WILDLIFE was formerly known as Problem Animal Control of Hudson.

3. Upon information and belief, Defendant REILLY, an individual residing at 16 High Street, West Boylston, Massachusetts 01583-1518, owns and operates Defendant WILDLIFE. Defendant Reilly also filed a trademark application for the mark MASSACHUSETTS WILDLIFE SOLUTIONS in the United States Patent and Trademark Office. Defendant REILLY was the owner and operator of PAC of Hudson (Problem Animal Control of Hudson), the predecessor to Defendant WILDLIFE.

### JURISDICTION AND VENUE

4. This is an action for trademark infringement and false designation of origin arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, for cyber-squatting arising under the Anti-Cybersquatting Protection Act of 1999, 15 U.S.C. § 1125(d); and unfair trade practices, unfair competition, and trademark dilution under state law. This Court has jurisdiction pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1131, 1338 and 1367.

5. This Court has personal jurisdiction over the Defendants. The Defendants reside and do business in this judicial district. The services provided by Defendants using the infringing mark are currently advertised in Massachusetts and on a website that can be reached from Massachusetts. Venue is proper in this judicial district under 28 U.S.C. § 1391.

**PLAINTIFF'S MARKS**

6.  Plaintiff WLSI has provided services related to removing nuisance wildlife from structures and surrounding areas under the name WILDLIFE SOLUTIONS since 1997. WLSI resolves conflicts that people have with wildlife, which includes snakes, raccoons, skunks, opossums, rats, mice, bats, deer, birds, and squirrels. Plaintiff provides these services in Florida, Tennessee, and South Carolina.

7.  Plaintiff owns a federally registered trademark, Registration No. 2,383,071 for WILDLIFE SOLUTIONS ("the Mark"). A printout from the United States Patent and Trademark Office website reflecting this registration is attached as Exhibit A.

8.  The Registration is valid and in full force and effect. It serves as prima facie evidence of (1) the validity of the Mark, and (2) Plaintiff's exclusive right to use the Mark in connection with its goods and services.

9.  In addition to its federal trademark registration, Plaintiff WLSI has acquired common law trademark rights in the Mark WILDLIFE SOLUTIONS for removal, relocation and prevention of nuisance animals.

10. Plaintiff WLSI's use of the Mark WILDLIFE SOLUTIONS has been continuous and substantial since 1997. All of Plaintiff WLSI's business is done under or in connection with this Mark.

11. Plaintiff WLSI has invested heavily in promoting the Mark and developing goodwill associated with the Mark. In 2003 and 2004, Plaintiff spent at least $245,000 and $345,000, respectively, on advertising that prominently included the Mark. Plaintiff WLSI will spend in excess of $400,000 in advertising that includes the Mark in

2005. Plaintiff advertises in numerous publications, at trade shows, the yellow pages, and by way of other advertising media. The Mark is also prominently featured on Plaintiff WLSI's website, www.wildlifesolutions.com.

12.     Plaintiff WLSI is the owner of the following Internet domain names: <wildlifesolutions.com>; <wildlifesolutions.net>; and <wildlifesolutions.org>.

13.     Plaintiff WLSI's services, and the Mark itself, enjoy an excellent reputation. The Mark now designates excellent wildlife services and has gained great value in the marketplace. Plaintiff's extensive use and promotion of the Mark has made the Mark well known, identifying and distinguishing goods and services emanating from, symbolizing, or authorized by Plaintiff.

14.     Defendants have not and have never been authorized by Plaintiff WLSI, and are not and have never been entitled, to use the Mark in connection with any business or service.

**DEFENDANTS' UNAUTHORIZED USE OF THE MARK**

15.     Upon information and belief, Defendant REILLY incorporated Defendant WILDLIFE on April 25, 2003 for services related to relocating wildlife. Defendant WILDLIFE currently uses the name Wildlife Solutions, Inc. on its website (www.pacofhudson.com) to advertise its services.

16.     Defendant WILDLIFE has also registered the domain name <wildlifesolutions.biz>. Upon information and belief, this domain name is to be used to promote Defendant's business in the future. Defendant REILLY is listed as the administrative contact for the website domain.

