IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,
a Florida Corporation,
Plaintiff,

Civil Action No. 1:05-cv-10180- FDS

V.

THOMAS J. REILLY
And
WILDLIFE SOLUTIONS, INC.,
a Massachusetts Corporation,
Defendants.

**DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND**

Defendants THOMAS J. REILLY (REILLY), and WILDLIFE SOLUTIONS, INC.

(WILDLIFE), through their attorney, answer the Complaint as follows:

THE PARTIES

**Plaintiff's Allegation 1**.  Plaintiff Wildlife Solutions, Inc. (WLSI) is a Florida Corporation with

its principle place of business at 5544 Benchmark Lane, Suite 104, Orlando, Florida 32773.

Plaintiff WSLI provides services related to removing nuisance wildlife from structures and

surrounding areas. WLSI resolves conflicts that people have with wildlife, which includes

snakes, raccoons, skunks, opossums, rats, mice, bats, deer, birds, and squirrels. Defendant

provides services in Florida, Tennessee, and South Carolina.

**Defendants' Answer**: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 1.

**Plaintiff's Allegation 2**.  Upon information and belief, Defendant WILDLIFE is a Massachusetts Corporation with its principle [sic] place of business at 16 High Street, West Boylston, Massachusetts 01583-1518. Defendant also provides services related to the management of wildlife in Metrowest and Central Massachusetts communities.  WILDLIFE was formerly known as Problem Animal Control of Hudson.

**Defendants' Answer**: Defendants deny the presumptive effect of the word "also", and deny that WILDLIFE was formerly known as Problem Animal Control of Hudson.  Defendant WILDLIFE admits that it provides services relating to the management of wildlife in Metrowest and Central Massachusetts communities.

**Plaintiff's Allegation 3**. Upon information and belief, Defendant REILLY, an individual residing at 16 High Street, West Boylston, Massachusetts 01583-1518, owns and operates Defendant WILDLIFE. Defendant Reilly also filed a trademark application for the mark MASSACHUSETTS WILDLIFE SOLUTIONS in the United States Patent and Trademark Office.  Defendant REILLY was the owner and operator of PAC of Hudson (Problem Animal Control of Hudson), the predecessor to Defendant WILDLIFE.

**Defendants' Answer**: Defendants' deny that Thomas Reilly filed a trademark application for the mark MASSACHUSETTS WILDLIFE SOLUTIONS in his personal capacity, but otherwise

admit Plaintiffs Allegation 3.

## JURISDICTION AND VENUE

Plaintiff's Allegation 4. This is an action for trademark infringement and false designation of origin arising under the Lanham Act, 15 U.S.C. §§1051, et seq., for cyber-squatting arising under the Anti-Cybersquatting Protection Act of 1999, 15 U.S.C. § 1125(d); and unfair trade practices, unfair competition, and trademark dilution under state law. This Court has jurisdiction pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1131, 1338 and 1367.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiffs Allegation 4.

Plaintiff's Allegation 5. This Court has personal jurisdiction over the Defendants. The Defendants reside and do business in this judicial district. The services provided by Defendants using the infringing mark are currently advertised in Massachusetts and on a website that can be reached from Massachusetts. Venue is proper in this judicial district under 28 U.S.C. § 1391.

Defendants' Answer: Defendants deny the presumptive effect of the word "infringing", and deny that the defendant REILLY personally uses any mark, provides any services, or advertises services on any website.  Otherwise, Defendants admit Plaintiff's Allegation 5.

## PLAINTIFF'S MARKS

Plaintiff's Allegation 6. Plaintiff WLSI has provided services related to removing nuisance wildlife from structures and surrounding areas under the name WILDLIFE SOLUTIONS since

1997. WLSI resolves conflicts that people have with wildlife, which includes snakes, raccoons, skunks, opossums, rats, mice, bats, deer, birds, and squirrels. Plaintiff provides these services in Florida, Tennessee, and South Carolina.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 6.

