# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILDLIFE SOLUTIONS, INC., a Florida Corporation, Plaintiff | ) ) ) ) ) |  |
| v. | ) ) ) | Civil Action 1:05-CV-10180-FDS |
| THOMAS REILLY AND WILDLIFE SOLUTIONS, INC., a Massachusetts Corporation Defendant | ) ) ) ) ) ) ) |  |

## OPPOSITION OF THOMAS J. FRAIN TO PLAINTIFF'S MOTION TO COMPEL THOMAS J. FRAIN TO COMPLY WITH SUBPOENA DUCES TECUM

NOW COMES Thomas J. Frain, Esq. (hereinafter sometimes referred to as "Attorney Frain") and files this opposition to Plaintiff Wildlife Solutions, Inc., a Florida Corporation's (hereinafter sometimes referred to as "Wildlife Florida") motion to comply with a subpoena duces tecum on the grounds that Attorney Frain, one time counsel to Defendants Thomas J. Reilly (hereinafter sometimes referred to as "Reilly") and Wildlife Solutions, Inc., a Massachusetts Corporation (hereinafter sometimes referred to as "Wildlife Massachusetts") has not received an unequivocal waiver of the attorney-client privilege by the Defendants. As such, Attorney Frain believes that he is bound by Rule 1.6 of the Massachusetts Rules of Professional Responsibility, barring him from divulging any substantive information regarding his representation of Reilly and/or Wildlife Massachusetts absent an express waiver of the privilege or a valid court order.

## BACKGROUND

Attorney Frain first became aware of the above captioned matter by a letter from the Defendants' counsel, Richard J. Farrell, Esq. (hereinafter sometimes referred to as "Attorney Farrell") dated November 10, 2005 (attached hereto as Exhibit "A").[1]  In the letter from Attorney Farrell, the Defendant requested a copy of the complete file held by Attorney Frain on Reilly and Wildlife Massachusetts. On November 11, 2005, Attorney Frain sent a response to Attorney Farrell (attached hereto as Exhibit "B").  In the response Attorney Frain declined to provide a copy of the file to Attorney Farrell, citing attorney-client privilege.  Attorney Farrell was invited to have Reilly sign a waiver of the attorney-client privilege (see Exhibit "B").  That waiver has never been executed.

Shortly after the November 11, 2005 correspondence to Attorney Farrell, Reilly contacted Attorney Frain's office and requested a copy of his file (see Affidavit of Nicole Chase attached hereto as Exhibit "C"). Reilly, when he came into the office following that phone call, received a copy of his file, less notes containing Attorney Frain's mental impressions. Exhibit "C". At no time did Reilly indicate the attorney-client privilege had been waived.

Attorney Frain was served with a subpoena duces tecum on November 21, 2005 from Plaintiff (attached hereto as Exhibit "D").  On November 23, 2005, Attorney Frain contacted Attorney Farrell and notified him and his clients of the subpoena (see Exhibit "E" attached hereto).  As Reilly and Wildlife Massachusetts were represented by Attorney Farrell, Attorney Frain forwarded a waiver of attorney-client privilege and requested Reilly sign the waiver (see

---

[1] While Attorney Frain proffers no opinion on the validity of the matter at bar, he does dispute the assertion of the Plaintiff that the conversations between his office and Attorney Farrell constitute a waiver of the attorney client privilege. All conversations between Defendants' counsel and counsel for the non-party deponent were limited solely to issues concerning the execution of a waiver of the attorney-client privilege.

2

Exhibit "E"). If Reilly wished to maintain the privilege, Attorney Frain requested Attorney Farrell notify him of anything Attorney Frain would need to do to assist.

Later on November 23, 2005, counsel for the Defendants and the non-party deponent discussed, via the telephone, the subpoena duces tecum. Reilly's counsel indicated he would contact the Defendants to determine what position would be taken regarding the request. When nothing was heard by December 2, 2005, Attorney Frain sent follow up correspondence to Reilly's counsel to determine what position would be taken regarding the subpoena (see Exhibit "F" attached hereto). A subsequent telephone conversation that afternoon between counsel resulted in Attorney Farrell indicating that some modifications to the waiver were necessary and he would follow up.

