IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE SOLUTIONS, INC.,<br>   a Florida Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>THOMAS J. REILLY<br><br>and<br><br>WILDLIFE SOLUTIONS, INC.,<br>    a Massachusetts Corporation,<br><br>          Defendants. | Civil Action No. 1:05-cv-10180-FDS |

**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL THOMAS J. FRAIN
TO COMPLY WITH SUBPOENA DUCES TECUM**

Plaintiff Wildlife Solutions, Inc., a Florida Corporation ("Wildlife Florida") respectfully requests leave to file this three-page reply brief to address three issues raised by Thomas J. Frain's Opposition to Plaintiff's Motion to Compel.

**First**, Wildlife Florida notes that the Defendants did not file any opposition to this Motion. Mr. Frain, although formerly counsel to Defendants, does not purport to represent them in this matter. He is a third party. As Mr. Frain correctly states, "it is the Defendants, and not Attorney Frain, who must bear any burden regarding the enforcement of the attorney-client privilege." Opp. at 5-6. Here, Defendants have not even opposed the Motion, let alone met their burden of demonstrating that the attorney-client privilege applies. Nor, of course, have they

rebutted the indisputable evidence that any such privilege has been waived.[1]  For this reason alone, the Court should grant Wildlife Florida's Motion to Compel.

**Second**, Mr. Frain's apparent belief that he needs a release from his client in order to release his files is wrong.  Mr. Frain should have turned over the documents to Mr. Farrell, Defendants' counsel in this lawsuit, upon request.  E.g., MBA Ethics Opinions, Opinion No. 04-1 ("A lawyer discharged by a client should normally turn over the client's file to a new attorney when requested to do so.").  When Mr. Reilly visited Mr. Frain's office to request his file, Mr. Frain had no right to withhold documents or notes from Mr. Reilly, regardless of Mr. Reilly's refusal to sign a statement of waiver.  Mr. Frain's proposed waiver (Opp. Ex. E) appears to extend beyond a simple waiver of privilege as it includes a provision that Mr. Reilly would release Mr. Frain from "any and all claims…which may or could arise as a result of the dissemination of information once held by the Frain Parties under the attorney-client privilege from the date of the waiver signed until the end of the universe."  It is well established, however, that a "discharged attorney may not ethically refuse to turn over the file of his former client." MBA Ethics Opinions, Opinion No. 76-24.  See also Mass. Rules of Prof'l Conduct R. 1.16(e) ("A lawyer must make available to a former client, within a reasonable time following the client's request for his or her file..." work product and other documents); Mass. Board of Bar Overseers Admonition 05-06 (admonishing attorney where he did not "timely return … the files despite repeated requests from the clients.").

**Third,** it is irrelevant what Mr. Reilly or his attorney told Mr. Frain relating to waiver of the attorney-client privilege.  The Defendants have waived any privilege by repeatedly blaming

---

[1] Mr. Frain has not attempted to rebut the evidence of waiver either.  He appears only to be requesting guidance from the Court of his obligations so as to avoid a claim under the Rules of Professional Responsibility.  Given Defendants' repeated statements to Plaintiff that they plan to sue their former attorney, his concern may be reasonable.

their infringing activity, at least in part, on Mr. Frain; pleading an advice of counsel defense; telling Plaintiff that they had waived the privilege; and voluntarily producing some (but not all) privileged documents.  <u>Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n</u>, 895 F. Supp. 88, 92 (E.D. Pa. 1995); <u>In re Grand Jury Subpoena (Zerendow)</u>, 925 F. Supp. 849, 855 (D. Mass. 1995); <u>Glenmede Trust Co. v. Thomson</u>, 56 F.3d 476, 486 (3rd Cir. 1995).  The fact that Defendants and their counsel made apparently inconsistent representations to Mr. Frain (Opp. at 4) does, however, support Wildlife Florida's request for its attorney's fees and costs in bringing this Motion.  Having affirmatively waived the privilege, their instruction to counsel to withhold privileged documents, necessitating this Motion, was vexatious.

Finally, Wildlife Florida respectfully requests that the Court act quickly on the issues raised in this Motion as the fact discovery deadline is just over three weeks away and Defendants are to be deposed next week.

|  |  |
|---|---|
|  | WILDLIFE SOLUTIONS, INC. |
|  | By its attorneys, |
|  |  |
| Dated: January 13, 2006 | /s/ Adam J. Kessel_____ |
|  | Michael A. Albert, BBO # 558566 |
|  | malbert@wolfgreenfield.com |
|  | Adam J. Kessel, BBO # 661211 |
|  | akessel@wolfgreenfield.com |
|  | WOLF, GREENFIELD & SACKS, P.C. |
|  | 600 Atlantic Avenue |
|  | Boston, Massachusetts 02210 |
|  | (617) 646.8000 Phone |
|  | (617) 646.8646 FAX |
|  |  |
|  | Of Counsel |
|  |  |
|  | Michael Leetzow, Esq. (admitted *pro hac vice*) |

- 4 -

## CERTIFICATE OF SERVICE

    I certify that this document is being filed through the U.S. District Court's electronic filing system which will serve opposing counsel who are registered participants as identified on the Notice of Electronic Filing (NEF). All opposing counsel who are non-registered participants are being served by First Class Mail.

                                            /s/ Adam J. Kessel