UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                                    Civ. No.  05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

## MOTION TO AMEND SCHEDULING ORDER TO
## EXTEND TIME FOR FACT DISCOVERY

Now come the defendants in the above matter and move that this Honorable Court extend

the period under the current scheduling order for fact discovery.  As reasons for this Motion, the

defendants state the following:

1.     Under the current scheduling order dated August 24, 2005, the deadline for fact discovery

to be completed is February 1, 2006.  This is a civil case alleging trademark infringement,

which was brought by Wildlife Solutions, Inc. of Florida against Wildlife Solutions, Inc.

of Massachusetts and Thomas J. Reilly personally.

2.     The defendants served requests for documents and things on November 30, 2005, and as

of the date of this Motion have not received any documents.  Counsel for the plaintiff has

represented to the defendants' counsel that the documents will be produced by Thursday,

February 2, 2006, after the deadline for fact discovery and for filing of Motions to

Compel.

3.     The defendants took the deposition of the president of the plaintiff, Mr. Steven DeMoor,

on January 11, 2006, but the defendants' discovery was severely hampered by the lack of

documents from the plaintiff and the relative lack of information provided by Mr. DeMoor.

4.  Since the defendants have not had the opportunity to determine what issues, if any, are raised by the documents to be provided by the plaintiff, they are not in a position to determine whether any motions to compel or like motions will be appropriate to file.

5.  The interrogatory answers served by the plaintiffs refer to documents which have not been produced, so the defendants cannot determine if there are any issues which would require a Motion to Compel Interrogatory Responses.

6.  The document response, which was served on the defendants on January 18, 2006, almost a week after the deposition of plaintiff's president and 49 days after the Requests were served, does not state what documents are to be provided with sufficient specificity to determine from the responses alone whether a Motion to Compel is necessary.

6.  The lack of documents from the plaintiff, when combined with the lack of information provided by the president of the plaintiff, lead the defendants to believe that further depositions may be necessary to complete its discovery.

7.  The relief requested is necessary to assure that the defendants have all documentation and facts necessary for the trial of this matter.

8.  The parties held a telephone conference regarding outstanding discovery issues on January 30, 2006, where plaintiff's counsel declined to assent to an extension of the fact discovery deadline despite the failure of the plaintiff to provide documents as of this date. The defendants therefore have been forced to file this Motion and to file a Motion to Compel the Production of Documents.  The defendants made a good faith effort during

the conference to extend the fact discovery deadline by agreement, but counsel for the

plaintiff refused and stated that they would be filing instead a Motion to Compel

discovery against one or both of the defendants.

Wherefore, the defendants request that this Court amend its Scheduling Order to extend

the deadline for fact discovery an additional sixty days, in order to give the plaintiffs the

opportunity to obtain the documents, review the documents, and determine whether the

documents provided are complete and whether further depositions are necessary in preparation

for the trial.  It may further be necessary for the defendants to file an additional or amended

Motion to Compel in this matter, but that cannot be determined at this time.  Furthermore, the

plaintiff will not be prejudiced by such an extension.  The defendants further requests that they

be awarded costs and attorneys' fees incurred in the filing of this Motion.


                                        Respectfully Submitted,
                                        By their attorney,

Dated: January 31, 2006                 /s/ RICHARD FARRELL

                                        Richard J. Farrell, Esq.
                                        MA BBO# 638017
                                        197M Boston Post Road West #177
                                        Marlborough, MA 01752
                                        508-358-5411


                        CERTIFICATE OF SERVICE

        I hereby certify that the foregoing document filed this date through the ECF system will
be sent electronically to the registered participants as identified on the Notice of Electronic Filing
and paper copies will be sent this date to those indicated as non-registered participants.


                        /s/ Richard Farrell


-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                                    Civ. No. 05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

### AFFIDAVIT OF RICHARD FARRELL

Now comes Richard Farrell and states the following under oath:

1.    I am counsel to the defendants in this action. As counsel for the defendants, I served

      requests for documents and things on the plaintiff on November 30, 2005.

2.    As of the date and time of this filing, I have not received any documents produced by the

      plaintiff. The plaintiff served a written response to the Requests on or about January 18,

      2005, approximately 49 days after service upon it.

3.    Plaintiff's Counsel has represented verbally, but not in writing, that documents will be

      provided on Thursday, February 2, 2006, after the deadline for fact discovery under the

      current scheduling order.

5.    Several of the plaintiff's Interrogatory Responses (served on or about January 6, 2006)

      refer to documents which are to be produced, and therefore the defendants are not in a

      position to determine whether the interrogatory responses are complete at this time.

6.    The parties held a conference by telephone on January 30, 2006, where the parties

      attempted to narrow or resolve their discovery problems. I proposed that the deadline for

      fact discovery be extended to allow for review of the documents provided by the plaintiff,

-1-

but plaintiff's counsel was unwilling to assent to an extension of the discovery period, and instead intends (to the best of my knowledge) to file a Motion to Compel discovery from one or both of the defendants. I made a good faith effort to extend the fact discovery deadline by agreement with the plaintiff.

7.    The defendants must file a Motion to Compel at the deadline for fact discovery as a result of the plaintiff's refusal to assent to an extension of the fact discovery period.

8.    If the documents are provided as represented by plaintiff's counsel, the documents will have been provided more than two months after service of the Requests.

9.    The relief requested is necessary to assure that the defendants have all documentation and facts necessary for the trial of this matter.

Signed under the pains and penalties of perjury this 31 day of January, 2006.

Richard J. Farrell, Esq.
MA BBO# 638017
197M Boston Post Road West #177
Marlborough, MA 01752
508-358-5411

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

/s/ Richard Farrell

-2-