UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                          Civ. No.  05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

### AFFIDAVIT OF RICHARD FARRELL

Now comes Richard Farrell and states the following under oath:

1.    I am counsel to the defendants in this action.  As counsel for the defendants, I served a

Request for Documents and Things and two sets of Interrogatories on the plaintiff on

November 30, 2005, which are attached hereto for the Court's reference.

2.    As of the date and time of this filing, I have not received any documents produced by the

plaintiff.  The plaintiff served a written response to the Requests on or about January 18,

2005, approximately 49 days after service upon it.

3.    Plaintiff's Counsel has represented verbally, but not in writing, that documents will be

provided on Thursday, February 2, 2006, after the deadline for fact discovery under the

current scheduling order.

5.    Several of the plaintiff's Interrogatory Responses (served on or about January 6, 2006)

refer to documents which are to be produced, and therefore the defendants are not in a

position to determine whether the interrogatory responses are complete at this time.

6.    The parties held a conference by telephone on January 30, 2006, where the parties

attempted to narrow or resolve their discovery problems.  I proposed that the deadline for

-1-

fact discovery be extended to allow for review of the documents provided by the plaintiff, but plaintiff's counsel was unwilling to assent to an extension of the discovery period, and instead intends (to the best of my knowledge) to file a Motion to Compel discovery from one or both of the defendants. I made a good faith effort to extend the fact discovery deadline by agreement with the plaintiff.

7.    The defendants must file a Motion to Compel at the deadline for fact discovery as a result of the plaintiff's refusal to assent to an extension of the fact discovery period.

8.    If the documents are provided as represented by plaintiff's counsel, the documents will have been provided more than two months after service of the Requests.

9.    The relief requested is necessary to assure that the defendants have all documentation and facts necessary for the trial of this matter.

Signed under the pains and penalties of perjury this 31 day of January, 2006.

Richard J. Farrell, Esq.
MA BBO# 638017
197M Boston Post Road West #177
Marlborough, MA 01752
508-358-5411

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

/s/ Richard Farrell

-2-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.

Civ. No.  05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

---

## DEFENDANT WILDLIFE SOLUTIONS, INC.'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Fed.R.Civ.P. 34, the defendant Wildlife Solutions, Inc. of Massachusetts

(hereafter Wildlife Massachusetts) hereby requests that plaintiff Wildlife Solutions, Inc. of

Florida (hereafter Wildlife Florida) produce for copying and inspection the documents and things

set forth below at the offices of Richard J. Farrell, 260 Boston Post Road, Suite 9, Wayland,

Massachusetts, 01778 within 45 days of service.

## DEFINITIONS

1.      The defendant Wildlife Solutions, Inc. of Massachusetts adopts the definitions set

forth in plaintiff's request for production of documents and things, to wit:

a.      As used herein, "Wildlife Florida's Mark" refers to Wildlife Florida's

mark WILDLIFE SOLUTIONS in any stylization.

b.      As used herein, "Wildlife Massachusetts' Mark" refers to Wildlife

Massachusetts' mark WILDLIFE SOLUTIONS in any stylization.

c.      As used herein, "Wildlife Florida's Services" refers to each and every

product or service that Wildlife Florida has ever sold, offered for sale,

-1-

promoted, or rendered under or in connection with Wildlife Florida's
Marks.

## DOCUMENTS AND THINGS REQUESTED

### REQUEST NO. 1

All documents and things reviewed by Wildlife Florida in responding to the defendant's
Interrogatories.

### REQUEST NO. 2

All documents which refer or relate to Wildlife Florida's activity in interstate commerce,
including but not limited to any franchise agreements, employment contracts, receipts, and/or
compensation documents.

### REQUEST NO. 3

All documents which refer or relate to the business structure of Wildlife Florida, including
Corporate documents and minutes, franchise agreements, employment contracts, stock
certificates and other documents sufficient to determine the ownership, management and
business structure of Wildlife Florida.

