IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,
  a Florida Corporation,

      Plaintiff,

v.

THOMAS J. REILLY

and

WILDLIFE SOLUTIONS, INC.,
   a Massachusetts Corporation,

      Defendants.

Civil Action No. 1:05-cv-10180-FDS

**OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants' Motion to Compel Production of Documents is baseless. They already have the documents their Motion seeks. Defendants misrepresent the discovery timeline and mischaracterize the parties' recent discovery conference. The Court should deny the Motion as there is nothing for the Court to order.

**The Discovery Timeline**

The Court entered its Scheduling Order in this case on August 24, 2005, providing that Initial Disclosures would be completed by August 11, 2005. (D.I. 14.) The Scheduling Order also provided a December 1, 2005 deadline for all requests for production of documents and interrogatories.

Plaintiff Wildlife Solutions of Florida ("Wildlife Florida") had served its initial disclosures on August 9, 2005. The Defendants had served their initial disclosures on the following day, August 10, 2005. Therefore, Defendants could have served discovery requests

any time after August 10 pursuant to Local Rule 26.2.  Yet, Defendants waited until the evening of November 30, 2005, the day before the deadline and nearly four months after the start of discovery, before serving any discovery requests.  In those requests, Defendants requested Wildlife Florida respond to the Document Requests <u>within 45 days of service</u>.[1]  Ex. 1.[2] Defendants noticed the deposition of Wildlife Florida's president for January 11, 2006, <u>only 42 days after they served their discovery requests on Wildlife Florida</u>.  Accordingly, Defendants could not possibly have expected to receive documents prior to the deposition.

Wildlife Florida responded to Defendants' requests on January 18, 2006.  Ex. 2.  In its responses, Wildlife Florida promised to provide nonprivileged documents that were in its possession and responsive to the requests.  Wildlife Florida diligently searched for and assembled the requested documents and has produced them to Defendants.  Wildlife Florida endeavored to provide a complete and comprehensive document production, and Wildlife Florida's counsel was actively involved in reviewing Wildlife Florida's files and assembling all relevant and responsive materials.  In the course of this review, Wildlife Florida assembled well over 2,500 pages of documents and things for production (in striking contrast to Defendants' total production of 126 pages).[3]

On January 25, within a week after its written responses, Wildlife Florida arranged to have all of these documents sent to a vendor for copying and Bates numbering.  <u>Leetzow Decl.</u> ¶ 4.  Wildlife Florida instructed the vendor to proceed as rapidly as possible.  <u>Id.</u> ¶ 5.  Due to the

---

[1] The requesting party is permitted to specify a longer time for response than the 30 day period provided for by Fed. R. Civ. P. 34(b).  <u>See</u> 8A Wright, Miller & Marcus, Federal Practice and Procedure Civil 2d § 2213.

[2] All exhibits refer to attached Declaration of Michael L. Leetzow ("Leetzow Decl.") unless otherwise indicated.

[3] Defendants' entire document production in this case amounts to 126 pages, despite Wildlife Florida's repeated demands for Defendants to supplement their production with documents that should have been produced in the first instance.  Some of the deficiencies in Defendants' production are addressed in Wildlife Florida's pending Motion to Compel.  (D.I. 31).

large volume of documents, the vendor could not complete the production until February 1. Id. ¶ 6. Upon receiving the copied materials that day, Wildlife Florida immediately sent them all to Defendants via overnight courier.[4] Id. ¶ 7.

Wildlife Florida has thus responded with a complete document production within a reasonable time after the requests. Defendants' own first document production — consisting of a woefully inadequate 29 pages — took about the same amount of time from the date of Wildlife Florida's first requests. Wildlife Florida's discovery responses have been timely.[5] It is certainly not Wildlife Florida's fault that Defendants waited until the last day to serve any discovery requests and then timed their deposition of Wildlife Florida's president to occur before the responses were even due.

Moreover, Defendants' representation that their discovery was "severely hampered" by "the relative lack of information provided by Mr. DeMoor" is misplaced and appears calculated to try to counter the legal insufficiency of Defendants' own preparation of their 30(b)(6) witness (the subject of a pending motion, see D.I. 31). The two situations are not parallel, for a critical reason: Defendants served a notice of deposition on Mr. DeMoor (Wildlife Florida's president) only in his personal capacity. Indeed, Defendants expressly chose not to depose Wildlife Florida as a corporate entity "in order to avoid the procedural 30(b)(6) issue." Ex. 3. Mr. DeMoor thus had no duty to prepare for the deposition beyond his personal knowledge because he was deposed only in his personal capacity and there was no schedule of topics for the deposition. By

---

[4] Defendants' emphasis on the fact that Wildlife Florida has only represented "verbally [*sic*], but not in writing" that they will have the documents by February 2 is puzzling. Defendants never requested any written confirmation of the delivery date. In any event, Wildlife Florida has complied with the February 2 deadline.

[5] Fed. R. Civ. P. 34(b) requires only that documents be made available in a reasonable, time, place and manner after the response to the requests are due. In this case, Wildlife Florida copied, Bates labeled, and shipped, at its own expense, over 2,500 pages of relevant and responsive documents and things just two weeks after its responses were due.

contrast, Defendants' witness was noticed as a 30(b)(6) witness with a schedule of specific topics he was required to inform himself about prior to his deposition.

**Defendants' Violation of Local Rule 37.1**

Defendants' Motion also fails for the reason that they failed to comply with the Local Rule 37.1 requirement to confer and attempt to resolve any issues prior to filing the Motion. On January 30, 2006, the parties held a telephone conference pursuant to Local Rule 37.1 regarding Wildlife Florida's now-pending Motion to Compel. Id. ¶ 8. At no point in that conference did Defendants indicate that they were contemplating a motion to compel production of documents. Id. ¶ 9. In fact, at no point prior to the day of that conference did Defendants even mention or object to Wildlife Florida's response to those requests. Id. ¶ 10. During the January 30 conference, Defendants' counsel did ask when he should expect Wildlife Florida's documents, and Wildlife Florida's counsel informed him that they would be sent by overnight courier on February 1. Id. ¶ 11. Defendants thus knew, as they filed this Motion, that they would have Wildlife Florida's document production within two days. This Motion appears to be a tactical move designed to falsely imply that both sides were in breach of discovery obligations rather than just one.

Moreover, it is not clear from Defendants' Motion what relief they could possibly be requesting.[6] They have not identified any deficiencies in Wildlife Florida's document production. Nor have they stated with particularity "[e]ach interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto." See Local Rule 37.1(b)(4). Wildlife Florida has

---

[6] In fact, in Defendants' copending Motion to Amend Scheduling Order to Extend Time for Fact Discovery, they apparently admit that they had no basis for filing this Motion. See D.I. 30 ¶ 4 ("defendants…are not in a position to determine whether any motions to compel or like motions will be appropriate to file.")

produced all relevant non-privileged documents.  Defendants have not identified anything they claim is missing.

Defendants' Motion is baseless and should be denied.

        WILDLIFE SOLUTIONS, INC.

        By its attorneys,

Dated: February 6, 2006

        __/s/ Adam J. Kessel_____
        Michael A. Albert, BBO # 558566
        malbert@wolfgreenfield.com
        Adam J. Kessel, BBO # 661211
        akessel@wolfgreenfield.com
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, Massachusetts 02210
        (617) 646.8000 Phone
        (617) 646.8646 FAX

        Of Counsel

        Michael L. Leetzow, Esq. (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

      I hereby certify that this document and its supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                  /s/ Adam J. Kessel
                                                  Adam J. Kessel