IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE SOLUTIONS, INC.,<br>  a Florida Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>THOMAS J. REILLY<br><br>and<br><br>WILDLIFE SOLUTIONS, INC.,<br>   a Massachusetts Corporation,<br><br>      Defendants. | Civil Action No. 1:05-cv-10180-FDS |

**DECLARATION OF MICHAEL L. LEETZOW IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

As counsel for Wildlife Solutions, Inc., a Florida Corporation ("Wildlife Florida"), I submit this declaration under penalty of perjury in opposition to Defendants' Motion to Compel Production of Documents:

1. Attached as Exhibit 1 is a copy of Defendants' Request for the Production of Documents, dated November 30, 2005.

2. Attached as Exhibit 2 is a copy of Plaintiff's Response to Defendants' Request for the Production of Documents, dated January 18, 2006.

3. Attached as Exhibit 3 is an copy of an email I received from Defendants' counsel on January 4, 2006.

4. On January 25, 2006, I arranged to have Wildlife Florida's documents processed by Warroom Document Solutions in Tampa, Florida, for copying and Bates numbering.

5. I instructed Warroom Document Solutions to proceed as rapidly as possible.

6.  Warroom Document Solutions indicated that they would complete the copying and labeling and return the documents to me on February 1, 2006.

7.  Shortly after I received and reviewed the copied documents on February 1, 2006, I served them on Defendants' counsel via overnight courier.

8.  On January 30, 2006, I participated in a telephone conference regarding Wildlife Florida's Motion to Compel.  Defendants' counsel, Richard Farrell, attended that conference, as did my co-counsel, Adam Kessel.

9.  At no point in that conference did Mr. Farrell indicate that he was contemplating a motion to compel the production of documents.

10. At no point prior to that conference did Mr. Farrell even mention or object to Wildlife Florida's response to those requests.

11. During the January 30 conference, Mr. Farrell asked when he should expect Wildlife Florida's documents, and I informed him that he would have the documents by Thursday, February 2.

Dated:  February 6, 2006                    /s/ Michael L. Leetzow
                                             Michael L. Leetzow


## CERTIFICATE OF SERVICE

I hereby certify that this document and its supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Adam J. Kessel
Adam J. Kessel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                                              Civ. No.  05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

### DEFENDANT WILDLIFE SOLUTIONS, INC.'S FIRST
### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Fed.R.Civ.P. 34, the defendant Wildlife Solutions, Inc. of Massachusetts

(hereafter Wildlife Massachusetts) hereby requests that plaintiff Wildlife Solutions, Inc. of

Florida (hereafter Wildlife Florida) produce for copying and inspection the documents and things

set forth below at the offices of Richard J. Farrell, 260 Boston Post Road, Suite 9, Wayland,

Massachusetts, 01778 within 45 days of service.

### DEFINITIONS

1.      The defendant Wildlife Solutions, Inc. of Massachusetts adopts the definitions set

forth in plaintiff's request for production of documents and things, to wit:

a.      As used herein, "Wildlife Florida's Mark" refers to Wildlife Florida's

mark WILDLIFE SOLUTIONS in any stylization.

b.      As used herein, "Wildlife Massachusetts' Mark" refers to Wildlife

Massachusetts' mark WILDLIFE SOLUTIONS in any stylization.

c.      As used herein, "Wildlife Florida's Services" refers to each and every

product or service that Wildlife Florida has ever sold, offered for sale,

promoted, or rendered under or in connection with Wildlife Florida's

Marks.

## DOCUMENTS AND THINGS REQUESTED

REQUEST NO. 1

All documents and things reviewed by Wildlife Florida in responding to the defendant's

Interrogatories.

REQUEST NO. 2

All documents which refer or relate to Wildlife Florida's activity in interstate commerce,

including but not limited to any franchise agreements, employment contracts, receipts, and/or

compensation documents.

REQUEST NO. 3

All documents which refer or relate to the business structure of Wildlife Florida, including

Corporate documents and minutes, franchise agreements, employment contracts, stock

certificates and other documents sufficient to determine the ownership, management and

business structure of Wildlife Florida.

REQUEST NO. 4

All documents and things relating to the form, use, publication, modification and/or design of

Wildlife Florida's Marks, including representative samples of all items bearing a logo or mark of

Wildlife Florida.

