IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE SOLUTIONS, INC.,<br>  a Florida Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS J. REILLY<br><br>and<br><br>WILDLIFE SOLUTIONS, INC.,<br>   a Massachusetts Corporation,<br><br>        Defendants. | Civil Action No. 1:05-cv-10180-FDS |

**OPPOSITION TO DEFENDANTS' MOTION
TO AMEND SCHEDULING ORDER TO EXTEND TIME FOR FACT DISCOVERY**

Defendants' Motion to Extend the Scheduling Order reflects their consistent practice of delay, stonewalling, and running up Plaintiff's costs in an attempt to avoid the merits of this case. The Court should deny the Motion because Defendants can not show "good cause" to amend the Scheduling Order.

**Background**

This is a simple trademark infringement case. Plaintiff and Defendants use the identical mark (WILDLIFE SOLUTIONS) for the identical services (the removal of nuisance wildlife), marketed to the same class of customers (property owners). Plaintiff started using the mark in 1997 and obtained a Federal Trademark Registration for the mark in 1999. Even under their own theory of the case, Defendants began using the mark no earlier than 2003. Under these simple and undisputed facts, a six month discovery period was more than sufficient.

Defendants have presented two arguments as to why they believe they are entitled to an extension of discovery. Neither argument has merit. Those arguments are: (1) they received Wildlife Florida's document production on February 2 (Mot. ¶¶ 2, 6) and (2) Wildlife Florida's president could not answer every question asked at his deposition to Defendants' satisfaction (Mot. ¶¶ 3, 6). While neither of these claims, even if accurate, would justify a discovery extension, it should be obvious that any issues Defendants have with Plaintiff's discovery responses are entirely of their own doing.

The history of discovery in this case makes clear why Defendants have no basis to request an extension. The Court entered its Scheduling Order in this case on August 24, 2005, providing that Initial Disclosures would be completed by August 11, 2005. (D.I. 14.) The Scheduling Order also provided a December 1, 2005 deadline for all requests for production of documents and interrogatories. Thus, under the Court's Scheduling Order, the bulk of discovery should have occurred between August 11 and December 1, with the remaining two months being used to follow up on any remaining loose ends.

Plaintiff Wildlife Solutions of Florida ("Wildlife Florida") served its initial disclosures on August 9, 2005, and served its first set of Document Requests and Interrogatories that same day. Wildlife Florida has diligently pursued its requests throughout the discovery period. Despite Wildlife Florida's nearly weekly letters, emails, and phone calls requesting that Defendants provide complete discovery responses, Defendants still have not completed their interrogatory responses or produced numerous responsive documents, including several that they had in their possession at their depositions on January 17 but still have not produced well over two weeks later. Some of the outstanding issues with Defendants' discovery responses are addressed in two pending Motions to Compel. (D.I. 22, 31.)

Although Defendants could have served discovery requests any time after August 10 pursuant to Local Rule 26.2, they waited until the evening of November 30, 2005, the day before the deadline and nearly four months after the start of discovery, before serving any discovery requests. (D.I. 36 Ex. 1). In those requests, Defendants requested Wildlife Florida respond to the Document Requests <u>within 45 days of service</u>.[1] Defendants noticed the deposition of Wildlife Florida's president for January 11, 2006, <u>only 42 days after they served their discovery requests on Wildlife Florida</u>. Accordingly, Defendants could not possibly have expected to receive documents prior to the deposition.

Wildlife Florida's responses to those requests were timely. Moreover, consistent with Fed. R. Civ. P. 34(b), Wildlife Florida copied, Bates labeled, and shipped, at its own expense, over 2,500 pages of relevant and responsive documents and things just two weeks after its written responses were due. Wildlife Florida has completed its document production. That Wildlife Florida served its documents at the close of discovery is simply a result of Defendants having waited until the last possible day to serve their requests. Defendants were free to serve their requests earlier, but chose not to. They should not now be permitted to extend discovery on the basis of their inactivity for most of the discovery period.

