UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                                    Civ. No.  05-CV-10180-FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY


**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Now come the defendants and oppose the Plaintiff's Motion styled as "Motion to Compel

Wildlife Massachusetts to Produce a Witness Pursuant to Fed.R.Civ.P. 30(b)(6) and for

Sanctions.

**FACTUAL BACKGROUND**

This case is a trademark action filed by the plaintiff, a Florida corporation, against

Wildlife Solutions, Inc. (Wildlife Massachusetts), a Massachusetts corporation, and against its

president and shareholder, Thomas J. Reilly individually.  This case was filed before the

corporation was able to change its corporate name and while the defendants were determining

how to best resolve the conflict with Wildlife Florida.

The plaintiff have taken the position that the defendant Wildlife Massachusetts[1] has been

"stonewalling" in its discovery obligations.  Quite to the contrary, Wildlife Massachusetts has

---

[1]It is nearly impossible to discern from the plaintiff's pleadings and arguments what their
claim against Mr. Reilly personally is.  It appears that the plaintiff are trying to "pierce the
corporate veil" by alleging that Mr. Reilly's corporation is somehow not legitimately
incorporated or by showing that he has made errors in filings with the Trademark Commission.
Regardless, the defendant Mr. Reilly has produced all documents and answered all
interrogatories served on him.  Furthermore, the plaintiff's Motion is directed at Wildlife
Massachusetts, and as such, Wildlife Massachusetts is responding to this Motion to Compel.

-1-

responded fully and forthrightly in its discovery obligations, and produced documents which are beyond the scope of its obligations to try to appease the plaintiff, which has proven impossible.

With each successive letter, plaintiff's counsel has attempted to expand the scope of the defendants' discovery obligations, which has culminated in this Motion to Compel. Plaintiff's reluctance to subpoena or depose witnesses which it thinks are necessary to its case is now being 'taken out on the defendant' by requesting the defendant produce such a witness and/or produce all the testimony such a witness might provide. This is simply beyond the scope of the rules of discovery.

The tone of the Memoranda[2] submitted by the plaintiff in this matter exposes the strategy and hostility of the plaintiff. Defendants' counsel has responded to each request for additional information made by the plaintiff, regardless of whether the request was within the scope of discovery or not. At plaintiff's behest, defendants' counsel requested documents in the possession of the attorney who incorporated Wildlife Solutions, Inc., which the defendants provided without argument.

The plaintiff made document requests which were extremely broad, and which were objected to as such. Despite that, the defendants produced much of the documentation responsive to those requests, and will continue to supplement its production as necessary. In the meantime, the plaintiff has grown ever more hostile and unreasonable in its responses to the defendants' attempts to satisfy plaintiff, including going so far as to accuse the defendants of destroying evidence. The two alleged bases for the Motion to Compel demonstrate the approach

_____

[2]Indeed, in the pleadings relating to the Motion to Compel relating to Mr. Frain, there are substantial material misstatements of fact regarding the statements of defendants counsel.

that plaintiff has taken in this litigation:

A.     <u>The Document Production</u>

Counsel for the defendants became aware of the Plaintiff's discovery requests in September, 2005, by telephone contact from the attorneys for the plaintiff.[3]  After being provided copies of the discovery, the defendants responded as quickly and thoroughly as possible.

Shortly after receipt of the documents, plaintiff's counsel responded with a lengthy letter detailing the alleged deficiencies in the defendants' production.  Counsel for the defendants diligently pursued the documents requested by the plaintiff, and has continued to produce additional documents for the plaintiff.  Two of these alleged deficiencies are particularly noteworthy, the first of which was an email supposedly missing from Wildlife Massachusetts' production, and the second being documents in the possession of Thomas Frain, Esq., the attorney who incorporated Wildlife Massachusetts.

With regard to the email, Wildlife Massachusetts simply does not have the email. Nonetheless, this touched off accusations against the defendants for destroying evidence and failing to meet their discovery obligations.  Put simply, Wildlife Massachusetts cannot produce what it does not have, and it is noteworthy that the email which was allegedly sent to Wildlife Massachusetts was apparently dated before this litigation, was apparently sent by counsel for the plaintiff, and is actually in the possession of the plaintiff.