17. Defendant WILDLIFE is also listed as "Wildlife Solutions, Inc." on a number of other websites, including www.mapac.org (an industry-related website) and www.mass.gov/dfwele/dfw/dfw_pac.htm (a listing of PAC Agents on the Massachusetts Division of Fisheries and Wildlife website).

18. In August 2004, Plaintiff learned of Defendants' use of the mark when it received an email from a third party inquiring about the affiliation of the Defendant WILDLIFE to the Plaintiff WLSI's business. This inquiry provides evidence of actual confusion.

19. After investigation of Defendants' use of the name and Mark, Defendants were advised by correspondence on November 2, 2004 of the existence of Plaintiff WLSI's registered Mark and that it must cease and desist using the Mark. Defendants failed to respond in any way to the letter itself or to the demands in the letter. In a follow-up telephone call on November 16, 2004, Defendants indicated that money had been spent in changing the name in April 2003 (from PAC of Hudson to Wildlife Solutions, Inc.) and requested a license under the Mark.

20. In correspondence on November 17, 2004, Plaintiff WLSI denied Defendants a license and again requested that the Defendants cease and desist use of the Mark and to assign the domain name www.wildlifesolutions.biz to Plaintiff.

21. Defendants again failed to respond to Plaintiff WLSI's November 17, 2004, demands.

22. On November 17, 2004, Defendant REILLY filed a trademark application for the mark "MASSACHUSETTS WILDLIFE SOLUTIONS" in the United States

Trademark Office despite knowing about Plaintiff's registered Mark. Defendant REILLY's trademark application is still pending at the Trademark Office.

23. Plaintiff sent another letter to Defendants on December 10, 2004, which was refused by Defendants, requesting that they cease and desist and offering Defendants time to change the name.

24. Defendants continue to use Plaintiff's Mark despite several letters and telephone calls requesting Defendants to cease and desist. Defendants are therefore actively engaged in the unlawful, willful and malicious use of the Mark.

25. Defendants have unlawfully and willfully and maliciously used the Marks to the economic detriment of Plaintiff, including the misrepresentation of the source of the goods and services offered under the Mark, and the dilution of the Mark.

26. Defendants, despite being placed repeatedly on notice of its violation of Plaintiff WLSI's rights, continue to offer services under the name "Wildlife Solutions."

## COUNT I

### (Trademark Infringement under 15 U.S.C. § 1125(a) and Common Law Relating to Defendants' Use of the Mark WILDLIFE SOLUTIONS)

27. The allegations of paragraphs 1-26 are restated and re-alleged as though fully set forth herein.

28. Plaintiff WLSI is the rightful owner of the Mark WILDLIFE SOLUTIONS.

29. In addition to is rights in WILDLIFE SOLUTIONS at common law, Plaintiff WLSI is the owner of U.S. Federal Registration No. 2,383,071.

30. Without authorization from Plaintiff WLSI, Defendants have used and continue to use the mark WILDLIFE SOLUTIONS in connection with wildlife removal services that are the same as or related to those provided by Plaintiff WLSI.

31. Defendants' past, present, and ongoing actions constitute trademark infringement of Plaintiff WLSI's WILDLIFE SOLUTIONS Mark by using a mark that is likely to confuse, mistake, and/or deception as to source, sponsorship, or affiliation, subjecting Defendants to liability under 15 U.S.C. § 1125 and the common law of Massachusetts.

32. Defendants' infringing actions have damaged Plaintiff WLSI in an amount to be determined at trial.

33. Defendants' infringing actions will continue unless enjoined by this Court.

34. Plaintiff WLSI has no adequate remedy at law and will suffer irreparable harm to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT II

### (Counterfeiting Under 15 U.S.C. § 1116(d))

35. The allegations of paragraphs 1-34 are restated and re-alleged as though fully set forth herein.

36. The use of Plaintiff WLSI's mark by Defendants in connection with Defendants' business constitutes counterfeit use of Plaintiff WLSI's WILDLIFE SOLUTIONS Mark under 15 U.S.C. § 1116(d).