Plaintiff's Allegation 7. Plaintiff owns a federally registered trademark, Registration No. 2,383,071 for WILDLIFE SOLUTIONS ("the Mark"). A printout from the United States Patent and Trademark Office website reflecting this registration is attached as Exhibit A.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 7.

Plaintiff's Allegation 8. The Registration is valid and in full force and effect. It serves as prima facie evidence of (1) the validity of the Mark, and (2) Plaintiffs exclusive right to use the Mark in connection with its goods and services.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 8.

Plaintiff's Allegation 9. In addition to its federal trademark registration, Plaintiff WLSI has acquired common law trademark rights in the Mark WILDLIFE SOLUTIONS for removal,

relocation and prevention of nuisance animals.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 9.

Plaintiff's Allegation 10. Plaintiff WLSI's use of the Mark WILDLIFE SOLUTIONS has been continuous and substantial since 1997. All of Plaintiff WLSI's business is done under or in connection with this Mark.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 10.

Plaintiff's Allegation 11. Plaintiff WLSI has invested heavily in promoting the Mark and developing goodwill associated with the Mark. In 2003 and 2004, Plaintiff spent at least $245,000 and $345,000, respectively, on advertising that prominently included the Mark. Plaintiff WSLI will spend in excess of $400,000 in advertising that includes the Mark in 2005. Plaintiff advertises in numerous publications, at trade shows, the yellow pages, and by way of other advertising media. The Mark is also prominently featured on Plaintiff WLSI's web site, www.wildlifesolutions.com.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 11.

<u>Plaintiff's Allegation 12</u>. Plaintiff WSLI is the owner of the following internet domain names: <wildlifesolutions.com>; <wildlifesolutions.net>; and <wildlifesolutions.org>.

<u>Defendants' Answer</u>: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 12.

<u>Plaintiff's Allegation 13</u>. Plaintiff WLSI's services, and the Mark itself, enjoy an excellent reputation. The Mark now designates excellent wildlife services and has gained great value in the marketplace. Plaintiff's extensive use and promotion of the Mark has made the Mark well known, identifying and distinguishing goods and services emanating from, symbolizing, or authorized by Plaintiff.

<u>Defendants' Answer</u>: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 13.

<u>Plaintiff's Allegation 14</u>. The Defendants have not and have never been authorized by Plaintiff WSLI, and are not and have never been entitled, to use the Mark in connection with any business or service.

<u>Defendants' Answer</u>: Defendants admit that they have not and have never been authorized by Plaintiff WSLI to use the mark. Defendants deny that they are not and have never been entitled to use the Mark in connection with any business or service, or that they ever needed to be authorized by Plaintiff to use the mark.

<u>DEFENDANTS' UNAUTHORIZED USE OF THE MARK</u>

<u>Plaintiff's Allegation 15</u>. Upon information and belief, Defendant REILLY incorporated Defendant WILDLIFE on April 25, 2003 for services related to relocating wildlife. Defendant WILDLIFE currently uses the name Wildlife Solutions, Inc. on its web site (www.pacofhudson.com) to advertise its services.

<u>Defendants' Answer</u>: Defendants admit Plaintiff's Allegation 15.

<u>Plaintiff's Allegation 16</u>. Defendant WILDLIFE has also registered the domain name <wildlifesolutions.biz>. Upon information and belief, this domain name is to be used to promote defendant's business in the future. Defendant REILLY is listed as the administrative contact for the web site domain.

<u>Defendants' Answer</u>: Defendants admit Plaintiff's Allegation 16.

<u>Plaintiff's Allegation 17</u>. Defendant WILDLIFE is also listed as "Wildlife Solutions, Inc." on a number of other web sites, including www.mapac.org (an industry-related website) and www.mass.gov/dfwele/dfw/dfw_pac.htm (a listing of PAC Agents on the Massachusetts Division of Fisheries and Wildlife website).

<u>Defendants' Answer</u>: Defendants admit Plaintiff's Allegation 17.

<u>Plaintiff's Allegation 18</u>. In August 2004, Plaintiff learned of Defendants' use of the mark when it received an email from a third party inquiring about the affiliation of the Defendant WILDLIFE to the Plaintiff WLSI's business. This inquiry provides evidence of actual confusion.