As no waiver of privilege had been given to Attorney Frain, and none would be available at 10:00 A.M. on December 5, 2005, the deadline set in the subpoena duces tecum for the documents to be handed over to the Plaintiff, counsel for Attorney Frain notified counsel for Wildlife Florida that Attorney Frain could not comply with the subpoena duces tecum because Defendants had not waived attorney-client privilege (see Exhibit "G" attached hereto).

Between December 2, 2005 and December 15, 2005 counsel for Reilly and Attorney Frain held discussions regarding the waiver. On December 15, 2005, Reilly appeared at Attorney Frain's office with a document purporting to be a waiver of privilege (see Exhibit "C"). Reilly signed the waiver of privilege (attached hereto as Exhibit "H"). Said waiver authorized Attorney Frain to release only those documents given to Reilly. However, as he signed the waiver Reilly orally modified the terms of the waiver, limiting the disclosure to the Corporate Minute Book and the Articles of Organization. Attorney Frain notified Attorney Farrell regarding the verbal alteration and clarification was requested (see Exhibit "I" attached hereto).

3

To date no clarification has been forthcoming and Attorney Frain is not sure what Reilly intended when he signed the waiver.

## **ARGUMENT**

As a preliminary matter, Attorney Frain has no reason, information or belief to question the veracity of the Exhibits attached to Wildlife Florida's motion. He would only note a discrepancy between alleged assertions in those documents suggesting the attorney-client privilege had been waived by the actions of the Defendant and/or their counsel and the representations made to Attorney Frain by Reilly and Wildlife Massachusetts' counsel suggesting the privilege was still in effect has caused this matter to be brought before this Honorable Court.[2]

### *A. The Attorney-Client Privilege is in the Possession of the Client*

The attorney client privilege arises from the creation of the attorney-client privilege. Federal Deposit Ins. Corp. v. Ogden Corp., 202 F.3d 454, 461 (1st Cir. 2000). The attorney-client relationship occurs "when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance...." DeVaux v. American Home Assurance Co., 387 Mass. 814, 818, 444 N.E.2d 355, 357 (1983). The privilege protects communication between counsel and client regarding legal advice sought or received by the client. United States v. Bollin, 264 F.3d 391, 412 (4th Cir. 2003), United States v. Mass. Institute of Technology, 129 F.3d 681, 684 (1st Cir. 1997), See

---

[2] It also appears Wildlife Florida did not attempt to resolve this matter with the non-party deponent as set forth in L.R. 7.1(a)(2). However, as Attorney Frain does not control the assertion of the privilege he acknowledges the result would be the same even if counsel for Wildlife Florida had conferred with Attorney Frain's counsel.

<u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389-90; 101 S.Ct. 677, 682-683, 66 L.Ed.2d 584 (1981). The attorney-client privilege rests with the clients not the attorney. <u>United States v. Kingston</u>, 971 F.2d 481, 490 (10th Cir. 1992), <u>Mass. Inst. of Tech.</u>, 129 F.3d at 685 ("But MIT, like any client continues to control both the nature of its communications with counsel and the ultimate decision whether to disclose such communications to third parties."). It is the client who determines whether the privilege is to be waived. <u>Id</u>. at 684, quoting 8 J. Wigmore, Evidence §2292, at 554 (McNaughton rev.1961), <u>see also</u> <u>Massachusetts Eye and Ear Inf. v. Qlt. Photother</u>, 167 F. Supp.2d 108, 117 (Mass. 2001)

In the matter at bar Reilly has not communicated a clear waiver of the privilege to Attorney Frain. While Attorney Frain is aware of representation in the Plaintiff's motion by counsel for the parties that the privilege has been waived, it has not been communicated to Attorney Frain. The only expression of a waiver was the document signed by Reilly on December 15, 2005. However, that waiver was orally modified by Reilly at the time he signed the document, further limiting the disclosure and no clarification has been forthcoming as to what Reilly intended. Absent clear notification of a waiver Attorney Frain simply cannot comply with the subpoena duces tecum.