### REQUEST NO. 4

All documents and things relating to the form, use, publication, modification and/or design of
Wildlife Florida's Marks, including representative samples of all items bearing a logo or mark of
Wildlife Florida.

-2-

REQUEST NO. 5

All documents and things relating to the adoption, use, and application for registration by Wildlife Florida of Wildlife Florida's Marks, including federal and state registrations.

REQUEST NO. 6

All documents which support Wildlife Florida's contention that there is actual or potential confusion between its marks and those of Wildlife Massachusetts, including any documents reflecting any confusion or inquiries about relationships between the two; or which relate to any instance of a person having been confused, mistaken or deceived as to whether any product or service offered for sale or sold by Wildlife Florida under Wildlife Florida's Mark were those of Wildlife Massachusetts and/or related to Wildlife Massachusetts' Marks, or vice-versa.

REQUEST NO. 7

All documents and things relating to any objection or complaint by a third party regarding Wildlife Florida's Marks, or any complaint brought against a third party by Wildlife Florida, including agreements resolving same.

REQUEST NO. 8

All documents and things relating to, or constituting, any plans, market studies, consumer research, evaluations or studies relating to the actual or proposed use of Wildlife Florida's Marks in the New England states.

REQUEST NO. 9

All documents which support any contention by Wildlife Florida that defendant Thomas Reilly does now or has ever used the marks "Wildlife Solutions" and/or "Wildlife Solutions of Massachusetts."

-3-

REQUEST NO. 10

All documents and things referring or relating to Wildlife Massachusetts or Wildlife

Massachusetts' Mark and relating to Wildlife Florida's first awareness of Wildlife

Massachusetts' Mark, including any correspondence, complaints, inquiries or research relating in

any way to Wildlife Massachusetts.

REQUEST NO. 11

All documents and things which relate to Plaintiff's Allegation 1 of its amended complaint,

including documents reflecting business plans, incorporation, bylaws, minutes, officers, and lists

of directors and stockholders of Wildlife Florida.

REQUEST NO. 12

All documents and things which show that plaintiff's use of the mark WILDLIFE SOLUTIONS

has been continuous and substantial since 1997.

REQUEST NO. 13

All documents and things which reflect or establish actual or potential damages and/or loss of

reputation allegedly suffered by Wildlife Florida as a result of Wildlife Massachusetts' use of the

mark WILDLIFE SOLUTIONS, or upon which Wildlife Florida intends to rely upon directly or

indirectly to establish such damages at trial.

REQUEST NO. 14

All documents and things relating to any communication, whether oral or written, that suggests,

implies or infers any connection or association between Wildlife Massachusetts and Wildlife

Florida, and/or Wildlife Massachusetts' Mark and Wildlife Florida's Mark, or that inquires as to

whether there is or may be such a connection or association.

-4-

REQUEST NO. 15

All documents and things relating to the actual and projected sales, actual and projected expansion plans, profits and/or loss (including profit and loss statements), and dollar volume of Wildlife Florida's Services since it began using the mark WILDLIFE SOLUTIONS.

REQUEST NO. 16

Representative samples of all advertisements, including, but not limited to, advertisements in newspapers, magazines, radio, television, internet, catalogs and brochures produced by or on behalf of Wildlife Florida, featuring and/or relating to Wildlife Florida's Marks, including any appearances by Wildlife Florida's officer and/or director Steve DeMoor on Television.

REQUEST NO. 17

All documents and things relating to the actual and projected expenditures for advertising Wildlife Florida's Services from 1997 to the present, including documents and things which reflect the geographic areas and different states where Wildlife Florida advertises.

REQUEST NO. 18

All documents and things relating to licensing by any state for wildlife control, home improvement, or chemical application for any person affiliated with or employed by Wildlife Florida, including its employees, officers, directors, licensees, franchisees or contractors, and which reflect any limitations on any such licenses.

REQUEST NO. 19

All documents and things which relate to violations of any federal, state or municipal laws or regulations by Wildlife Florida or any of its employees or agents, including documents sufficient to determine any sanctions or resolutions of such violations from 1997 to the present.