REQUEST NO. 5

All documents and things relating to the adoption, use, and application for registration by

Wildlife Florida of Wildlife Florida's Marks, including federal and state registrations.

REQUEST NO. 6

All documents which support Wildlife Florida's contention that there is actual or potential

confusion between its marks and those of Wildlife Massachusetts, including any documents

reflecting any confusion or inquiries about relationships between the two; or which relate to any

instance of a person having been confused, mistaken or deceived as to whether any product or

service offered for sale or sold by Wildlife Florida under Wildlife Florida's Mark were those of

Wildlife Massachusetts and/or related to Wildlife Massachusetts' Marks, or vice-versa.

REQUEST NO. 7

All documents and things relating to any objection or complaint by a third party regarding

Wildlife Florida's Marks, or any complaint brought against a third party by Wildlife Florida,

including agreements resolving same.

REQUEST NO. 8

All documents and things relating to, or constituting, any plans, market studies, consumer

research, evaluations or studies relating to the actual or proposed use of Wildlife Florida's Marks

in the New England states.

REQUEST NO. 9

All documents which support any contention by Wildlife Florida that defendant Thomas Reilly

does now or has ever used the marks "Wildlife Solutions" and/or "Wildlife Solutions of

Massachusetts."

REQUEST NO. 10

All documents and things referring or relating to Wildlife Massachusetts or Wildlife

Massachusetts' Mark and relating to Wildlife Florida's first awareness of Wildlife

Massachusetts' Mark, including any correspondence, complaints, inquiries or research relating in

any way to Wildlife Massachusetts.

REQUEST NO. 11

All documents and things which relate to Plaintiff's Allegation 1 of its amended complaint,

including documents reflecting business plans, incorporation, bylaws, minutes, officers, and lists

of directors and stockholders of Wildlife Florida.

REQUEST NO. 12

All documents and things which show that plaintiff's use of the mark WILDLIFE SOLUTIONS

has been continuous and substantial since 1997.

REQUEST NO. 13

All documents and things which reflect or establish actual or potential damages and/or loss of

reputation allegedly suffered by Wildlife Florida as a result of Wildlife Massachusetts' use of the

mark WILDLIFE SOLUTIONS, or upon which Wildlife Florida intends to rely upon directly or

indirectly to establish such damages at trial.

REQUEST NO. 14

All documents and things relating to any communication, whether oral or written, that suggests,

implies or infers any connection or association between Wildlife Massachusetts and Wildlife

Florida, and/or Wildlife Massachusetts' Mark and Wildlife Florida's Mark, or that inquires as to

whether there is or may be such a connection or association.

REQUEST NO. 15

All documents and things relating to the actual and projected sales, actual and projected expansion plans, profits and/or loss (including profit and loss statements), and dollar volume of Wildlife Florida's Services since it began using the mark WILDLIFE SOLUTIONS.

REQUEST NO. 16

Representative samples of all advertisements, including, but not limited to, advertisements in newspapers, magazines, radio, television, internet, catalogs and brochures produced by or on behalf of Wildlife Florida, featuring and/or relating to Wildlife Florida's Marks, including any appearances by Wildlife Florida's officer and/or director Steve DeMoor on Television.

REQUEST NO. 17

All documents and things relating to the actual and projected expenditures for advertising Wildlife Florida's Services from 1997 to the present, including documents and things which reflect the geographic areas and different states where Wildlife Florida advertises.

REQUEST NO. 18

All documents and things relating to licensing by any state for wildlife control, home improvement, or chemical application for any person affiliated with or employed by Wildlife Florida, including its employees, officers, directors, licensees, franchisees or contractors, and which reflect any limitations on any such licenses.

REQUEST NO. 19

All documents and things which relate to violations of any federal, state or municipal laws or regulations by Wildlife Florida or any of its employees or agents, including documents sufficient to determine any sanctions or resolutions of such violations from 1997 to the present.

-5-

REQUEST NO. 20

All documents and things relating to the subject matter, facts or circumstances as to which each

expert employed by Wildlife Florida in connection with this litigation is expected to testify.

REQUEST NO. 21

All documents and things relating to the sales price or projected sales price of each of Wildlife

Florida's Services.

REQUEST NO. 22

All documents and things relating to the channels of trade through which Wildlife Florida's

Services have been and will be marketed or distributed.