Furthermore, Defendants' representation that its discovery was "severely hampered" by "the relative lack of information provided by Mr. DeMoor" is misplaced and appears calculated to try to counter the legal insufficiency of Defendants' own preparation of their 30(b)(6) witness (the subject of a pending motion). The two situations are not parallel, for a critical reason: Defendants served a notice of deposition on Mr. DeMoor (Wildlife Florida's president) only in

---

[1] The requesting party is permitted to specify a longer time for response than the 30 day period provided for by Fed. R. Civ. P. 34(b). <u>See</u> 8A Wright, Miller & Marcus, Federal Practice and Procedure Civil 2d § 2213.

985851.1                                            - 3 -

his personal capacity. Indeed, Defendants expressly chose not to depose Wildlife Florida as a corporate entity "in order to avoid the procedural 30(b)(6) issue." (D.I. 36 Ex. 3.) Mr. DeMoor thus had no duty to prepare for the deposition beyond his personal knowledge because he was deposed only in his personal capacity and there was no schedule of topics for the deposition. By contrast, Defendants' witness was noticed as a 30(b)(6) witness with a schedule of specific topics he was required to inform himself about prior to his deposition, but had not even <u>seen</u> that schedule prior to his deposition. (D.I. 32 at 6.)

**<u>Argument</u>**

Fed. R. Civ. P. 16(b) requires a party seeking leave to modify the scheduling order to show "good cause." The Advisory Committee Notes to this Rule explain that the schedule should only be modified where the party seeking the extension has demonstrated "diligence" in attempting to meet the original deadlines. The First Circuit has repeatedly noted this emphasis on "the diligence (or lack thereof) of the moving party" in determining whether that party can meet the "good cause" standard. <u>Steir v. Girl Scouts of the USA</u>, 383 F.3d 7, 12 (1st Cir. 2004); <u>O'Connell v. Hyatt Hotels of P.R.</u>, 357 F.3d 152, 154-155 (1st Cir. 2004) <u>accord</u> <u>Berwind Property Group Inc. v. Environmental Management Group, Inc.</u>, 2005 WL 3406509, at *5 (D. Mass. Dec. 5, 2005) ("The 'good cause' standard under Rule 16(b) emphasizes the diligence of the party seeking amendment…"). <u>See also</u> <u>Claytor v. Computer Assocs. Int'l, Inc.</u>, 211 F.R.D. 665, 667 (D. Kan. 2003) (upholding Magistrate's denial of motion for extension of schedule where party waited until day before discovery deadline to seek additional time and never brought motion to compel discovery prior to that).

Defendants were not diligent. They waited until the last day to serve any discovery requests, and then did not even <u>mention</u> their outstanding requests to Wildlife Florida until two

985851.1                                    - 4 -

days before the end of discovery. The facts here match precisely those of <u>Claytor</u>, where the court denied a motion for an extension of schedule because it was filed the day before the discovery deadline.

Defendants have never objected to any of Wildlife Florida's responses to its interrogatories. Their purported objection to their deposition of Wildlife Florida's president, raised for the first time at the close of discovery, is without merit: they never served a notice of deposition on Wildlife Florida under Fed. R. Civ. P. 30(b)(6), even after their deposition of its president, although they were free to do so. Similarly, their purported objection to the timing of Wildlife Florida's document production was also raised for the first time at the close of discovery, despite the fact that they knew, by serving their requests on the last possible day, that they would only receive documents at the close of discovery. To allow Defendants further discovery would be to reward their inaction.

This is a simple case. Wildlife Florida has already been forced to expend unwarranted time and money on the discovery process due to Defendants' stonewalling. Defendants have failed to exercise any diligence in discovery, whether in responding to Wildlife Florida's requests or in pursuing their own. The Court should deny this Motion.

|  |  |
|---|---|
|  | WILDLIFE SOLUTIONS, INC. |
|  | By its attorneys, |
| Dated: February 6, 2006 |   /s/ Adam J. Kessel<br>Michael A. Albert, BBO # 558566<br>malbert@wolfgreenfield.com<br>Adam J. Kessel, BBO # 661211<br>akessel@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>(617) 646.8000 Phone<br>(617) 646.8646 FAX<br><br>Of Counsel<br><br>Michael L. Leetzow, Esq. (admitted *pro hac vice*) |

## CERTIFICATE OF SERVICE

    I hereby certify that this document and its supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                    /s/ Adam J. Kessel
                                                    Adam J. Kessel