---

[3]Wildlife Massachusetts has no reason to believe that the requests were not properly served.  However, for whatever reason its counsel did not receive the requests when they were initially served.  Nonetheless, the plaintiff continues to insinuate that this was somehow related to a 'stonewalling' tactic by the defendants.

The second issue was the documents in the possession of Mr. Frain.  Counsel for the defendants wrote a letter to Mr. Frain, a copy of which was provided to the plaintiff, requesting all documents in his possession.   Mr. Frain's associate demanded a release,[4] and therefore Mr. Reilly personally went to Mr. Frain's office to retrieve the documents from the attorney.

Mr. Frain's 'files' consisted of some correspondence and Wildlife Massachusetts' corporate 'book,' which were immediately produced to the plaintiff.  For whatever reason, plaintiff then issued a subpoena to Mr. Frain seeking documents relating to Wildlife Massachusetts and Mr. Reilly.  By telephone, counsel for the defendants informed counsel for the plaintiff that all the documents were already produced.  Mr. Frain's office then requested of defendants yet another release, the scope of which was well beyond that necessary for the subpoena.

Plaintiff then filed the Motion to Compel Mr. Frain to comply with the subpoena.  As the defendants already produced the documents sought by the plaintiff,[5] the defendants had no reason to oppose either the subpoena (for documents) or the Motion, and therefore did not respond.  Nonetheless, plaintiff has requested sanctions *from the defendants*, who never opposed the subpoena, for not *actively assisting* the plaintiff in its inquest.

Defendants have updated their Interrogatory Responses as requested by plaintiff, and have

---

[4]Wildlife Massachusetts was incorporated by Attorney Frain.  There clearly remains an open issue as to whether Mr. Frain may have liability to Mr. Reilly or Wildlife Massachusetts for his actions.  Plaintiff went so far as to request all documents which related to any actions against Mr. Frain, even though no such actions have been taken.  However, as a result of potential liability, Mr. Reilly and Wildlife Massachusetts are understandably unwilling to sign a release.

[5]The 'saga' of Mr. Frain is symptomatic of the discovery problems in this case.  The defendants have produced the documents, and plaintiff seem to believe that they haven't.  This is the essential underpinning of the instant Motion to Compel.

produced the documents which are responsive, unobjected to, and in their custody or control. These are the obligations imposed by the Rules of Civil Procedure, and this is what the defendants have done.

B.    The Deposition of Mr. Reilly

As the Court is likely aware, Wildlife Solutions, Inc. is a small business incorporated under the laws of Massachusetts.  Mr. Reilly is the president, and, depending on the time of year, its only employee.  As such, Mr. Reilly is the person knowledgeable about the activities and actions of Wildlife Massachusetts.

The actual Rule 30(b)(6) Notice of Deposition is filed as an exhibit to the plaintiff's Motion to Compel, as document 33-9.  The Notice specifies that Wildlife Massachusetts is to designate "persons to testify on its behalf on the subjects listed in the attached Schedule A."  One of the items on that schedule requests that the deponent testify regarding "Wildlife Massachusetts' website and other Internet activities."

The schedule, as a whole, tracks closely the interrogatories served on Wildlife Massachusetts.  There are **no** topics on the schedule which were not included in the interrogatories.  And finally, the person who answered the interrogatories, Mr. Reilly, President of Wildlife Solutions, is the person knowledgeable about those topics.

Nevertheless, plaintiff inexplicably claims that Mr. Reilly was not prepared for the deposition and not prepared to testify as to the topics listed on the schedule.  Plaintiff's interrogatories ask about the internet presence of Wildlife Solutions, Inc., but do not request information pertaining to the 'webmaster' or person responsible for managing the website.  The schedule provided pursuant to the Rule 30(b)(6) motion also fails to specify with 'reasonable

particularity' the nature of the information requested regarding the website.[6]

Wildlife Massachusetts does not prepare its own website, another person publishes and edits the website.  Upon request in the deposition, Wildlife Massachusetts' representative freely disclosed that information and the extent of the relationship, and provided the plaintiff with the name of the person who maintains its website and who might possess information about it.