37. Defendants' counterfeiting has damaged Plaintiff WLSI.

## COUNT III

### (False Designation of Origin under 15 U.S.C. § 1125(a))

38. The allegations of paragraphs 1-37 are restated and re-alleged as though fully set forth herein.

39. The use of WILDLIFE SOLUTIONS by Defendants to sell goods and services constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendants are associated with or sponsored by Plaintiff WLSI.

40. Defendants' unauthorized use of the mark WILDLIFE SOLUTIONS has a substantial effect on interstate commerce.

41. Defendants' false designation of origin have been made in connection with goods and services from which they make a profit.

42. Defendants false designation of origin are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff WLSI of the services provided by Defendants under the infringing mark, subjecting Defendants to liability under 15 U.S.C. § 1125(a).

43. Defendants' false designation of origin has damaged Plaintiff WLSI in an amount to be determined at trial.

## COUNT IV

### (Trademark Infringement under the
### Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d))

44.     The allegations of paragraphs 1-43 are restated and re-alleged as though fully set forth herein.

45.     Plaintiff WLSI's Mark WILDLIFE SOLUTIONS is a strong, distinctive mark that has acquired substantial secondary meaning.

46.     WILDLIFESOLUTIONS.BIZ incorporates and is confusingly similar to Plaintiff WLSI's Mark WILDLIFESOLUTIONS.

47.     Defendants, for their own commercial gain, registered a website domain name that incorporated Plaintiff WLSI's Mark to eventually divert Internet users in search of Plaintiff's website.

48.     On information and belief, Defendants registered <wildlifesolutions.biz> with a bad-faith intent to profit from Plaintiff WLSI's Mark.

## COUNT V

### (Trademark Infringement under 15 U.S.C. § 1125(a) and
### Common Law Relating to Defendants' Use
### of the Mark MASSACHUSETTS WILDLIFE SOLUTIONS)

49.     The allegations of paragraphs 1-48 are restated and re-alleged as though fully set forth herein.

50.     Plaintiff WLSI is the rightful owner of the Mark WILDLIFE SOLUTIONS.

51. In addition to is rights in WILDLIFE SOLUTIONS at common law, Plaintiff WLSI is the owner of U.S. Federal Registration No. 2,383,071.

52. Without authorization from Plaintiff WLSI, Defendants have used and continue to use the mark MASSACHUSETTS WILDLIFE SOLUTIONS in connection with wildlife removal services that are the same as or related to those provided by Plaintiff WLSI.

53. Defendants' past, present, and ongoing actions constitute trademark infringement of Plaintiff WLSI's WILDLIFE SOLUTIONS Mark by using a mark that is likely to confuse, mistake, and/or deception as to source, sponsorship, or affiliation, subjecting Defendants to liability under 15 U.S.C. § 1125 and the common law of Massachusetts.

54. Defendants' infringing actions have damaged Plaintiff WLSI in an amount to be determined at trial.

55. Defendants' infringing actions will continue unless enjoined by this Court.

56. Plaintiff WLSI has no adequate remedy at law and will suffer irreparable harm to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT VI

**(False Designation of Origin under 15 U.S.C. § 1125(a))**

57. The allegations of paragraphs 1-56 are restated and re-alleged as though fully set forth herein.

58. The use of MASSACHUSETTS WILDLIFE SOLUTIONS by Defendants to sell goods and services constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendants are associated with or sponsored by Plaintiff WLSI.

59. Defendants' unauthorized use of the mark MASSACHUSETTS WILDLIFE SOLUTIONS has a substantial effect on interstate commerce.

60. Defendants' false designation of origin have been made in connection with goods and services from which they make a profit.

61. Defendants false designation of origin are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff WLSI of the services provided by Defendants under the infringing mark, subjecting Defendants to liability under 15 U.S.C. § 1125(a).