<u>Defendants' Answer</u>: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 18.

<u>Plaintiff's Allegation 19</u>. After investigation of Defendants' use of the name and Mark, Defendants were advised by correspondence on November 2, 2004 of the existence of Plaintiff WLSI's registered Mark and that it must cease and desist using the Mark. Defendants failed to respond in any way to the letter itself or to the demands in the letter. In a follow-up telephone call on November 16, 2004, Defendants indicated that money had been spent in changing the name in April 2003 (from PAC of Hudson to Wildlife Solutions, Inc.) and requested a license under the Mark.

<u>Defendants' Answer</u>: Denied.   In further Answering, the Defendant admits that it received correspondence relating to Plaintiff's Mark on or about November 2, 2004, and that defendant Thomas Reilly spoke with a representative of WLSI by telephone on or about November 16, 2004.

<u>Plaintiff's Allegation 20</u>.  In correspondence on November 17, 2004, Plaintiff WLSI denied Defendants a license and again requested that the Defendants cease and desist use of the Mark

and to assign the domain name www.wildlifesoiutions.biz to Plaintiff.

Defendants' Answer: Defendants admit Plaintiff's Allegation 20.

Plaintiff's Allegation 21. Defendants again failed to respond to Plaintiff WLSI's November 17, 2004, demands.

Defendants' Answer: Defendants deny Plaintiffs Allegation 21.

Plaintiff's Allegation 22. On November 17, 2004, Defendant REILLY filed a trademark application for the mark "MASSACHUSETTS WILDLIFE SOLUTIONS" in the United States Trademark Office despite knowing about Plaintiff's registered Mark. Defendant REILLY's trademark application is still pending at the Trademark Office.

Defendants' Answer: Denied.  In further answering, defendants admit that Thomas Reilly, in his capacity as President of Wildlife Solutions, Inc., filed a trademark application on or about November 17, 2004 on behalf of Wildlife Solutions for the mark MASSACHUSETTS WILDLIFE SOLUTIONS, and that such application was still pending at the time of the Complaint.

Plaintiff's Allegation 23. Plaintiff sent another letter to Defendants on December 10, 2004, which was refused by Defendants, requesting that they cease and desist and offering Defendants time to change the name.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiff's Allegation 23.

Plaintiff's Allegation 24. Defendants continue to use Plaintiff's Mark despite several letters and telephone calls requesting Defendants to cease and desist. Defendants are therefore actively engaged in the unlawful, willful and malicious use of the Mark.

Defendants' Answer: Defendants deny Plaintiff's Allegation 24.

Plaintiff's Allegation 25. Defendants have unlawfully and willfully and maliciously used the Marks to the economic detriment of Plaintiff, including the misrepresentation of the source of the goods and services offered under the Mark, and the dilution of the Mark.

Defendants' Answer: Defendants deny Plaintiff's Allegation 25.

Plaintiff's Allegation 26. Defendants, despite being placed repeatedly on notice of its violation of Plaintiff WSLI's rights, continue to offer services under the name "Wildlife Solutions."

Defendants' Answer: Defendants deny Plaintiff's allegation that WILDLIFE'S use of the mark "Wildlife Solutions" violated or violates Plaintiff's rights.  Defendants deny that defendant REILLY has now or ever has offered services under the name "Wildlife Solutions."  Otherwise, Defendants admit Plaintiff's Allegation 26.

<u>COUNT I</u>

<u>(Trademark Infringement under 15 U.S.C. § 1125(a) and Common Law Relating to</u>

<u>Defendants' Use of the Mark WILDLIFE SOLUTIONS)</u>

<u>Plaintiff's Allegation 27</u>. The allegations of paragraphs 1-26 are restated and re-alleged as

though fully set forth herein.


<u>Defendants' Answer</u>: See Answers above.


<u>Plaintiff's Allegation 28</u>. Plaintiff WSLI is the rightful owner of the Mark WILDLIFE

SOLUTIONS.