## B.  *Attorney Frain Must Comply with the Massachusetts Rules of Professional Responsibility*

### 1.  Document Sought are Protected by Attorney-Client Privilege

Rule 26(b)(1) of the Federal Rules of Civil Proceudre states, in part, "Parties may obtain discovery regarding any matter, *not privileged*, that is relevant to the claim or defense of any party..." (emphasis added). As state above, Attorney Frain has not received any clear waiver of the attorney-client privilege and it is the Defendants, and not Attorney Frain, who must bear any

burden regarding the enforcement of the attorney-client privilege. <u>Ogden</u>, 202 F.3d at 460; <u>Mass. Eye and Ear</u>, 167 F.Supp.2d at 115; <u>see also</u> <u>State of Maine v. Department of Interior</u>, 298 F.3d 60, 67 (1st Cir. 2002).

The cases cited by Wildlife Florida in its motion support this contention. In <u>Weil v. Investment/Indicators Research and Management, Inc.</u>, (647 F.2d 18 (9th Cir. 1981)), the question before the court was whether the Defendant had waived its attorney-client privilege by disclosing certain documents. <u>Weil</u> 647 F.2d at 23. It was the Defendant in the <u>Weil</u> matter that was accused of waiving the privilege. Its outside counsel was not being accused of the breaching of the privilege. Indeed, in the cases cited by both the Plaintiff and Attorney Frain, <u>supra</u>, the question before the court was whether the actions of a party had waived the privilege, not the actions of third party counsel. In the matter at bar, Defendants Reilly and Wildlife Massachusetts hold the privilege regarding the communications between them and their prior counsel. The Defendants have "the ultimate decision whether to disclose such communications to third parties." <u>Mass. Inst. of Tech.</u>, 129 F.3d at 685 .

C. *Attorney Frain Must Abide by the Massachusetts Rules of Professional Responsibility*

Absent the clear waiver of the attorney-client privilege Attorney Frain is bound by Rule 1.6 of the Massachusetts Rules of Professional Responsibility. The rule state, in relevant part:

> (a) A lawyer shall not reveal confidential information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as state in paragraph (b).
> (b) A lawyer may reveal, and to the extent required by Rule 33, Rule 4.1(b), or Rule 8.3 must reveal such information...
> (c) When permitted under these Rules or required by law or court order.

As shown in Mass. R. Prof. Rep. 1.6, Attorney Frain is prohibited from making the disclosures sought by the Plaintiff absent consent of the client or by court order. Comment 16 to the Rule makes it clear the privilege remains even after the representation ends. If an attorney is called upon to give evidence on a former client, absent a clear waiver, Rule 1.6 requires him to invoke the privilege. Comment 20.

The invocation of the privilege is applicable in the matter as Attorney Frain has not been presented with a clear waiver. While it is true Reilly signed a limited waiver, he modified it orally when he presented it to Attorney Frain. With no clear indication of the Defendants' intent Attorney Frain must, out of an abundance of caution, continue to proceed as if the attorney-client privilege was in full force and effect.

D. *The Question of Whether Privilege is in Effect Rests With Defendants and the Court*

If the Defendants do not clarify their position as to the status of the attorney-client privilege then it is up to this Honorable Court to determine the status of the privilege. This court has jurisdiction to make such a determination. See e.g. Weil, 647 F.2d at 24; Hansen v. Allen Memorial Hospital, 895 F. Supp. 88, 92 (E.D. PA 1995); see also Fed. R. Evid. 501. Comment 20 to Mass. R. Prof. Res. 1.6 clearly envision this possibility by stating, "The lawyer must comply with the final order of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client." Thus in the absence of a clear waiver of the attorney-client privilege by the Defendants, Attorney Frain would be obligated to fulfill the subpoena requirements only if ordered to do so by this Honorable Court. But until either an unequivocal waiver is executed by Reilly and Wildlife Massachusetts or by an order of this Honorable Court, Attorney Frain must decline to turn over any documents in his possession relating to his representation of the Defendants.