-5-

REQUEST NO. 20

All documents and things relating to the subject matter, facts or circumstances as to which each
expert employed by Wildlife Florida in connection with this litigation is expected to testify.

REQUEST NO. 21

All documents and things relating to the sales price or projected sales price of each of Wildlife
Florida's Services.

REQUEST NO. 22

All documents and things relating to the channels of trade through which Wildlife Florida's
Services have been and will be marketed or distributed.

REQUEST NO. 23

All documents and things relating to the class of purchasers to which Wildlife Massachusetts'
Services have been and will be marketed or sold.

REQUEST NO. 24

All documents and things relating to all surveys, polls, tests, focus group studies, or other market
studies that Wildlife Florida has conducted, or plans to conduct, for possible use in this Litigation
or for purposes of promoting or selling Wildlife Florida's Services, or for the purposes of
determining the interstate market for its Services.

REQUEST NO. 25

Documents sufficient to determine Wildlife Florida's gross sales in dollars of Wildlife Florida's
Services since the beginning of Wildlife Florida's use of Wildlife Florida's Marks to the present.

REQUEST NO. 26

Documents sufficient to determine Wildlife Florida's profits from Wildlife Florida's Products

-6-

from the beginning of Wildlife Florida's use of Wildlife Florida's Marks to the present, including

any profit and loss statements.

REQUEST NO. 27

All documents and things Wildlife Florida intends to rely on in this lawsuit.

REQUEST NO. 28

All documents or things which demonstrate affirmative actions to protect Wildlife Florida's

trademark rights, including paid or unpaid advertisements in Wildlife Control trade magazines,

websites, and use of the trademark or servicemark symbols.

REQUEST NO. 29

All documents or things which refer or relate to any licensing or franchise agreements with any

third parties which relate to or involve the plaintiff's mark WILDLIFE SOLUTIONS.

Wildlife Solutions, Inc. (of Massachusetts),
By its Attorney:

Dated:          November 30, 2005

Richard J. Farrell, Esq.
MA BBO# 638017
197M Boston Post Road West #177
Marlborough, MA 01752
508-358-5411

-7-

## CERTIFICATE OF SERVICE

I, Richard Farrell, hereby certify that a true copy of the foregoing "DEFENDANT WILDLIFE SOLUTIONS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS" was served by federal express on lead counsel for the plaintiff, Michael Leetzow, at 5213 Shoreline Circle, Sanford, FL, 32771 on this 30th day of November, 2005.

Richard J. Farrell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                                    Civ. No.  05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

## DEFENDANT THOMAS J. REILLY'S FIRST
## SET OF INTERROGATORIES TO WILDLIFE SOLUTIONS, Inc. OF FLORIDA

Pursuant to the Federal Rules of Civil Procedure, the defendant Thomas Reilly of

Massachusetts hereby submits his first set of Interrogatories upon the Plaintiff Wildlife

Solutions, Inc. of Florida as follows:

### DEFINITIONS

A.  The defendant Thomas Reilly adopts the definitions set forth in plaintiff's request for

production of documents and things, to wit:

      A.  As used herein, "Wildlife Florida's Mark" refers to Wildlife Florida's

mark WILDLIFE SOLUTIONS in any stylization.

      B.  As used herein, "Wildlife Massachusetts' Mark" refers to Wildlife

Massachusetts' mark WILDLIFE SOLUTIONS in any stylization.

      C.  As used herein, "Wildlife Florida's Services" refers to each and every

product or service that Wildlife Florida has ever sold, offered for sale,

promoted, or rendered under or in connection with Wildlife Florida's

Marks.

-1-

## INTERROGATORIES

### INTERROGATORY NO. 1

Please state the name of the person completing these Interrogatories, and their date of birth, occupation, residence and business addresses, and the ownership and/or management role of Wildlife Florida.