REQUEST NO. 23

All documents and things relating to the class of purchasers to which Wildlife Massachusetts'

Services have been and will be marketed or sold.

REQUEST NO. 24

All documents and things relating to all surveys, polls, tests, focus group studies, or other market

studies that Wildlife Florida has conducted, or plans to conduct, for possible use in this Litigation

or for purposes of promoting or selling Wildlife Florida's Services, or for the purposes of

determining the interstate market for its Services.

REQUEST NO. 25

Documents sufficient to determine Wildlife Florida's gross sales in dollars of Wildlife Florida's

Services since the beginning of Wildlife Florida's use of Wildlife Florida's Marks to the present.

REQUEST NO. 26

Documents sufficient to determine Wildlife Florida's profits from Wildlife Florida's Products

from the beginning of Wildlife Florida's use of Wildlife Florida's Marks to the present, including

any profit and loss statements.

REQUEST NO. 27

All documents and things Wildlife Florida intends to rely on in this lawsuit.

REQUEST NO. 28

All documents or things which demonstrate affirmative actions to protect Wildlife Florida's

trademark rights, including paid or unpaid advertisements in Wildlife Control trade magazines,

websites, and use of the trademark or servicemark symbols.

REQUEST NO. 29

All documents or things which refer or relate to any licensing or franchise agreements with any

third parties which relate to or involve the plaintiff's mark WILDLIFE SOLUTIONS.


                                         Wildlife Solutions, Inc. (of Massachusetts),
                                         By its Attorney:

Dated:          November 30, 2005

                                         Richard J. Farrell, Esq.
                                         MA BBO# 638017
                                         197M Boston Post Road West #177
                                         Marlborough, MA 01752
                                         508-358-5411

CERTIFICATE OF SERVICE

I, Richard Farrell, hereby certify that a true copy of the foregoing "DEFENDANT WILDLIFE SOLUTIONS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS" was served by federal express on lead counsel for the plaintiff, Michael Leetzow, at 5213 Shoreline Circle, Sanford, FL, 32771 on this 30th day of November, 2005.

_____
Richard J. Farrell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,
  a Florida Corporation,

        Plaintiff,

v.

THOMAS J. REILLY

and

WILDLIFE SOLUTIONS, INC.,
  a Massachusetts Corporation,

        Defendants.

Civil Action No. 1:05-cv-10180-FDS

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
## REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff Wildlife Solutions, Inc. of Florida ("Wildlife Florida" or "Plaintiff") hereby responds to the First Request for Production of Documents and Things propounded by Wildlife Solutions, Inc. of Massachusetts ("Wildlife Massachusetts" or "Defendant").

### GENERAL OBJECTIONS

1.    Wildlife Florida objects to requests that call for production of documents protected from discovery by the attorney-client privilege and/or work product immunity.

2.    Wildlife Florida objects to these requests as overly broad, unnecessarily burdensome, and calling for production of documents that are neither relevant, nor reasonably calculated to lead to discovery of relevant evidence.

3.    Wildlife Florida objects to producing documents containing confidential, proprietary, trade secret commercial, technical information; provided that Wildlife Florida will produce such documents subject a suitable protective order.

4.      Wildlife Florida objects to producing any document that Wildlife Florida is under a legal or contractual duty not to disclose to a third-party.

5.      Wildlife Florida objects to these requests to the extent that they impose any duty beyond that specified in the Federal or Local Rules.

6.      Wildlife Florida objects to these requests to the extent they seek information or materials already in the Defendants' possession.

7.      Wildlife Florida objects to these requests to the extent they call for production of documents not in existence at the time the suit was initiated.

8.      Wildlife Florida objects to these requests as vague and ambiguous.

9.      Responses to these requests, and production of documents are subject to and without waiver of any objections, including claims of privilege and/or work product.

10.      Agreement herein to produce, or a statement that Wildlife Florida is producing, categories of documents is not a representation that any such documents exist or are within Wildlife Florida's possession, custody or control.  Responsive documents will be or are being produced only if and to the extent that such responsive documents exist and are presently within Wildlife Florida's possession, custody or control.

RESPONSES

REQUEST NO. 1

All documents and things reviewed by Wildlife Florida in responding to the defendant's Interrogatories.