## **ARGUMENT**

A.    The Corporate Deponent produced a prepared witness for the Rule 30(b)(6) deposition.

There is more than a small amount of irony to the plaintiff's position that Wildlife Massachusetts' designee was unprepared to testify as to the matters regarding the corporation, since Mr. Reilly is the President and sole shareholder of the corporation.  Furthermore, the topics about which the plaintiff inquired were thoroughly researched in the preparation of the defendants' Responses to Interrogatories.  It would be pretty much impossible for a deponent to be more knowledgeable about the activities of a corporation than when that person is the Shareholder, President, Manager and Employee.[7]

In preparing for the deposition, Mr. Reilly reviewed the topics covered by the Notice by reviewing the areas covered by the Interrogatories, and was knowledgeable as to those topics. The fact that counsel for the plaintiff was able to ask questions for which Mr. Reilly did not know the answer does not mean he was unprepared for the deposition.

---

[6]Neither the Notice nor Interrogatories state that plaintiff will be inquiring regarding the specific dates of publishing or changing of the websites.

[7]Wildlife Massachusetts has employees that are hired and laid off on an as-needed basis, but it does not have a permanent full-time workforce.

Furthermore, some of the topics which Plaintiff claims Mr. Reilly was inadequately informed about are preposterous. See Plaintiff's Motion to Compel at 13. He was only the person responsible for creation and development of the mark, and retained Mr. Frain to clear or evaluate the mark. He is the only party with any knowledge about the adoption, use, and/or application for registration of the involved marks. He is solely responsible for Wildlife Massachusetts' advertisements and marketing activities.

What remains is plaintiff's claim Mr. Reilly was unprepared to testify regarding the "website and other internet activities" and "The factual basis for each of the Affirmative Defenses in Defendants' Amended Answer." The first of these is at best vague, and not readily understandable as having the breathtaking scope assigned to it by plaintiff. The second of these is basically identical to the Interrogatory on the same topic.[8]

Many of the questions which Mr. Reilly was unable to answer precisely pertain to the dates and times that content was added or taken from the website. Mr. Reilly was the corporate employee who requested or made those changes, and answered to the best of his, and thereby the corporation's, knowledge and recollection (the corporation has no records as to when any of those changes were made). Plaintiff did not make clear that it would be seeking those dates with specificity, and apparently is not content with Mr. Reilly's answers to its questions. However, the proper remedy for that is an additional interrogatory, a subpoena, a specific document request regarding that, a request for admission, or perhaps most reasonably, taking defendants' counsel up on his offer to procure that information. Instead, plaintiff chose to submit this Motion to

---

[8]Defendants further note that since the plaintiff had failed to provide ANY documents prior to the time of Mr. Reilly's deposition, he was unable to determine from that discovery whether there were additional factual underpinnings to the Affirmative Defenses.

Compel.

With regard to the "website and other internet activities," the defendants note that even under the cases cited by the plaintiff, including in particular Poole ex. re. Elliott v. Textron, Inc., 192 F.R.D. 494 (D. Md. 2000), "the corporation has an obligation to investigate and identify and if necessary prepare a designee for each listed subject area and produce that designee as noticed..."  Mr. Reilly was able to testify as to the "listed subject area," but was merely not able to give the answers sought by the plaintiff.  The Calzaturficio case is equally unavailing, because the plaintiff does not and cannot contend that Mr. Reilly was unable to speak for the corporation. Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co., 201 F.R.D. 33, 36 (D. Mass. 2001) (where deponent responded that he "can't represent what the company knew. I can only represent what I knew at that time").  The deponent met his obligation to prepare for the deposition, and cannot be in violation of his duty to prepare merely because plaintiff does not believe the answers to the questions are complete or accurate.

B.    The Deponent's preparation for the deposition was more than adequate, and he answered truthfully questions posed to him by plaintiff's counsel.