62. Defendants' false designation of origin has damaged Plaintiff WLSI in an amount to be determined at trial.

## COUNT VII

### (State Dilution, Mass. Gen. Laws Ch. 110B)

63. The allegations of paragraphs 1-62 are restated and re-alleged as though fully set forth herein.

64. By its above-described conduct, Defendants have engaged in trademark dilution and caused an injury and likely injury to Plaintiff's business reputation, all in violation of Massachusetts General Laws Chapter 110B, § 12.

65. Plaintiff WLSI has been damaged by said conduct in an amount to be determined at trial, and further entitled to injunctive relief therefor.

## COUNT VIII

### (Unfair Trade Practices, Mass. Gen. Laws Ch. 93A)

66. The allegations of paragraphs 1-65 are restated and re-alleged as though fully set forth herein.

67. Defendants are, and at all relevant times were, engaged in commerce.

68. The center of gravity of the Defendants' acts have been primarily and substantially in the Commonwealth of Massachusetts.

69. By its above-described conduct, Defendants engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws Ch. 93A § 11.

70. Defendants' unfair and deceptive trade practices impact the public interest by causing consumer confusion.

71. Defendants' unfair and deceptive trade practices have been willful and knowing. Defendants were on actual notice on November 5, 2004, but have continued with the infringing use.

72. Defendant REILLY filed an application for a confusingly similar trademark with the United States Patent and Trademark Office despite actual knowledge of Plaintiff WLSI's Mark and purposefully and intentionally included Plaintiff WLSI's Mark in the trademark application.

73. Defendants' conduct has damaged Plaintiff WLSI in an amount to be determined at trial.

## COUNT IX

### (Common Law Unfair Competition)

74. The allegations of paragraphs 1-73 are restated and re-alleged as though fully set forth herein.

75. By their above-described conduct, Defendants have engaged in unfair competition under the common law of Massachusetts.

76. Defendants' conduct has damaged Plaintiff WLSI in an amount to be determined at trial.

77. Defendants' infringing actions will continue unless enjoined by this Court.

78. Plaintiff WLSI has no adequate remedy at law and will suffer irreparable harm to its business, reputation, and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff WLSI requests that this Court:

A. Preliminarily and permanently enjoin Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using the mark WILDLIFE SOLUTIONS and/or MASSACHUSETTS WILDLIFE SOLUTIONS, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition, and unfair trade practices, with respect to Plaintiff WLSI's Mark WILDLIFE SOLUTION pursuant to 15 U.S.C. § 1125 or otherwise.

B.  Direct Defendants to pay Plaintiff its actual damages, any additional profits realized by Defendants, and the cost of this action pursuant to 15 U.S.C. §1117(a), Mass. Gen. Laws Ch. 93A §11 or otherwise.

C.  Enter judgment that Defendants' trademark infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful.

D.  Award Plaintiff WLSI its attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. §1117(a), Mass. Gen. Laws Ch. 93A §11 or otherwise.

E.  Award Plaintiff WLSI treble damages pursuant to 15 U.S.C. §1117(a), Mass. Gen. Laws Ch. 93A §11 or otherwise.

F.  Order Defendant WILDLIFE to transfer to Plaintiff WLSI the domain names Defendant may have registered in connection with the trademarks which are similar or the same as those owned by Plaintiff WLSI.

G.  Order Defendants to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Defendants' infringing rights.

H.  Order the recall, impounding, and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. §1118 or otherwise.

I.  Order Defendant REILLY to abandon the trademark application for MASSACHUSETTS WILDLIFE SOLUTIONS or assign it to Plaintiff WLSI.

J.  Award Plaintiff such further relief as this Court may deem just and necessary.

## JURY DEMAND

WLSI demands a trial by jury of all issues so triable.

        WILDLIFE SOLUTIONS, INC.

        By its attorneys,

|  |  |
|---|---|
| Dated: November 18, 2005 |   /s/ Adam J. Kessel<br>Michael A. Albert, BBO # 558566<br>malbert@wolfgreenfield.com<br>Adam J. Kessel, BBO # 661211<br>akessel@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>(617) 646.8000 Phone<br>(617) 646.8646 FAX<br><br>Of Counsel<br><br>Michael Leetzow, Esq. |