<u>Defendants' Answer</u>: Defendants deny Plaintiff's Allegation 28.


<u>Plaintiff's Allegation 29</u>. In addition to its rights in WILDLIFE SOLUTIONS at common law,

Plaintiff WSLI is the owner of U.S. Federal Registration No. 2,383,071.


<u>Defendants' Answer</u>: Defendants are without knowledge or information sufficient to admit or

deny Plaintiff's Allegation 29.


<u>Plaintiff's Allegation 30</u>. Without authorization from Plaintiff WLSI, Defendants have used and

continue to use the mark WILDLIFE SOLUTIONS in connection with wildlife removal services

that are the same as or related to those provided by Plaintiff WLSI.

Defendants' Answer: Denied that defendant REILLY is now or ever has used the mark WILDLIFE SOLUTIONS. Defendants are without knowledge or information sufficient to admit or deny the remainder of Plaintiff's Allegation 30.

Plaintiff's Allegation 31. Defendants past, present, and ongoing actions constitute trademark infringement of Plaintiff WSLI's WILDLIFE SOLUTIONS Mark by using a mark that is likely to confuse, mistake, and/or deception [sic] as to source, sponsorship, or affiliation, subjecting Defendants to liability under 15 U.S.C. § 1125 and the common law of Massachusetts.

Defendants' Answer: Defendants deny Plaintiff's Allegation 31.

Plaintiff's Allegation 32. Defendants' infringing actions have damaged Plaintiff WSLI in an amount to be determined at trial.

Defendants' Answer: Defendants deny Plaintiff's Allegation 32.

Plaintiff's Allegation 33. Defendants' infringing actions will continue unless enjoined by this Court.

Defendants' Answer: Defendants deny Plaintiff's Allegation 33.

Plaintiff's Allegation 34. Plaintiff WLSI has no adequate remedy at law and will suffer

irreparable harm to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

Defendants' Answer: Defendants deny Plaintiff's Allegation 34.

## COUNT II

### (Counterfeiting Under 15 U.S.C. § 1116(d))

Plaintiff's Allegation 35. The allegations of paragraphs 1-34 are restated and re-alleged as though fully set forth herein.

Defendants' Answer: See Answers above.

Plaintiff's Allegation 36. The use of Plaintiff WSLI's mark by Defendants in connection with Defendants' business constitutes counterfeit use of Plaintiff WSLI's WILDLIFE SOLUTIONS Mark under 15 U.S.C. § 1116(d).

Defendants' Answer: Defendants deny Plaintiff's Allegation 36.

Plaintiff's Allegation 37. Defendants' counterfeiting has damaged Plaintiff WSLI.

Defendants' Answer: Defendants deny Plaintiff's Allegation 37.

## COUNT III

### (False Designation of Origin under 15 U.S.C. § 1125(a))

<u>Plaintiff's Allegation 38</u>. The allegations of paragraphs 1-37 are restated and re-alleged as though fully set forth herein.

<u>Defendants' Answer</u>: See Answers above.

<u>Plaintiff's Allegation 39</u>. The use of WILDLIFE SOLUTIONS by Defendants to sell goods and services constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendants are associated with or sponsored by Plaintiff WLSI.

<u>Defendants' Answer</u>: Defendants deny Plaintiff's Allegation 39.

<u>Plaintiff's Allegation 40</u>. Defendants' unauthorized use of the mark WILDLIFE SOLUTIONS has a substantial effect on interstate commerce.

<u>Defendants' Answer</u>: Defendants deny Plaintiff's Allegation 40.

<u>Plaintiff's Allegation 41</u>. Defendants' false designation of origin have been made in connection with goods and services from which they make a profit.

<u>Defendants' Answer</u>: Defendants deny Plaintiff's Allegation 41.

<u>Plaintiff's Allegation 42</u>. Defendants' false designation of origin are likely to cause

confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff

WLSI of the services provided by Defendants under the infringing mark, subjecting

Defendants to liability under 15 U.S.C. § 1125(a).

Defendants' Answer: Defendants deny Plaintiff's Allegation 42.