## CONCLUSION

Attorney Frain is bound by Mass. R. Prof. Res. 1.6 and cannot disclose any evidence regarding his representation of Reilly and Wildlife Massachusetts unless he is authorized to do so. The privilege rests with the Defendants who have not made their intentions clear. Absent this waiver of privilege only this Honorable Court can determine whether the privilege has been waived by the acts of the Defendants. For these reasons Attorney Frain respectfully opposes the Plaintiff's motion to comply with the subpoena duces tecum.

Respectfully submitted,
Thomas J. Frain, Esq.,
by his attorney,

Walter J. Hayes, Jr., Esq.
563 Main Street
Bolton, Massachusetts  01740
(978) 779-0749
BBO# 641507

Date: January 6, 2006

## CERTIFICATE OF SERVICE

I, Walter J. Hayes, Jr., Esq., hereby certify that a true copy of the above document, <u>Opposition of Thomas J. Frain to Plaintiff's Motion to Compel Thomas J. Frain to Comply with Subpoena Duces Tecum</u> with attached exhibits, was served upon Adam J. Kessel, Esq., Wolf, Greenfield & Sacks, P.C., Attorney of Record for Plaintiff, 600 Atlantic Avenue, Boston, MA 02210 and Richard J. Farrell, Esq., Attorney of Record for Defendants, 197M Boston Post Road West, #177, Marlborough, MA 01752 by first class mail on this 6th day of January, 2006.

Walter J. Hayes, Jr., Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,        )
a Florida Corporation,           )
Plaintiff                          )
                                 )
                                 )    Civil Action 1:05-CV-10180-FDS
v.                           )
                                 )
                                 )
THOMAS REILLY                )
AND                           )
WILDLIFE SOLUTIONS, INC.,        )
a Massachusetts Corporation     )
Defendant                   )

## LIST OF EXHIBITS OPPOSITION OF THOMAS J. FRAIN TO PLAINTIFF'S MOTION TO COMPEL THOMAS J. FRAIN TO COMPLY WITH SUBPOENA DUCES TECUM

A.    Correspondence from Attorney Richard Farrell to Attorney Thomas Frain dated November 10, 2005.

B.    Correspondence from Attorney Walter J. Hayes, Jr. to Attorney Richard Farrell dated November 11, 2005.

C.    Affidavit of Nicole Chase.

D.    Subpoena Duces Tecum served upon Thomas J. Frain, Esq., dated November 18, 2005.

E.    Correspondence to Attorney Richard Farrell from Attorney Walter J. Hayes, Jr. with Waiver of Attorney-Client Privilege dated November 23, 2005.

F.    Correspondence to Attorney Richard Farrell from Attorney Walter J. Hayes, Jr. dated December 2, 2005.

G.    Correspondence to Attorney Adam Kessell from Attorney Walter J. Hayes, Jr. dated December 2, 2005.

H.    Waiver of Privilege signed by Thomas Reilly, dated December 15, 2005.

I.    Correspondence to Attorney Richard Farrell from Attorney Walter J. Hayes, Jr. dated December 15, 2005.

**EXHIBIT "A"**

# Offices of Farrell Law

Rich@Farrelllaw.com
(508) 358-5411

Richard J. Farrell, Esq.
197M Boston Post Road West #177
Marlborough, MA 01752
Fax: (508) 358-7787

November 10, 2005

Thomas Frain, Esq.
563 Main Street
Bolton, MA 01740

RECEIVED
NOV 1 4 2005
By _____

RE:    Wildlife Solutions, Inc. v. Wildlife Solutions, Inc. and Thomas Reilly
       United States District Court (MA) No. 05-CV-10180 FDS

Dear Atty. Frain:

Please be advised that I represent Thomas Reilly and Wildlife Solutions, Inc. with regard to the above captioned federal lawsuit.

You were retained by Mr. Reilly in 2003 to incorporate Wildlife Solutions, Inc. in Massachusetts. As you recall, Mr. Reilly specifically asked you to determine whether the name Wildlife Solutions, Inc. was available and proper for him to incorporate, and you informed him that it was. You filed the Articles of Incorporation with Massachusetts, and billed Mr. Reilly for the Incorporation.