### INTERROGATORY NO. 2

Identify and describe in detail all damages alleged to be suffered by Wildlife Florida as a result of defendant Thomas Reilly's conduct, including a description of how such damages were incurred and a complete list of all lost customers or opportunities.

### INTERROGATORY NO. 3

State all facts upon which you base your contention that Thomas Reilly is personally liable for the acts and/or omissions of Wildlife Solutions, Inc. of Massachusetts.

### INTERROGATORY NO. 4

If you contend that Thomas Reilly has represented that he offers services on behalf of Wildlife Florida, Identify each such instance of confusion, mistake or deception including the date and place the incident occurred, an identification of the person who was confused, mistaken or deceived, and the goods or services involved.

### INTERROGATORY NO. 5

Identify and describe any relationship between any owner or principal of Wildlife Florida and the author, creator, or owner of wildlifepro software.

### INTERROGATORY NO. 6

Identify and describe in detail all damages alleged to be suffered by Wildlife Florida as a result of Thomas Reilly's conduct, including a description of how such damages were incurred and a complete list of all lost customers or opportunities.

## INTERROGATORY NO. 7

Identify and state the factual basis upon which you contend that the defendant Thomas Reilly now uses or ever has used the marks "Wildlife Solutions" and/or "Massachusetts Wildlife Solutions," specifying each and every fact upon which you intend to rely upon to prove the same at trial.

## INTERROGATORY NO. 8

Identify each person who furnished any information used in answering each of the foregoing interrogatories, and for each person so identified, indicate the interrogatory for which such person furnished information, and identify all documents referred to, or considered by, such person in answering or preparing to answer such interrogatories.

## INTERROGATORY NO. 9

Identify each and every trade or professional association with which Wildlife Florida, its officers or directors are associated or a member of since 1997, including any trade association from which the party has been barred or banned, and the reason for such bar or ban, if applicable.

## INTERROGATORY NO. 10

Identify each and every mark, including marks other than WILDLIFE SOLUTIONS, which has been used by Frank Agnew, Steve Demoor, or Wildlife Solutions, Inc. of Florida since 1995, including the time periods such marks are or were used.

## INTERROGATORY NO. 11

State each and every fact upon which you base your contention that the defendant REILLY now or has ever used the mark WILDLIFE SOLUTIONS in his personal capacity.

## INTERROGATORY NO. 12

State each and every fact upon which you base your contention that the defendant REILLY now or ever has used the mark MASSACHUSETTS WILDLIFE SOLUTIONS in his personal capacity.

## INTERROGATORY NO. 13

State in detail the damages suffered by Wildlife Florida as a result of the acts or omissions of Thomas Reilly, itemizing any monetary amounts and stating any facts which constitute harm to the reputation or goodwill of Wildlife Florida.

**INTERROGATOR NO. 14**

State each and every fact upon which you base your contention that Thomas Reilly has suggested to consumers or customers that it is affiliated or related to Wildlife Florida.

**INTERROGATORY NO. 15**

State each and every fact upon which you base your contention that Thomas Reilly intended to either divert Internet users in search of Wildlife Florida's website or had a bad faith intent to profit from Wildlife Florida's mark.

**INTERROGATORY NO. 16**

State each and every fact upon which you base your allegation that plaintiff has or will suffer harm to its business, reputation and/or goodwill as a result of Thomas Reilly's actions or inactions.

**INTERROGATORY NO. 17**

State each and every fact upon which you base your contention that Thomas Reilly's actions or inactions constitute unfair or deceptive trade practices.

Thomas Reilly.
By his attorney

Richard J. Farrell, Jr.
MA BBO# 638017
197M Boston Post Road West #177
Marlborough, MA 01752
508-358-5411

-4-

## CERTIFICATE OF SERVICE

I, Richard Farrell, hereby certify that a true copy of the foregoing "DEFENDANT

THOMAS J. REILLY'S FIRST SET OF INTERROGATORIES TO WILDLIFE SOLUTIONS,

Inc. OF FLORIDA" was served by federal express on lead counsel for the plaintiff, Michael

Leetzow, at 5213 Shoreline Circle, Sanford, FL, 32771 on this 30th day of November, 2005.