RESPONSE NO. 1

Wildlife Florida objects to this request as overbroad and unduly burdensome. Subject to this specific objection and the general objections, Wildlife Florida will produce nonprivileged documents responsive to this request.

REQUEST NO. 2

All documents which refer or relate to Wildlife Florida's activity in interstate commerce, including but not limited to any franchise agreements, employment contracts, receipts, and/or compensation documents.

RESPONSE NO. 2

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it fails to specify a reasonable temporal scope, and calls for many documents that would be redundant. Florida further objects to this request because it seeks confidential business information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents sufficient to determine its activity in interstate commerce.

REQUEST NO. 3

All documents which refer or relate to the business structure of Wildlife Florida, including Corporate documents and minutes, franchise agreements, employment contracts, stock certificates and other documents sufficient to determine the ownership, management and business structure of Wildlife Florida.

RESPONSE NO. 3

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request to the extent it seeks documents that are otherwise publicly available. Wildlife Florida further objects to this request because it fails to specify a reasonable temporal scope, and calls for many documents that would be redundant. Florida further objects to this request because it seeks confidential business information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents sufficient to determine its business structure that are not otherwise publicly available.

REQUEST NO. 4

All documents and things relating to the form, use, publication, modification and/or design of Wildlife Florida's Marks, including representative samples of all items bearing a logo or mark of Wildlife Florida.

RESPONSE NO. 4

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it fails to specify a reasonable temporal scope, and calls for many documents that would be redundant. Florida further objects to this request because it seeks confidential business information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wildlife Florida also objects to this interrogatory insofar as it refers to Wildlife Florida's "Marks," but Wildlife Massachusetts has only provided a definition for Wildlife Florida's "Mark," and thus the scope of this request is vague. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents sufficient to determine the form, use, publication, modification and/or design of its Mark.

964042.1                                      5

REQUEST NO. 5

All documents and things relating to the adoption, use, and application for registration by Wildlife Florida of Wildlife Florida's Marks, including federal and state registrations.

RESPONSE NO. 5

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida objects to this request to the extent that it seeks documents that are otherwise publicly available. Wildlife Florida further objects to this request because it fails to specify a reasonable temporal scope, and calls for many documents that would be redundant. Florida further objects to this request because it seeks confidential business information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wildlife Florida also objects to this interrogatory insofar as it refers to Wildlife Florida's "Marks," but Wildlife Massachusetts has only provided a definition for Wildlife Florida's "Mark," and thus the scope of this request vague. Wildlife Florida further objects to the extent that this request seeks documents that are covered by the attorney-client privilege or are attorney work product. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents relating to the adoption, use, and application for registration by Wildlife Florida of its Mark that are not otherwise publicly available.

REQUEST NO. 6

All documents which support Wildlife Florida's contention that there is actual or potential confusion between its marks and those of Wildlife Massachusetts, including any documents reflecting any confusion or inquiries about relationships between the two; or which relate to any instance of a person having been confused, mistaken or deceived as to whether any product or service offered for sale or sold by Wildlife Florida under Wildlife Florida's Mark were those of Wildlife Massachusetts and/or related to Wildlife Massachusetts' Marks, or vice-versa.

RESPONSE NO. 6

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida also objects to this request as vague insofar as it does not define what it means by "those" of Wildlife Massachusetts. Wildlife Florida further objects to the extent that this request seeks documents that are covered by the attorney-client privilege or are attorney work product. Subject to these specific objections and the general objections, Wildlife Florida will produced representative nonprivileged documents which support its contention that there is actual or potential confusion between its Mark and Wildlife Massachusetts' Mark.

REQUEST NO. 7

All documents and things relating to any objection or complaint by a third party regarding Wildlife Florida's Marks, or any complaint brought against a third party by Wildlife Florida, including agreements resolving same.

RESPONSE NO. 7

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to the extent that this request seeks documents that are covered by the attorney-client privilege or are attorney work product. Wildlife Florida also objects to this interrogatory insofar as it refers to Wildlife Florida's "Marks," but Wildlife Massachusetts has only provided a definition for Wildlife Florida's "Mark," and thus the scope of this request is vague. Wildlife Florida further objects to this request to the extent it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

964042.1                                    8

REQUEST NO. 8

All documents and things relating to, or constituting, any plans, market studies,

consumer research, evaluations or studies relating to the actual or proposed use of Wildlife

Florida's Marks in the New England states.