Not only did Mr. Reilly review the Answers to Interrogatories which cover the same topics as the Deposition Notice, but he is the person who makes the decisions for the corporation. While it is true that the outside provider for his website has information that Mr. Reilly has the "right, authority, or practical ability to obtain," it is also true that he was unaware that he would need to have documentation with him to provide dates and times for website postings, which

would have been properly requested by subpoena duces tecum.[9]

Finally, defendant notes that he thoroughly informed the plaintiff who provides his web services.  It is well within the plaintiff's capability and right to subpoena those records on its own as a result of information which was gained as a result of its deposition.[10]  This would be of no greater inconvenience to the plaintiff than to the defendant, and the defendant would have to pay its provider for the research requested by the plaintiff.  The Court should also note that defendants' counsel offered at the discovery conference to research the information that the plaintiff felt lacking, but that plaintiff have not stated what information would be satisfactory regarding the website, and continue to fail to specify it in this Motion.

C.    <u>Plaintiff should not be awarded sanctions or costs relating to this, as the defendants have acted in good faith and the plaintiff is using this Motion as a litigation tactic.</u>

The final analysis of the plaintiff's motion to compel is that it is designed to frustrate, complicate and prolong this litigation.

Firstly, defendants counsel offered to provide whatever information was available to Mr. Reilly from Mr. Kashuba to the plaintiff during the discovery conference pursuant to Local Rule

---

[9]Plaintiff's counsel asked a multitude of questions regarding the dates that sites were put up or taken down, including sites that Mr. Reilly did not recall registering, which would have required extensive documentation to even respond to.

[10]The defendant notes that plaintiff actually possessed information regarding these dates that was unknown to the defendants.  Plaintiff appears to possess hard copies of old websites posted by the defendant or by its contractors, which the defendant itself does not currently possess.  The resource which was used by plaintiff to do so was one that was not known to the defendants.

37.1.  However, defendants' counsel stated that the defendants were not going to "do the plaintiff's discovery for them," meaning that the defendants could not provide that information which *Mr. Kashuba* could not provide.  The defendants offer to provide information from Mr. Kashuba remains open at the plaintiff's request, but plaintiff has failed to state what it wants with specificity.

Absent from the Plaintiff's Motion is a statement of what they actually demanded of defendants' counsel by telephone during that conference.  What the plaintiff demanded is that Mr. Reilly re-appear for deposition with unspecified additional information regarding the website, and on top of that, plaintiff demanded that Wildlife Massachusetts pay for plaintiff's attorneys fees and costs for taking this second deposition.  This is plainly unreasonable, and the defendants' refusal to accede to this demand is what triggered this Motion to Compel.

As to producing documents, Wildlife Florida refuses to state with specificity what it believes is missing from the documentation, with one exception.[11]  Wildlife Massachusetts continues to object to a request for customer lists, maintains that it has no obligation to provide customer lists to its competition, and does not have other documentation relevant to 'classes of consumers.'  As to advertising, counsel for the defendant has provided the documentation in the defendants' custody and control, and has obtained additional Verizon invoices for the plaintiff.

The defendants believe that plaintiff's actions are an attempt to bully the plaintiff into "giving up."  This case is a classic example of where the defendants are being bullied by the superior financial resources of the plaintiff, and the ability of plaintiff's counsel to bury the

---

[11]For the first time in its Motion to Compel, Plaintiff is now specifically requesting the customer lists of Wildlife Massachusetts.  At no time prior, including in the parties' discovery conference, were these lists ever demanded.

defendants in paper. The defendants note that the Motion to Compel and the Oppositions to the Plaintiff's Motions exceed 100 pages in total (including exhibits).

The defendants maintain that the terms "Wildlife Solutions" are not distinctive and not proper for trademark protection. Plaintiff has expended considerable resources in its approach to this case, and has now filed this Motion to Compel rather than working with the defendants' counsel to accommodate its requests. The sanctions requested by the plaintiff should be denied.

## CONCLUSION

Wherefore, the defendants in this action ask that this Court deny the plaintiff's Motion to Compel as to both the deposition and the document production, and order that the plaintiff pay such attorneys fees and costs as were incurred in the filing of this Opposition, as counsel for the defendants offered to provide the unobjected to information sought by this Motion.

Respectfully Submitted,
By his attorney,

Dated: February 13, 2006                /s/ RICHARD FARRELL

Richard J. Farrell, Esq.
MA BBO# 638017
197M Boston Post Road West #177
Marlborough, MA 01752
508-358-5411

-11-

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.


_____ /s/ Richard Farrell
RICHARD FARRELL