Plaintiff's Allegation 43. Defendants' false designation of origin has damaged Plaintiff WSLI in

an amount to be determined at trial.

Defendants' Answer: Defendants deny Plaintiff's Allegation 43.

<u>COUNT IV</u>

<u>(Trademark Infringement under the Anti-Cybersquatting Protection Act, 15</u>

<u>U.S.C. § 1125(d))</u>

Plaintiff's Allegation 44. The allegations of paragraphs 1-43 are restated and re-alleged as

though fully set forth herein.

Defendants' Answer: See Answers above.

Plaintiff's Allegation 45. Plaintiff WLSI's [sic] Mark WILDLIFE SOLUTIONS is a strong,

distinctive mark that has acquired substantial secondary meaning.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or

deny Plaintiff's Allegation 45.

Plaintiffs Allegation 46. W1LDLIFESOLUTIONS.BIZ incorporates and is confusingly similar to Plaintiff WSLI's Mark WILDLIFESOLUTIONS.

Defendants' Answer: Defendants are without knowledge or information sufficient to admit or deny Plaintiffs Allegation 46.

Plaintiffs Allegation 47. Defendants, for their own commercial gain, registered a web site domain name that incorporated Plaintiff WSLI's Mark to eventually divert Internet users in search of Plaintiffs website.

Defendants' Answer: Defendants deny Plaintiff's Allegation 47.

Plaintiff's Allegation 48. On information and belief, Defendants registered <wildlifesolutions.biz> with a bad-faith intent to profit from Plaintiff WLSI's Mark.

Defendants' Answer: Defendants deny Plaintiff's Allegation 48.

COUNT V

(Trademark Infringement under 15 U.S.C. § 1125(a) and Common Law Relating to Defendants'

Use of the Mark MASSACHUSETTS WILDLIFE SOLUTIONS)

Plaintiff's Allegation 49. The allegations of paragraphs 1-48 are restated and re-alleged as though fully set forth herein.

<u>Defendants' Answer</u>: See Answers above.

<u>Plaintiff's Allegation 50</u>. Plaintiff WLSI is the rightful owner of the Mark WILDLIFE SOLUTIONS.

<u>Defendants' Answer</u>: Defendants deny Plaintiffs Allegation 50.

<u>Plaintiff's Allegation 51</u>. In addition to is [sic] rights in WILDLIFE SOLUTIONS at common law, Plaintiff WLSI is the owner of U.S. Federal Registration No. 2,383,071.

<u>Defendants' Answer</u>: Defendants deny Plaintiff's Allegation 51.

<u>Plaintiff's Allegation 52</u>. Without authorization from Plaintiff WLSI, Defendants have used and continue to use the mark MASSACHUSETTS WILDLIFE SOLUTIONS in connection with wildlife removal services that are the same as or related to those provided by Plaintiff WLSI.

<u>Defendants' Answer</u>: Defendants deny Plaintiff's Allegation 52.

<u>Plaintiff's Allegation 53</u>. Defendants' past, present and ongoing actions constitute trademark infringement of Plaintiff WLSI's WILDLIFE SOLUTIONS Mark by using a mark that is likely to confuse, mistake, and/or deception as to source, sponsorship, or affiliation, subjecting Defendants to liability under 15 U.S.C. §1125 and the common law of Massachusetts.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's Allegation 53.

<u>Plaintiff's Allegation 54</u>. Defendants' infringing actions have damaged Plaintiffs WLSI in an amount to be determined at trial.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's Allegation 54.

<u>Plaintiff's Allegation 55</u>.  Defendants' infringing actions will continue unless enjoined by this Court.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's Allegation 55.

<u>Plaintiff's Allegation 56</u>.  Plaintiff WLSI has no adequate remedy at law and will suffer irreparable harm to its business, reputation and goodwill unless Defendants' unlawful conduct is enjoined by this court.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's Allegation 56.

<u>COUNT VI</u>

<u>(False Designation of Origin under 15 U.S.C. § 1125(a))</u>

<u>Plaintiff's Allegation 57</u>.  The allegations of paragraph 1-56 are restated and re-alleged as though fully set forth herein.