After your incorporation of Wildlife Solutions, Inc., the company proceeded to do business as normal. However, the name "Wildlife Solutions, Inc." was actually the subject of a federally registered Trademark, which you failed to discover. This Trademark predated your filing of the Articles of Incorporation for Wildlife Solutions, Inc. (Massachusetts).

As you may or may not be aware, Wildlife Solutions, Inc. of Florida has filed suit in Federal Court against Wildlife Solutions, Inc. of Massachusetts and Mr. Reilly personally for violation of its registered trademark. As a result of this lawsuit, both defendants have incurred, and are incurring, substantial legal costs to defend this action and take other appropriate actions. Wildlife Solutions, Inc. of Florida has filed extensive discovery in this matter. As you were the Attorney who incorporated Wildlife Solutions, Inc., the plaintiffs have requested all documents which are in your files. Kindly make those documents available to me forthwith so that I may comply with the discovery requests of the plaintiff. If I am not able to produce them in a timely manner, the defendants will incur additional legal fees.

Please contact me immediately to arrange for the delivery of all documents, files or items in your possession which relate to your representation of Mr. Reilly and/or Wildlife Solutions, Inc. Thank you for your anticipated cooperation.

Very truly yours,

Richard J. Farrell

cc:    Wildlife Solutions, Inc.
       Michael Leetzow, Esq.

**EXHIBIT "B"**

### THOMAS J. FRAIN
ATTORNEY AT LAW
563 MAIN STREET
BOLTON, MASSACHUSETTS 01740
TELEPHONE (978) 779-0749
FACSIMILE (978) 779-0761

_____

Thomas J. Frain
Walter J. Hayes, Jr.

November 11, 2005

<u>VIA FACSIMILE (508) 358-7787</u>
<u>AND FIRST CLASS MAIL</u>

Richard J. Farrell, Esq.
197M Boston Post Road West, #177
Marlboro, MA 0752

     Re:   <u>Wildlife Solutions, Inc. and Thomas Reilly</u>

Dear Attorney Farrell,

    This office is in receipt of your letter dated November 10, 2005 and your request for documents in the file of the above referenced entity. In order for us to release any portion of the file to you, we require a signed release from Mr. Thomas Reilly authorizing us to waive attorney-client privilege. Please forward said release at your earliest convenience

    Thank you for your time and attention.  Please call with any comments or questions.

Sincerely yours,

Walter J. Hayes, Jr., Esq.