Richard J. Farrell

-5-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                                      Civ. No.  05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

_____

### DEFENDANT WILDLIFE SOLUTIONS, INC.'S FIRST
### SET OF INTERROGATORIES TO WILDLIFE SOLUTIONS, Inc. OF FLORIDA

Pursuant to the Federal Rules of Civil Procedure, the defendant Wildlife Solutions, Inc. of

Massachusetts (hereafter referred to as Wildlife Massachusetts) hereby submits its first set of

Interrogatories upon the Plaintiff Wildlife Solutions, Inc. of Florida as follows:

### DEFINITIONS

A.      The defendant Wildlife Solutions, Inc. of Massachusetts adopts the definitions set forth in

plaintiff's request for production of documents and things, to wit:

       A.      As used herein, "Wildlife Florida's Mark" refers to Wildlife Florida's

mark WILDLIFE SOLUTIONS in any stylization.

       B.      As used herein, "Wildlife Massachusetts' Mark" refers to Wildlife

Massachusetts' mark WILDLIFE SOLUTIONS in any stylization.

       C.      As used herein, "Wildlife Florida's Services" refers to each and every

product or service that Wildlife Florida has ever sold, offered for sale,

promoted, or rendered under or in connection with Wildlife Florida's

Marks.

-1-

## INTERROGATORIES

### INTERROGATORY NO. 1

Please state the name of the person completing these Interrogatories, and their date of birth, occupation, residence and business addresses, and the ownership and/or management role of Wildlife Florida.

### INTERROGATORY NO. 2

Identify all persons known to Wildlife Florida who were responsible for the creation, selection, development, modification, earliest use, searching, clearance, or evaluation of Wildlife Florida's Marks or who participated in any efforts to obtain state or federal trademark protection for Wildlife Florida's Marks.

### INTERROGATORY NO. 3

State when Wildlife Florida first learned of Wildlife Massachusetts' Mark and how such knowledge came to Wildlife Florida's attention.

### INTERROGATORY NO. 4

Identify in detail all steps taken to investigate any actual or potential confusion between Wildlife Florida's Mark and Wildlife Massachusetts' Marks and the results of said investigation.

### INTERROGATORY NO. 5

Identify each office, franchise, licensee or employee of the plaintiff located outside of the state of Florida, and for each such person or thing identify what agreements exist between Wildlife Florida and that office, franchise, licensee or employee, and specify which state each office, franchise, licensee or employee provides or has provided services using the Mark WILDLIFE SOLUTIONS in.

### INTERROGATORY NO. 6

Describe in full and complete detail the corporate structure of Wildlife Florida, including the management structure, the number of offices and whether those offices are independently owned

or whether they are owned and operated by Wildlife Florida, and identifying all Officers, Shareholders, Co-Owners and/or Directors of Wildlife Florida, specifying their role and/or ownership percentage.

## INTERROGATORY NO.7

Identify each and every one of Wildlife Florida's Services and the price for each service, including the particular characteristics of each such product or service, and provide the inclusive dates during which such product or service was sold, offered for sale, provided, or rendered.

## INTERROGATORY NO. 8

Describe in detail the geographic locations of consumers to whom Wildlife Florida's Services have been marketed for the last eight years, and the locations of customers to whom Wildlife Florida intends to market itself over the next three years.

## INTERROGATORY NO. 9

Identify each instance of confusion, mistake or deception by any person between Wildlife Massachusetts' Services or Wildlife Massachusetts' Marks, on the one hand, and Wildlife Florida's Mark or Wildlife Florida's Services, on the other, including the date and place the incident occurred, an identification of the person who was confused, mistaken or deceived, and the goods or services involved.