RESPONSE NO. 8

Wildlife Florida objects to this request as overbroad and unduly burdensome.  Florida

further objects to this request because it seeks confidential business information that is irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.  Wildlife Florida

also objects to this interrogatory insofar as it refers to Wildlife Florida's "Marks," but Wildlife

Massachusetts has only provided a definition for Wildlife Florida's "Mark," and thus the scope

of this request is vague.  Subject to these specific objections and the general objections, Wildlife

Florida will produce representative nonprivileged documents responsive to this request.


REQUEST NO. 9

All documents which support any contention by Wildlife Florida that defendant

Thomas Reilly does now or has ever used the marks "Wildlife Solutions" and/or "Wildlife

Solutions of Massachusetts."

RESPONSE NO. 9

Wildlife Florida objects to this request as overbroad and unduly burdensome.  Wildlife

Florida further objects to this request in that the information sought is already in possession of

Defendants.  Subject to these specific objections and the general objections, Wildlife Florida will

produce representative nonprivileged documents responsive to this request.

REQUEST NO. 10

All documents and things referring or relating to Wildlife Massachusetts or Wildlife Massachusetts' Mark and relating to Wildlife Florida's first awareness of Wildlife Massachusetts' Mark, including any correspondence, complaints, inquiries or research relating in any way to Wildlife Massachusetts.

RESPONSE NO. 10

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request insofar as it seeks documents that are protected by the attorney-client privilege or are attorney work product. Wildlife Florida further objects to this request to the extent it is duplicative of the previous request. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 11

All documents and things which relate to Plaintiff's Allegation 1 of its amended complaint, including documents reflecting business plans, incorporation, bylaws, minutes, officers, and lists of directors and stockholders of Wildlife Florida.

RESPONSE NO.11

Wildlife Florida objects to this request as overbroad and unduly burdensome. Florida further objects to this request because it seeks confidential business information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 12

All documents and things which show that plaintiff's use of the mark WILDLIFE SOLUTIONS has been continuous and substantial since 1997.

RESPONSE NO.12

Wildlife Florida objects to this request as overbroad and unduly burdensome. Subject to this specific objection and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

964042.1                                11

REQUEST NO. 13

All documents and things which reflect or establish actual or potential damages and/or loss of reputation allegedly suffered by Wildlife Florida as a result of Wildlife Massachusetts' use of the mark WILDLIFE SOLUTIONS, or upon which Wildlife Florida intends to reply upon directly or indirectly to establish such damages at trial.

RESPONSE NO. 13

Wildlife Florida objects to this request as overbroad and unduly burdensome. Subject to this specific objection and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 14

All documents and things relating to any communication, whether oral or written that suggests, implies or infers any connection or association between Wildlife Massachusetts and Wildlife Florida, and/or Wildlife Massachusetts' Mark and Wildlife Florida's Mark, or that inquires as to whether there is or may be such a connection or association.

RESPONSE NO. 14

Wildlife Florida objects to this request as overbroad and unduly burdensome. Subject to this specific objection and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 15

All documents and things relating to the actual and projected sales, actual and projected expansion plans, profits and/or loss (including profit and loss statements), and dollar volume of Wildlife Florida's Services since it began using the mark WILDLIFE SOLUTIONS.

RESPONSE NO. 15

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it seeks confidential business information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 16

Representative samples of all advertisements, including, but not limited to,
advertisements in newspapers, magazines, radio, television, internet, catalogs and brochures
produced by or on behalf of Wildlife Florida, featuring and/or relating to Wildlife Florida's
Marks, including any appearances by Wildlife Florida's officer and/or director Steve DeMoor on
Television.

RESPONSE NO. 16

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife
Florida also objects to this interrogatory insofar as it refers to Wildlife Florida's "Marks," but
Wildlife Massachusetts has only provided a definition for Wildlife Florida's "Mark," and thus
the scope of this request is vague. Subject to these specific objections and the general objections,
Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 17

All documents and things relating to the actual and projected expenditures for advertising Wildlife Florida's Services from 1997 to the present, including documents and things which reflect the geographic areas and different states where Wildlife Florida advertises.

RESPONSE NO. 17

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it seeks confidential business information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 18

All documents and things relating to licensing by any state for wildlife control, home improvement, or chemical application for any person affiliated with or employed by Wildlife Florida, including its employees, officers, directors, licensees, franchisees or contractors, and which reflect any limitations on any such licenses.