Defendants' Answer:  See Answers Above.


Plaintiff's Allegation 58. The use of MASSACHUSETTS WILDLIFE SOLUTIONS by Defendants to sell goods and services constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendants are associated with or sponsored by Plaintiff WLSI.


 Defendants' Answer:  Defendants deny Plaintiff's Allegation 58.


Plaintiff's Allegation 59.  Defendants' unauthorized use of the mark MASSACHUSETTS WILDLIFE SOLUTIONS has substantial effect on interstate commerce.


Defendants' Answer:  Defendants deny Plaintiff's Allegation 59.


Plaintiff's Allegation 60. Defendants' false designation of origin have been made in connection with goods and services from which they made a profit.


Defendants' Answer:  Defendants deny Plaintiff's Allegation 60.


Plaintiff's Allegation 61.   Defendants' false designation of origin are likely to cause confusion, mistake or deception as to origin, sponsorship, or approval by Plaintiff WLSI of the services provided by Defendants under the infringing mark, subjecting Defendants to liability under 15 U.S.C. § 1125(a).

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's Allegation 61.


<u>Plaintiff's Allegation 62</u>.  Defendants' false designation of origin has damaged Plaintiff WLSI in

an amount to be determined at trial.


<u>Defendants' Answer</u>:  Defendants deny Plaintiff's Allegation 62.

<u>COUNT VII</u>

<u>(State Dilution, Mass. Gen. Laws Ch.110B)</u>

<u>Plaintiff's Allegation 63</u>. The allegations of paragraphs 1-62 are restated and re-alleged as

though fully set forth herein.


<u>Defendants' Answer</u>:   See Answers Above.


<u>Plaintiff's Allegation 64</u>.  By its above-described conduct, Defendants engaged in trademark

dilution and caused an injury and likely injury to Plaintiff's business, reputation,  all in violation

of Massachusetts General Laws Chapter 110B, § 12.


<u>Defendants' Answer</u>:   Defendants deny Plaintiff's allegation 64.


<u>Plaintiff's Allegation 65</u>.  Plaintiff WLSI has been damaged by said conduct in an amount to be

determined at trial, and further entitled to injunctive relief therefore.

- 20 -

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's allegation 65.


<u>COUNT VIII</u>

<u>(Unfair Trade Practices, Mass. Gen. Laws Ch. 93A)</u>

<u>Plaintiff's Allegation 66</u>.  The allegations of paragraphs 1-65 are restated and re-alleged as though fully set forth herein.


<u>Defendants' Answer</u>:  See Answers Above.


<u>Plaintiff's Allegation 67</u>. Defendants are, and at all relevant times were, engaged in commerce.


<u>Defendant's Answer</u>:  Denied.  In further answering, the defendant WILDLIFE SOLUTIONS admits that it was, at all relevant times, engaged in commerce.


<u>Plaintiff's Allegation 68</u>.  The center of gravity of the Defendants' acts have been primarily and substantially in the Commonwealth of Massachusetts.


<u>Defendants' Answer</u>: Defendants admit Plaintiffs Allegation 68.


<u>Plaintiff's Allegation 69</u>. By its above-described conduct, Defendants engaged in unfair or deceptive trade practices in violation of Mass, Gen. Laws Ch. 93A § 11.


<u>Defendants' Answer</u>:  Defendants deny Plaintiff's allegation 69.

<u>Plaintiff's Allegation 70</u>. Defendants' unfair and deceptive trade practices impact the public interest by causing consumer confusion.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's allegation 70.

<u>Plaintiff's Allegation 71</u>. Defendants' unfair and deceptive trade practices have been willful and knowing. Defendants were on actual notice on November 5, 2004, but have continued with the infringing use.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's allegation 71.

<u>Plaintiff's Allegation 72</u>.  Defendant REILLY filed an application for a confusingly similar trademark with the United States Patent and Trademark Office despite actual knowledge of Plaintiff WLSI's Mark and purposefully and intentionally included Plaintiff' WLSI's Mark in the trademark application.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's allegation 72.