WJH/ibm

Case 4:05-cv-10180-FDS    Document 26-2    Filed 01/09/2006    Page 6 of 29

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO              0785
CONNECTION TEL             15083587787
SUBADDRESS
CONNECTION ID        Law Office
ST. TIME             11/11 11:12
USAGE T              00'39
PGS. SENT               2
RESULT               OK
```

**EXHIBIT "C"**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **WILDLIFE SOLUTIONS, INC.,**<br>**a Florida Corporation,**<br>**Plaintiff**<br><br>**v.**<br><br>**THOMAS REILLY**<br>**AND**<br>**WILDLIFE SOLUTIONS, INC.,**<br>**a Massachusetts Corporation**<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)    **Civil Action 1:05-CV-10180-FDS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>AFFIDAVIT OF NICOLE CHASE</u>

I, Nicole Chase, do hereby swear and affirm the following:

1.  I am employed as a Legal Assistant in the Law Office of Thomas J. Frain, Esq.

2.  I have been employed by Attorney Frain for approximately three and one half (3 ½) years.

3.  I am familiar with Thomas Reilly, a former client of this office.

4.  In mid-November, 2005, I received a telephone call from Thomas Reilly.

5.  Mr. Reilly was looking for a copy of his file.

6.  I then photocopied the file and prepared a copy of it for Mr. Reilly.

7.  The copy of the file did not contain any of the notes containing Attorney Frain's mental impressions of the matter.

8.  Mr. Reilly came into the office and picked up a copy of his file.

9.  On December 15, 2005, Mr. Reilly came back to the office and indicated he had a waiver of the attorney-client privilege he wished to give to Attorney Walter J. Hayes, Jr.

10.    As Mr. Reilly signed the waiver, he indicated the only items he wished to disclose were the Corporate Minute Book and Articles of Organization.

11.    This is not all I know about the foregoing facts.

12.    I have read the forgoing and believe it to be true to the best of my knowledge.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _6th_ DAY OF _January_, 2006.

Nicole Chase

**EXHIBIT "D"**

in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF               Massachusetts

.utions, Inc. (A Florida Corporation)

V.

.olutions, Inc. (A Mass. Corporation) et al.

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  1:05-cv-10180-FDS

Thomas J. Frain, Esq.
563 Main Street
Bolton, MA 01740

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE    Wolf, Greenfield, and Sacks, P.C., 600 Atlantic Ave, Boston, MA 02210 | DATE AND TIME 12/5/2005 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff | DATE 11/18/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adam J. Kessel, Esq., Wolf, Greenfield, and Sacks, P.C., Boston, MA 02210, 617-646-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                 DATE

                                     SIGNATURE OF SERVER

                                       ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

**Definitions/Instructions**

The definitions contained in D. Mass. Local Rule 26.5 are incorporated by reference as though set forth fully herein. Attention is drawn, in particular (but without limitation), to the definitions provided therein of "document," "communication," and "concerning."

The definition of "document" is specifically supplemented (if necessary) to include documents stored in electronic format and email. All electronic documents should be produced in their original format, preserving all metadata.

"Wildlife Mass." means Wildlife Solutions, Inc. of Hudson, Massachusetts and all its predecessors in interest and other affiliated companies, including "Problem Animal Control" and/or "PAC of Hudson."

"Thomas J. Reilly" means Thomas J. Reilly of West Boylston, Massachusetts.

**Requests**

1.  All documents and things concerning Wildlife Mass.

2.  All documents and things concerning trademark registrations, either Federal or State, done or attempted for Wildlife Mass.

3.  All documents and things concerning trademark searches, either Federal or State, done or attempted for Wildlife Mass.

4.  All documents and things concerning any opinion of counsel on any trademark issue, done or attempted for Wildlife Mass.

5.  All documents and things concerning Internet domain name registrations for Wildlife Mass.

6.  All documents and things concerning Internet domain searches for Wildlife Mass.

960316.1

7.   All documents and things concerning any dispute between you and Wildlife Mass. and/or Thomas J. Reilly.

8.   All communication received from or sent to Thomas J. Reilly and/or Wildlife Mass., concerning a dispute about trademark-related legal services.

9.   All documents and things concerning Wildlife Solutions, Inc. of Orlando, Florida and/or any lawsuit between Wildlife Mass. and Wildlife Solutions, Inc. of Orlando, Florida.

**EXHIBIT "E"**

THOMAS J. FRAIN
ATTORNEY AT LAW