## INTERROGATORY NO. 10

Identify and describe in detail each type of publication, whether in hard copy or electronic media, radio, television or other audiovisual location in which Wildlife Florida's Services are advertised under or in connection with Wildlife Florida's Marks. Include in this response a description of the channels on which the advertisements are broadcast.

## INTERROGATORY NO. 11

Identify each and every appearance on television or radio made by Steve DeMoor or Frank Agnew while they were officers of the plaintiff and relating to wildlife control services and/or the plaintiff, including the dates, times, and programs where such appearances occurred.

## INTERROGATORY NO. 12

Identify and describe in detail all damages alleged to be suffered by Wildlife Florida as a result of Wildlife Massachusetts' conduct or the use of Wildlife Massachusetts' Marks, including a description of how such damages were incurred and a complete list of all lost customers or

opportunities.

**INTERROGATORY NO. 13**

Identify all agreements between Wildlife Florida and any other entity relating to Wildlife Florida's Services and/or Wildlife Florida's Marks, including any franchise, licensing or employment agreements with regard to Wildlife Florida's services Florida or in other states, including Tennessee and South Carolina, and including every person, party or organization which Wildlife Florida has authorized in any way to use the mark WILDLIFE SOLUTIONS.

**INTERROGATORY NO. 14**

If you contend that potential purchasers of Wildlife Massachusetts' Services are likely to believe that such goods originate with, or are authorized or approved by Wildlife Florida when, in fact, they are not, state the basis for that contention.

**INTERROGATORY NO. 15**

Identify each person who furnished any information used in answering each of the foregoing interrogatories, and for each person so identified, indicate the interrogatory for which such person furnished information, and identify all documents referred to, or considered by, such person in answering or preparing to answer such interrogatories.

**INTERROGATORY NO. 16**

Identify each and every instance of confusion, mistake or deception by any person between Wildlife Florida and its marks and any other third party, including the date and place the incident occurred, an identification of the person who was confused, mistaken or deceived, and the goods or services involved.

**INTERROGATORY NO. 17**

Identify each way that the goods and services provided by Wildlife Florida are separate or distinct from the goods or services provided by other wildlife control providers in the United States.

**INTERROGATORY NO. 18**

State each and every fact upon which you base your contention that the defendant REILLY now or has ever used the mark WILDLIFE SOLUTIONS in his personal capacity.

## INTERROGATORY NO. 19

State in detail the damages suffered by Wildlife Florida, itemizing any monetary amounts and stating any facts which constitute harm to the reputation or goodwill of Wildlife Florida.

## INTERROGATOR NO. 20

State each and every fact upon which you base your contention that Wildlife Massachusetts has suggested to consumers or customers that it is affiliated or related to Wildlife Florida.

## INTERROGATORY NO. 21

State each and every fact upon which you base your contention that Wildlife Massachusetts intended to either divert Internet users in search of Wildlife Florida's website or had a bad faith intent to profit from Wildlife Florida's mark.

## INTERROGATORY NO. 22

State each and every fact upon which you base your allegation that plaintiff has or will suffer harm to its business, reputation and/or goodwill as a result of Wildlife Massachusetts' actions or inactions.

## INTERROGATORY NO. 23

State each and every fact upon which you base your contention that Wildlife Massachusetts' actions or inactions constitute unfair or deceptive trade practices.

Wildlife Solutions, Inc.
By its attorney,

_____
Richard Y. Farrell, Jr.
MA BBO# 638017
197M Boston Post Road West #177
Marlborough, MA 01752
508-358-5411

-5-

## CERTIFICATE OF SERVICE

I, Richard Farrell, hereby certify that a true copy of the foregoing "DEFENDANT

WILDLIFE SOLUTIONS, INC.'S FIRST SET OF INTERROGATORIES TO WILDLIFE

SOLUTIONS, Inc. OF FLORIDA" was served by federal express on lead counsel for the

plaintiff, Michael Leetzow, at 5213 Shoreline Circle, Sanford, FL, 32771 on this 30th day of

November, 2005.

Richard J. Farrell

-6-