RESPONSE NO. 18

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 19

All documents and things which relate to violations of any federal, state or municipal laws or regulations by Wildlife Florida or any of its employees or agents, including documents sufficient to determine any sanctions or resolutions of such violations from 1997 to the present.

RESPONSE NO. 19

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.


REQUEST NO. 20

All documents and things relating to the subject matter, facts or circumstances as to which each expert employed by Wildlife Florida in connection with this litigation is expected to testify.

RESPONSE NO. 20

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request to the extent it attempts to impose expert disclosure requirements beyond those provided by the Federal Rules. Wildlife Florida also objects to the extent this request seeks information that is protected by the attorney-client privilege or that is attorney work product. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 21

All documents and things relating to the sales price or projected sales price of each Wildlife Florida's Services.

RESPONSE NO. 21

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 22

All documents and things relating to the channels of trade through which Wildlife Florida's Services have been and will be marketed or distributed.

RESPONSE NO. 22

Wildlife Florida objects to this request as overbroad and unduly burdensome. Subject to this specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 23

All documents and things relating to the class of purchasers to which Wildlife

Massachusetts' Services have been and will be marketed or sold.

RESPONSE NO. 23

Wildlife Florida objects to this request as overbroad and unduly burdensome.  Subject to

this specific objections and the general objections, Wildlife Florida will produce representative

nonprivileged documents responsive to this request.

REQUEST NO. 24

All documents and things relating to all surveys, polls, tests, focus group studies, or other

market studies that Wildlife Florida has conducted, or plan to conduct, for possible use in this

Litigation or for purposes of promoting or selling Wildlife Florida's Services, or for the purposes

of determining the interstate market for its Services.

RESPONSE NO. 24

Wildlife Florida objects to this request as overbroad and unduly burdensome.  Wildlife

Florida further objects to this request as duplicative of previous requests.  Florida further objects

to this request because it seeks confidential business information that is irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to these specific

objections and the general objections, Wildlife Florida will produce representative nonprivileged

documents responsive to this request.

REQUEST NO. 25

Documents sufficient to determine Wildlife Florida's gross sales in dollars of Wildlife Florida's Services since the beginning of Wildlife Florida's use of Wildlife Florida's Marks to the present.

RESPONSE NO. 25

Wildlife objects to this request as overbroad and unduly burdensome. Wildlife Florida also objects to this interrogatory insofar as it refers to Wildlife Florida's "Marks," but Wildlife Massachusetts has only provided a definition for Wildlife Florida's "Mark," and thus the scope of this request is vague. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 26

Documents sufficient to determine Wildlife Florida's profits from Wildlife Florida's Products from the beginning of Wildlife Florida's use of Wildlife Florida's Marks to the present, including any profit and loss statements.

RESPONSE NO. 26

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida also objects to this interrogatory insofar as it refers to Wildlife Florida's "Products," a term which is not defined in Wildlife Massachusetts' requests. Wildlife Florida also objects to this request as vague. Subject to these specific objections and the general objections, Wildlife Florida will produce nonprivileged documents responsive to this request.

REQUEST NO. 27

All documents and things Wildlife Florida intends to rely on in this lawsuit.

RESPONSE NO. 27

Wildlife Florida objects to this request as duplicative of previous requests. Subject to this specific objections and the general objections, Wildlife Florida will produce nonprivileged documents responsive to this request.


REQUEST NO. 28

All documents or things which demonstrate affirmative actions to protect Wildlife Florida's trademark rights, including paid or unpaid advertisements in Wildlife Control trade magazines, websites, and use of the trademark or servicemark symbols.

RESPONSE NO. 28

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request as duplicative of previous requests. Wildlife Florida also objects to this request to the extent it seeks documents covered by the attorney-client privilege or that are attorney work product. Subject to these specific objections and the general objections, Wildlife Florida will produce representative nonprivileged documents responsive to this request.

REQUEST NO. 29

All documents or things which refer or relate to any licensing or franchise agreements with any third parties which relate to or involve to plaintiff's mark WILDLIFE SOLUTIONS.