<u>Plaintiff's Allegation 73</u>. Defendants' conduct has damaged Plaintiff WLSI in an amount to be determined at trial.

<u>Defendants' Answer</u>:  Defendants deny Plaintiff's allegation 73.

Count IX

(Common Law Unfair Competition)

Plaintiff's Allegation 74.  The allegations of paragraphs 1-73 are restated and re-alleged as though fully set forth herein.


Defendants' Answer: See Answers above.


Plaintiff's Allegation 75. By their above-described conduct, Defendants have engaged in unfair competition under the common law of Massachusetts.


Defendants' Answer: Defendants deny Plaintiffs Allegation 75.


Plaintiff's Allegation 76.  Defendants' conduct has damaged Plaintiff WSLI in an amount to be determined at trial.


Defendants' Answer: Defendants deny Plaintiffs Allegation 76.


Plaintiff's Allegation 77. Defendants' infringing actions will continue unless enjoined by this Court.


Defendants' Answer: Defendants deny Plaintiffs Allegation 77.

<u>Plaintiff's Allegation 78</u>. Plaintiff WSLI has no adequate remedy at law and will suffer irreparable harm to its business, reputation, and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

<u>Defendants' Answer</u>: Defendants deny Plaintiff s Allegation 78.

<u>AFFIRMATIVE DEFENSES</u>

<u>Defendants' Affirmative Defense 1</u>. The words "Wildlife Solutions" are merely descriptive of the services provided by Defendants, and allegedly provided by Plaintiff

<u>Defendants' Affirmative Defense 2</u>. The words "Wildlife Solutions" are not distinctive and not capable of acting as a trademark or service mark.

<u>Defendants' Affirmative Defense 3</u>. On information and belief, Plaintiff is not conducting business in Massachusetts.

<u>Defendants' Affirmative Defense 4</u>. On information and belief, Plaintiff is not in actual competition with Defendants.

<u>Defendants' Affirmative Defense 5</u>. On information and belief, Defendants are not in actual competition with Plaintiff

<u>Defendants' Affirmative Defense 6</u>. On information and belief, Plaintiff was not operating in

- 24 -

interstate commerce at the time its federal application was filed.

Defendants' Affirmative Defense 7.  The defendant REILLY does not now, nor has he ever personally used the Mark WILDLIFE SOLUTIONS.

Defendants' Affirmative Defense 8.  The defendant REILLY does not now, nor has he ever personally used the Mark MASSACHUSETTS WILDLIFE SOLUTIONS.

Defendants' Affirmative Defense 9.  All actions taken by the defendant REILLY relative to the mark WILDLIFE SOLUTIONS were done in his capacity as an officer of the Massachusetts corporation WILDLIFE SOLUTIONS, INC.

Defendants' Affirmative Defense 10.  All actions taken by the defendant REILLY relative to the mark MASSACHUSETTS WILDLIFE SOLUTIONS were done in his capacity as an officer fo the Massachusetts corporation WILDLIFE SOLUTIONS, INC.

Defendants' Affirmative Defense 11.  Defendant REILLY relied upon the advice of counsel in incorporating the defendant WILDLIFE SOLUTIONS, INC.

WHEREFORE, Defendants request that the Plaintiff's complaint be dismissed with prejudice, that costs including reasonable attorneys' fees be granted to Defendants, and that this Court award Defendants such further relief as this Court may deem just and necessary under the circumstances.

<u>JURY DEMAND</u>

Defendants demand a trial by jury of all issues so triable.


                                    WILDLIFE SOLUTIONS. INC.
                                      and
                                    THOMAS J. REILLY
                                    By their attorney:

Dated: November 30, 2005

                                          /s/ RICHARD J. FARRELL
                                    RICHARD J. FARRELL
                                    MA BBO# 638017
                                    197M Boston Post Road West #177
                                    Marlborough, Massachusetts 01752
                                    (508) 358.5411 Phone
                                    (508) 358.7787 FAX