563 MAIN STREET
BOLTON, MASSACHUSETTS 01740
TELEPHONE (978) 779-0749
FACSIMILE (978) 779-0761

_____

Thomas J. Frain
Walter J. Hayes, Jr.


November 23, 2005


VIA FACSIMILE (508) 358-7787
AND FIRST CLASS MAIL

Richard J. Farrell, Esq.
197M Boston Post Road West, #177
Marlboro, MA 0752

    Re:   Wildlife Solutions, Inc. and Thomas Reilly

Dear Attorney Farrell,

    It has been twelve days since our response to your correspondence dated November 10, 2005 in which you sought a copy of the file concerning Thomas Reilly and his Massachusetts corporation, Wildlife Solutions, Inc. As you recall, we requested that your client, the aforementioned Thomas Reilly, execute a waiver of attorney-client privilege so we could forward you a copy of the relevant documents. There has been no communication from your office since we transmitted our correspondence to you via first class mail and facsimile transmission. We therefore remain unable to consider your request dated November 10, 2005. I would point out, however, that Mr. Reilly has contacted this office and obtained a copy of his file, less those portions protected by the Attorney Work Product Rule.

    Monday afternoon, we received a subpoena from the plaintiff in a matter captioned Wildlife Solutions, Inc. (A Florida Corporation) v. Wildlife Solutions, Inc. (A Massachusetts Corporation), et al., docket number 1:05-CV-1018 FDS, a matter pending in the United States District Court for Massachusetts sitting in Worcester, Massachusetts. I have attached a copy of the subpoena for your review. As you will observe, the documentation sought is very broad and seeks information that is protected by attorney-client privilege. The subpoena served upon this office requires us to once again request that Mr. Reilly sign a waiver of Attorney-Client privilege so we may comply with the subpoena request. A waiver form and self-addressed stamped envelope are attached to this letter. If we do not hear from you by the close of business on November 29, 2005, then this office will conclude that Mr. Reilly does not wish to waive his privilege.

    In the event that Mr. Reilly is not waiving the attorney-client privilege, please advise what documentation, if any, you need from this office to support your client motion to quash the subpoena.

November 23, 2005
Letter to Richard J. Farrell, Esq.
Page 2 of 2

Thank you for your time and attention to this matter.

Sincerely yours,

Walter J. Hayes, Jr., Esq.

WJH/nc
Enclosure

WAIVER OF PRIVILEGE

I, Thomas J. Reilly, of West Boylston, Massachusetts, do hereby waive the attorney-client privilege between myself and Thomas J. Frain, Esq. of 563 Main Street, Bolton, MA 01740, and authorize Attorney Frain to release any documentation covered by the privilege sought by any third party. I further agree to hold harmless Attorney Frain, his employees, agents, servants, attorneys, successors, here-at-law, subsidiaries, predecessors, assigns, representatives, and all others claiming by, through, or under any or all of them (collectively "the Frain Parties"), of and from any and all claims, actions, causes of actions, suits, costs, attorneys' fees and expenses and any and every other claim of every kind, nature and description, whether known or unknown, both in law and in equity, which may or could arise as a result of the dissemination of information once held by the Frain Parties under the attorney-client privilege from the date of the waiver signed until the end of the universe.

Signed under seal this _____ day of _____ in the year Two Thousand and _____ of the common era.


_____
Thomas J. Reilly


COMMONWEALTH OF MASSACHUSETTS

_____, ss.

On this _____ day of _____, 2005, before me, the undersigned notary public, personally appeared Thomas J. Reilly, proved to me through satisfactory evidence of identification, which was    photographic identification with signature issued by a federal or state government agency,    oath or affirmation of a credible witness,    personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.


:                    _____
                    , Notary Public
My Commission Expires:

**EXHIBIT "F"**

THOMAS J. FRAIN
ATTORNEY AT LAW
563 MAIN STREET
BOLTON, MASSACHUSETTS 01740
TELEPHONE (978) 779-0749
FACSIMILE (978) 779-0761

Thomas J. Frain
Walter J. Hayes, Jr.

December 2, 2005

VIA FACSIMILE (508) 358-7787 ONLY

Richard J. Farrell, Esq.
197M Boston Post Road West, #177
Marlboro, MA 0752

    Re:    Wildlife Solutions, Inc. and Thomas Reilly

Dear Attorney Farrell,

    This is to follow up our conversation of last Wednesday, November 23, 2005. Please advise as to your stance regarding the subpoena this office has received in the above captioned matter.

    Thank you for your time and attention. Please call with any comments or questions.

                Sincerely yours,

                Walter J. Hayes, Jr., Esq.

WJH/ibm