RESPONSE NO. 29

Wildlife Florida objects to this request as overbroad and unduly burdensome. Florida further objects to this request because it seeks confidential business information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

WILDLIFE SOLUTIONS, INC.,
A Florida Corporation

By its attorneys,

Dated: January 18, 2006

Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
Adam J. Kessel, BBO # 661211
akessel@wolfgreenfield.com
Wolf, Greenfield & Sacks, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000 Phone
(617) 646-8646 FAX

Of Counsel

Michael Leetzow, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Defendants by FIRST CLASS MAIL and EMAIL:

Mr. Richard J. Farrell, Jr.
Farrell Law
197M Boston Post Road
West 177
Marlborough, MA  01752

Adam J. Kessel

**Michael L. Leetzow**

| | |
|---|---|
| **From:** | Rich [rich@farrelllaw.com] |
| **Sent:** | Wednesday, January 04, 2006 7:13 PM |
| **To:** | 'Michael L. Leetzow' |
| **Subject:** | RE: Depositions |

I have no desire to distinguish between the depositions, which is pretty much why I didn't send a 30(b)(6) notice on your client. I know that Steve DeMoor is the president and driving force of WF, so I just noticed him in order to avoid the procedural 30(b)(6) issue. Anything that makes it go faster...

I anticipate mailing them by Friday, my client just has to get in here to sign them.

> **From:** Michael L. Leetzow [mailto:michael@leetzow.com]
> **Sent:** Wednesday, January 04, 2006 1:17 PM
> **To:** 'Rich'
> **Subject:** RE: Depositions
>
> Let's plan it this way. We will take the depositions on the 17th, and if we don't finish, then we can arrange for something the following week. How does that work for you? And it may go faster if we do not formally distinguish between the two depositions – since I assume that he will be the witness for the 30(b)(6) deposition as well. Let me know if you agree.
>
> Also, do you know when are you going to update the interrogatory responses?
>
> Michael L. Leetzow, P.A.
> 5213 Shoreline Circle
> Sanford, Florida 32771
> michael@leetzow.com
> (407) 302-9970
> (407) 302-9973 Fax
> (407) 489-0606 Mobile
> www.leetzow.com
>
> NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (407-302-9970) or by electronic mail (michael@leetzow.com), and delete this message and all copies and backups thereof. Thank you.
> =========================================================
>
> **From:** Rich [mailto:rich@farrelllaw.com]
> **Sent:** Wednesday, January 04, 2006 12:12 PM
> **To:** 'Michael L. Leetzow'
> **Subject:** RE: Depositions
>
> Michael,
>
> I just opened my mail, and I have a trial date for January 23. Now the only two consecutive days I have

available are that thursday and friday, the 26th and 27th.  Unless you want to schedule for non-consecutive days, which seems more difficult for you where you're coming up from Florida.

---

**From:** Michael L. Leetzow [mailto:michael@leetzow.com]
**Sent:** Tuesday, January 03, 2006 4:55 PM
**To:** 'Rich'
**Subject:** RE: Depositions

Yes, I will be taking it.  Yes, possibly it could take more than one day.

Michael L. Leetzow, P.A.
5213 Shoreline Circle
Sanford, Florida 32771
michael@leetzow.com
(407) 302-9970
(407) 302-9973 Fax
(407) 489-0606 Mobile
www.leetzow.com


NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the  intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (407-302-9970) or by electronic mail (michael@leetzow.com), and delete this message and all copies and backups thereof. Thank you.
=======================================================

**From:** Rich [mailto:rich@farrelllaw.com]
**Sent:** Tuesday, January 03, 2006 4:43 PM
**To:** 'Michael L. Leetzow'
**Subject:** RE: Depositions

I am available for the Tuesday one, but not the Wednesday one.  Are you coming up for them?  If so, do you anticipate it taking more than one day to do the deposition?

---

**From:** Michael L. Leetzow [mailto:michael@leetzow.com]
**Sent:** Tuesday, January 03, 2006 4:25 PM
**To:** 'Rich'
**Subject:** Depositions

Any thoughts on the depositions that we noticed?


Michael L. Leetzow, P.A.
5213 Shoreline Circle
Sanford, Florida 32771
michael@leetzow.com
(407) 302-9970

(407) 302-9973 Fax
(407) 489-0606 Mobile
www.leetzow.com

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (407-302-9970) or by electronic mail (michael@leetzow.com), and delete this message and all copies and backups thereof. Thank you.
======================================================