```
*********************
***    TX REPORT    ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0862 |
| CONNECTION TEL | 15083587787 |
| SUBADDRESS | |
| CONNECTION ID | Law Office |
| ST. TIME | 12/02 11:47 |
| USAGE T | 00'37 |
| PGS. SENT | 2 |
| RESULT | OK |

**EXHIBIT "G"**

THOMAS J. FRAIN
ATTORNEY AT LAW
563 MAIN STREET
BOLTON, MASSACHUSETTS 01740
TELEPHONE (978) 779-0749
FACSIMILE (978) 779-0761

_____

Thomas J. Frain
Walter J. Hayes, Jr.

December 2, 2005

VIA FACSIMILE (617) 646-8646
AND FIRST CLASS MAIL

Adam Kessel, Esq.
Wolf, Greenfield, and Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Re:     Wildlife Solutions, Inc. and Thomas Reilly

Dear Attorney Kessel,

This office is in receipt of your subpoena dated November 18, 2005. As you are aware, this office once represented Mr. Thomas Reilly. In reviewing the documents you are seeking per the subpoena, it appears most, if not all, of the documents you are seeking are subject to attorney client privilege and/or attorney work product.

I have requested instructions from Mr. Reilly concerning the privilege. However, as of the time of this letter, we have not received any definitive statement from Mr. Reilly. Therefore, given the broad scope of the subpoena served upon this office and no instructions from Mr. Reilly concerning the privilege, we are regretfully unable to comply with the subpoena request.

Thank you for your time and attention. Please call with any comments or questions.

Sincerely yours,

Walter J. Hayes, Jr., Esq.

WJH/ibm

Cc:     Richard J. Farrell, Esq., Via Facsimile (508) 358-7787 only

```
            ********************
            ***   TX REPORT   ***
            ********************


   TRANSMISSION OK


   TX/RX NO             0864
   CONNECTION TEL              16176468646
   SUBADDRESS
   CONNECTION ID
   ST. TIME             12/02 14:20
   USAGE T              00'25
   PGS. SENT              2
   RESULT               OK
```

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0863
CONNECTION TEL              15083587787
SUBADDRESS
CONNECTION ID        Law Office
ST. TIME             12/02 14:19
USAGE T              00'42
PGS. SENT               2
RESULT               OK
```

**EXHIBIT "H"**

## WAIVER OF PRIVILEGE

I, Thomas J. Reilly, of West Boylston, Massachusetts, do hereby partially and conditionally waive the attorney-client privilege between myself and Thomas J. Frain, Esq. of 563 Main Street, Bolton, MA 01740, but only with reference to the legal proceeding Wildlife Solutions, Inc. (of Florida) v. Wildlife Solutions, Inc. (of Massachusetts) and Thomas Reilly in United States District Court, Docket Number Civ. No. 05-CV-10180 FDS, and only to the extent that I authorize Attorney Frain to disclose to the plaintiff's counsel the number of documents released to me pursuant to my request of October, 2005 which are responsive to the Subpoena issued on 11/18/2005. No further waiver is explicitly or implicitly granted by this document.

Signed under seal this __15th__ day of December, 2005.

Thomas J. Reilly

# EXHIBIT "I"

THOMAS J. FRAIN
ATTORNEY AT LAW
563 MAIN STREET
BOLTON, MASSACHUSETTS 01740
TELEPHONE (978) 779-0749
FACSIMILE (978) 779-0761

Thomas J. Frain
Walter J. Hayes, Jr.

December 15, 2005

VIA FIRST CLASS MAIL

Richard J. Farrell, Esq.
197M Boston Post Road West, #177
Marlboro, MA 0752

     Re:   <u>Wildlife Solutions, Inc. and Thomas Reilly</u>

Dear Attorney Farrell,

     This morning, your client, Thomas Reilly, appeared at this office concerning the trademark dispute pending in the Federal District Court. During my brief conversation with me, he handed me a partial release concerning the documents we have in connection to the work performed by Attorney Frain. While the signed release authorizes us to disclose all documents we turned over to Mr. Reilly pursuant to his request of October, 2005, he modified the disclosure parameters and authorized only the disclosure of his corporate planning book and articles of incorporation. There were other documents turned over to Mr. Reilly pursuant to his request, including correspondence.

     Please advise, in writing, if it is your understanding that this office is to only disclose the corporate plan and articles of incorporation.

     Thank you for your time and attention.  Please call with any comments or questions.

                         Sincerely yours,

                         Walter J. Hayes, Jr., Esq.

WJH/ibm