IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,
  a Florida Corporation,

       Plaintiff,

v.

THOMAS J. REILLY

and

WILDLIFE SOLUTIONS, INC.,
    a Massachusetts Corporation,

     Defendants.

Civil Action No. 1:05-cv-10180-FDS

**REPLY DECLARATION OF ADAM J. KESSEL IN SUPPORT OF MOTION
TO COMPEL WILDLIFE MASSACHUSETTS TO PRODUCE A WITNESS
PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FOR SANCTIONS**

As counsel for Wildlife Solutions, Inc., a Florida Corporation ("Wildlife Florida"), I submit this declaration under penalty of perjury in support of Wildlife Florida's Motion to Compel Wildlife Massachusetts to Produce a Witness Pursuant to Fed. R. Civ. P. 30(b)(6) and for Sanctions:

1.  Attached as Exhibit A is an excerpt from the January 17, 2006 Deposition of Defendants in this case.

2.  Attached as Exhibit B are Wildlife Massachusetts' Responses to Wildlife Florida's Requests for Documents and Things, served on September 30, 2005.

3.  Attached as Exhibit C are Wildlife Florida's Responses to Thomas J. Reilly's Interrogatories, served on January 6, 2006.

Dated: February 21, 2006

                      /s/ Adam J. Kessel
                      Adam J. Kessel

Thomas J. Reilly                                          01/17/2006

122

1    first set of request for admissions.

2                    (Exhibit 11 marked

3                    for identification.)

4        Q.    Are these your Wildlife Massachusetts'

5    response to Wildlife Florida's request for admissions?

6        A.    I believe that they are.

7        Q.    Did you provide these answers to Mr. Farrell?

8        A.    Yes.

9        Q.    Can you please read request for admission

10   number 15?

11       A.    "Admit that plaintiff and defendant both

12   advertise on the Internet."

13       Q.    And the response?

14       A.    It says, "Admitted.

15       Q.    So you do advertise on the Internet?

16       A.    Yes.  Well, it's more of an informational

17   thing than it is an advertising as it doesn't really

18   bring in any commerce anymore, so --

19       Q.    If you could read request number 19, please,

20   and the response.

21       A.    "Admit that defendant has, since learning of

22   Wildlife Florida's mark, increased the use of Wildlife

23   Massachusetts' marks."  Response, "Denied."

24       Q.    When did you learn of Wildlife Florida's

Thomas J. Reilly                                    01/17/2006

123

1   mark?

2       A.   The federal mark itself?  When you informed

3   me of it.

4       Q.   So that would have been November of 2000 --

5       A.   Of 2004, correct.

6       Q.   And you advertise in the Yellow Pages.  I

7   think that was your last --

8       A.   That's correct, yes.

9            MR. LEETZOW:  I assume you have more

10  Verizon documents and stuff with you.

11           MR. FARRELL:  I do.  I still don't have

12  copies of them.

13           MR. LEETZOW:  That's all right.

14      Q.   If you'll turn to page 84, please.

15      A.   84?

16      Q.   83.  I'm sorry.  If you go to Exhibit No. 1,

17  document number 83.  There's no indication on my copy

18  of document 83 that that's for Wildlife Solutions of

19  Massachusetts, but I would assume that this is

20  directory advertising for Wildlife Massachusetts; is

21  that correct?

22      A.   This is correct.

23      Q.   And does this list all of the advertising

24  that Wildlife Massachusetts does in the Yellow Pages?

Case 4:05-cv-10180-FDS    Document 43-3    Filed 02/21/2006    Page 3 of 3

Thomas J. Reilly                                    01/17/2006

124

1        A.    It's not current, no.

2        Q.    At this time, is this current as of

3    March -- This is dated March 1st of '05?

4        A.    March 1st of '05, yes.

5        Q.    Would this be all of the directory

6    advertising that Wildlife Massachusetts does as of this

7    date?

8        A.    Yes.

9        Q.    Is that also true of page 84 dated 6/1 of

10   '05?

11       A.    Yes.

12       Q.    In comparing pages 83 and 84, it looks as

13   though there's a new Shrewsbury Wbro, dash, Nbro,

14   Massachusetts that's included in June of 2005.  It's

15   not on the March 2005.  Is that correct?

16       A.    Yes, correct.

17       Q.    So would I be correct in assuming that you

18   put a new advertisement in a directory for Shrewsbury

19   Wbro-Nbro in June of 2005?

20             MR. FARRELL:  Objection.

21       Q.    You meaning Wildlife Massachusetts.

22       A.    Yes.  Wildlife Massachusetts dropped a bigger

23   distribution book for a smaller distribution book, so

24   we actually decreased the use of the mark, not

Case 4:05-cv-10180-FDS   Document 43-4   Filed 02/21/2006   Page 1 of 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, Inc. (of Florida)

v.                                          Civ. No.  05-CV-10180 FDS

WILDLIFE SOLUTIONS, Inc. and
THOMAS J. REILLY

## DEFENDANT WILDLIFE SOLUTIONS, INC.'S RESPONSE
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 34, the defendant Wildlife Solutions, Inc. of Massachusetts

(hereafter Wildlife Massachusetts) hereby responds to Plaintiff's First Request for Production of

Documents as follows:

### GENERAL OBJECTIONS

Each document request is responded to subject to the general objections set forth below.

i.      Wildlife Massachusetts objects to the document requests to the extent that they call for

the production of documents or disclosure of information protected by the attorney-client

privilege, or the work-product privilege, or information which is otherwise not

discoverable under Fed.R.Civ.P.  26 and 34.

ii.     Wildlife Massachusetts objects to the instructions set forth in the document requests to

the extent that the requirements they seek to impose are overly broad, unduly burdensome

and oppressive.

These responses are based on the present knowledge of the officers and/or employees of

Wildlife Massachusetts.  Wildlife Massachusetts reserves the right to supplement, amend or

-1-

otherwise change these responses in the event that discovery reveals facts that would justify such supplementation, amendment or change.

INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to its General Objections, Wildlife Massachusetts specifically responds to plaintiff's enumerated document requests as follows:

REQUEST NO. 1

All documents and things the identity of which are requested in Plaintiffs Interrogatories to Defendant served contemporaneously herewith, segregated by interrogatory number.

**Response 1:**    The Articles of Incorporation shall be provided, together with profit and loss reports and reports reflecting the costs of services/goods derived from the Quickbooks database. The Tax Schedules for Wildlife Solutions, Inc. shall be provided, but the individual tax returns, such that they are distinct from the subchapter "S" corporation returns, shall not be produced.

REQUEST NO. 2

All documents and things reviewed and/or relied upon by Wildlife Massachusetts to respond to Plaintiff's Interrogatories to Defendant, segregated by interrogatory number.

**Response 2**:    The requested items shall be produced in response to Request No. 1.

REQUEST NO. 3

All documents and things relating to the creation, selection, development, modification, earliest use, searching, clearance, or evaluation of Wildlife Massachusetts' Marks, including the results of any investigation or search.

**Response 3**:    The only such documents within the defendant's custody and control are the

-2-

Case 4:05-cv-10180-FDS    Document 43-4    Filed 02/21/2006    Page 3 of 11

Articles of Incorporation and bill from Attorney Frain. Any other responsive
documents within the plaintiff's custody or control shall be produced.

REQUEST NO. 4

All documents and things relating to the adoption, use, and application for registration by
Wildlife Massachusetts of Wildlife Massachusetts' Marks, including federal and state
registrations.

**Response 4**:    All documents relating to an application for a federal registration of
"Massachusetts Wildlife Solutions" shall be produced.

REQUEST NO. 5

All documents and things relating to any other opposition, inter partes proceeding, or
litigation involving Wildlife Massachusetts' Marks, including agreements resolving same.

**Response 5**:    There are no such documents within the defendant's custody or control.

REQUEST NO. 6

All documents and things relating to any objection or complaint by a third party regarding
Wildlife Massachusetts' Marks, including agreements resolving same.

**Response 6**:    All such documents, consisting of correspondence from Attorney Leetzow, shall
be produced.

REQUEST NO. 7

All documents and things relating to, or constituting, any plans, market studies, consumer
research, evaluations or studies relating to the actual or proposed use of Wildlife
Massachusetts' Marks from date of conception to present.

**Response 7**:    There are no such documents.

-3-

REQUEST NO. 8

All documents and things relating to Wildlife Massachusetts' Trademark Application.

**Response 8**: All such documents within the defendant's custody and control shall be produced.

REQUEST NO. 9

All documents and things relating to Wildlife Massachusetts' decision to change from the

mark PAC OF HUDSON and/or PROBLEM ANIMAL CONTROL OF HUDSON to

WILDLIFE SOLUTIONS and/or MASSACHUSETTS WILDLIFE SOLUTIONS.

**Response 9**: All such documents shall be produced in response to Request No. 3.

REQUEST NO. 10

All documents and things, including, but not limited to, any search reports or opinions,

relating to any trademark or service mark search conducted by or for Wildlife

Massachusetts with respect to Wildlife Florida's Mark, Wildlife Massachusetts' Marks, or

marks similar thereto containing the words WILDLIFE or SOLUTIONS.

**Response 10**: There are no documents or things constituting such a search report or opinion.

REQUEST NO. 11

All documents and things comprising or relating to any opinion of counsel on which

Wildlife Massachusetts intends to rely in this lawsuit.

**Response 11**: There are no such documents.

REQUEST NO. 12

All documents and things relating to any complaint, litigation, mediation, or other claim

or process against any attorney with respect to Wildlife Massachusetts' decision to change

marks from PAC OF HUDSON and/or PROBLEM ANIMAL CONTROL OF HUDSON

-4-

to WILDLIFE SOLUTIONS and/or MASSACHUSETTS WILDLIFE SOLUTIONS.

**Response 12**: All such documents within the plaintiff's custody and control shall be produced.

REQUEST NO. 13

All documents and things relating to any surveys or polls which were conducted by or for

Wildlife Massachusetts to determine actual confusion or likelihood of confusion between

Wildlife Florida's Mark and Wildlife Massachusetts' Marks.

**Response 13**: There are no such documents or things.

REQUEST NO. 14

All documents and things relating to the actual and projected sales, number of units and

dollar volume of Wildlife Massachusetts' Services.

**Response 14**: Quickbooks reports showing actual sales and dollar volume of Wildlife

Massachusetts' Services shall be produced. No part of the Quickbooks database

reflecting customer lists shall be produced, however.

REQUEST NO. 15

All documents and things relating to any use and/or proposed use of Wildlife

Massachusetts' Marks on or in connection with Wildlife Massachusetts' Services.

**Response 15**: All things bearing a logo or insignia of Wildlife Massachusetts shall be produced

for inspection at a mutually convenient time and place.

REQUEST NO. 16

Representative samples of all advertisements, including, but not limited to,

advertisements in newspapers, magazines, radio, television, catalogs and brochures

produced by or on behalf of Wildlife Massachusetts, featuring and/or relating to Wildlife

-5-

Case 4:05-cv-10180-FDS   Document 43-4   Filed 02/21/2006   Page 6 of 11

Massachusetts' Marks.

**Response 16**: Any such documents within the defendant's custody or control shall be produced.

REQUEST NO. 17

All documents and things relating to the actual and projected expenditures for advertising

Wildlife Massachusetts' Services.

**Response 17**: All invoices for Verizon Yellow Pages shall be produced.

REQUEST NO. 18

All documents and things relating to Wildlife Massachusetts' first awareness of Wildlife

Florida's Mark.

**Response 18**: All correspondence from Attorney Leetzow shall be produced.

REQUEST NO. 19

All documents and things relating to Wildlife Florida or Wildlife Florida's Mark.

Objection:     The defendant objects to this Request on the grounds that it is overly broad and

vague, and beyond the scope of the Rules of Procedure. Notwithstanding its

objection, the defendant responds as follows:

**Response 19**: There are no such documents or things within the defendant's custody or control.

REQUEST NO. 20

All documents and things relating to the subject matter, facts or circumstances as to

which each expert employed by Wildlife Massachusetts in connection with this litigation

is expected to testify.

**Response**:     Wildlife Massachusetts has not yet determined whether to retain an expert in this

litigation.

-6-

Case 4:05-cv-10180-FDS    Document 43-4    Filed 02/21/2006    Page 7 of 11

REQUEST NO. 21

All documents and things relating to any instance of a person having been confused, mistaken or deceived as to whether any product or service offered for sale or sold by Wildlife Florida under Wildlife Florida's Mark were those of Wildlife Massachusetts and/or related to Wildlife Massachusetts' Marks, or vice-versa.

**Response 21**: There are no such documents or things within the plaintiff's custody or control.

REQUEST NO. 22

A sample of each different label, package, container, brochure, stationery, price list, advertisement, article and promotional item relating to or bearing Wildlife Massachusetts' Marks.

**Response 22**: All such items shall be made available for inspection at a mutually convenient time and place.

REQUEST NO.23

All documents and things relating to the sales price or projected sales price of each of Wildlife Massachusetts' Services.

Objection: The defendant objects that this Request is vague and overly broad. Notwithstanding this objection, the defendant responds as follows:

**Response 23**: The defendant is not aware of any documents responsive to this Request within its custody or control.

REQUEST NO. 24

All documents and things relating to the channels of trade through which Wildlife Massachusetts' Services have been and will be marketed or distributed.

Case 4:05-cv-10180-FDS    Document 43-4    Filed 02/21/2006    Page 8 of 11

Objection:    The defendant objects to this Request as it is impermissibly vague and overbroad, and the defendant cannot properly respond.

REQUEST NO.25

All documents and things relating to the class of purchasers to which Wildlife Massachusetts' Services have been and will be marketed or sold.

Objection:    The defendant objects to this Request as it is impermissibly vague and overbroad, and the defendant cannot properly respond.

REQUEST NO. 26

All documents and things relating to all advertising media which was used or may be used to promote Wildlife Massachusetts' Services.

Objection:    The defendant objects on the grounds that this request is overly broad and unduly burdensome. Notwithstanding its objection, the defendant responds as follows:

Response:    All Verizon invoices shall be provided, as well as other documents responsive to this request which are within the plaintiff's custody and control.

REQUEST NO. 27

All documents and things relating to projected or budgeted annual expenditures for advertising or promoting Wildlife Massachusetts' Services during the past three years and each of the next three years and the advertising media in which such promotion is anticipated to take place.

**Response 27**: All such documents within the plaintiff's custody and control shall be provided.

REQUEST NO. 28

All documents and things relating to all surveys, polls, tests, focus group studies, or other

-8-

market studies that Wildlife Massachusetts has conducted, or plans to conduct, for

possible use in this Litigation or for purposes of promoting or selling Wildlife

Massachusetts' Services.

**Response 28**: There are no such documents or things under the defendant's custody or control.

#### REQUEST NO.29

All documents and things relating to any communication, whether oral or written, that

suggests, implies or infers any connection or association between Wildlife Massachusetts

and Wildlife Florida, and/or Wildlife Massachusetts' Mark and Wildlife Florida's Mark,

or that inquires as to whether there is or may be such a connection or association.

**Response 29**: There are no such documents or things under the defendant's custody or control.

#### REQUEST NO. 30

Documents sufficient to determine Wildlife Massachusetts' gross sales in dollars of

Wildlife Massachusetts' Services since the beginning of Wildlife Massachusetts' use of

Wildlife Massachusetts' Marks to the present.

**Response 30**: Quickbooks Reports sufficient to determine Wildlife Massachusetts' gross sales

shall be provided from May 1, 2003 to present.

#### REQUEST NO. 31

Documents sufficient to determine Wildlife Massachusetts' costs in providing Wildlife

-9-

Massachusetts Services since the beginning of Wildlife Massachusetts use of Wildlife

Massachusetts' Marks to the present.

**Response 31**: The Quickbooks Reports sufficient to provide that information shall be produced.

REQUEST NO. 32

Documents sufficient to determine Wildlife Massachusetts' profits from Wildlife

Massachusetts' Products from the beginning of Wildlife Massachusetts' use of Wildlife

Massachusetts' Marks to the present.

**Response 32**: The Quickbooks Reports sufficient to determine this information shall be

produced.


REQUEST NO. 33

All documents and things Wildlife Massachusetts intends to rely on in this lawsuit.

**Response 33:** All such documents and things shall be produced.

Case 4:05-cv-10180-FDS     Document 43-4     Filed 02/21/2006     Page 11 of 11

Objections by:

Richard J. Farrell, Esq.
MA BBO# 638017
197M Boston Post Road West #177
Marlborough, MA 01752
508-358-5411

Signed under the pains and penalties of perjury this 30 day of September, 2005.

Thomas J. Reilly

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,
  a Florida Corporation,

        Plaintiff,

v.

THOMAS J. REILLY

and

WILDLIFE SOLUTIONS, INC.,
  a Massachusetts Corporation,

        Defendants.

Civil Action No. 1:05-cv-10180-FDS

## PLAINTIFF'S RESPONSES TO DEFENDANT THOMAS J. REILLY'S FIRST SET OF INTERROGATORIES TO WILDLIFE SOLUTIONS, INC. OF FLORIDA

Plaintiff Wildlife Solutions, Inc. of Florida ("Wildlife Florida" or "Plaintiff") hereby

responds to the First Set of Interrogatories by Thomas J. Reilly ("Reilly" or "Defendant").

### GENERAL OBJECTIONS

1.    Wildlife Florida objects to requests that call for information or documents

protected from discovery by the attorney client privilege and/or work product immunity.

2.    Wildlife Florida objects to these requests as overly broad, unnecessarily

burdensome, and calling for information or documents that are neither relevant, nor reasonably

calculated to lead to discovery of relevant evidence.

3.    Wildlife Florida objects to these interrogatories to the extent answers require

disclosing confidential, proprietary, trade secret commercial, technical information; provided that

Wildlife Florida will provide such information and documents subject a suitable protective order.

4.    Wildlife Florida objects to providing any information or documents that Wildlife Florida is under a legal or contractual duty not to disclose to a third-party.

5.    Wildlife Florida objects to these requests to the extent that they impose any duty beyond that specified in the Federal or Local Rules.

6.    Wildlife Florida objects to these requests to the extent they seek information or materials already in the Defendants' possession.

7.    Wildlife Florida objects to these requests to the extent they call for information or documents not in existence at the time the suit was initiated.

8.    Wildlife Florida objects to these requests as vague and ambiguous.

9.    Responses to these requests, and production of documents are subject to and without waiver of any objections, including claims of privilege and/or work product.

10.    Agreement herein to produce, or a statement that Wildlife Florida is producing, categories of documents is not a representation that any such documents exist or are within Wildlife Florida's possession, custody or control.  Responsive documents will be or are being produced only if and to the extent that such responsive documents exist and are presently within Wildlife Florida's possession, custody or control.

## RESPONSES

### INTERROGATORY NO. 1

Please state the name of the person completing these interrogatories, and their date of birth, occupation, residence and business addresses, and the ownership and/or management role of Wildlife Florida.

### RESPONSE NO. 1

Wildlife Florida objects to this interrogatory insofar as the term "completing" is vague. Wildlife Florida furthers object to the request for birth date as irrelevant and not reasonably calculated to lead to admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida responds as follows:

Steve DeMoor, October 15, 1974, Co-owner. Residence: 7411 Colonial Lane, Sanford, FL 32771. Business address: 5544 Benchmark Lane, Suite 104, Orlando, FL 32773.

F. Christian Agnew, June 8, 1974, Co-owner. Residence: 139 Riverview Rd, Mt. Juliet, TN 37122. Business address: P.O. Box 1270, Mt. Juliet, TN 37122.

### INTERROGATORY NO. 2

Identify and describe in detail all damages alleged to be suffered by Wildlife Florida as a result of defendant Thomas Reilly's conduct, including a description of how such damages were incurred and a complete list of all lost customers or opportunities.

### RESPONSE NO. 2

Wildlife Florida objects to this interrogatory as overbroad and unduly burdensome. Wildlife Florida further objects to this interrogatory as premature, as discovery is not yet

complete and some of the information required to answer this interrogatory is only in
Defendants' possession. Subject to these specific objections and the general objections, Wildlife
Florida responds as follows:

Wildlife Florida's damages through the use of its Mark by Defendants include, without
limitation, the loss of control of Plaintiff's reputation, services sold, and goodwill. Furthermore,
Wildlife Florida is unable to control the nature and the quality of Defendants' goods and
services. Any negligence, omissions, or affirmative actions on the part of Defendants while
providing goods and services under Wildlife Florida's Mark may be attributed to and injure
Wildlife Florida. Wildlife Florida has further been damaged by the costs and fees it has incurred
in attempting to negotiate a reasonable settlement prior to this lawsuit, and in bringing this
lawsuit.

### REQUEST NO. 3

State all facts upon which you base your contention that Thomas Reilly is personally
liable for the acts and/or omissions of Wildlife Solutions, Inc. of Massachusetts.

### RESPONSE NO. 3

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad.
Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of
Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory
as premature because discovery is not yet complete and some of the information necessary to
fully respond to this interrogatory is only in Defendants' possession. Subject to these specific
objections and the general objections, Wildlife Florida responds as follows:

974862.1                                    4

Thomas Reilly, as the sole proprietor of Problem Animal Control Of Hudson, is the individual registrant of at least two domain names, www.wildlifesolutions.biz and www.pacofhudson.com. Websites posted at both of those domain names use the federally registered trademark WILDLIFE SOLUTIONS of Wildlife Florida and are represented to be the official websites of Wildlife Massachusetts. There are at least four websites that indicate that the defendant Wildlife Massachusetts is Mr. Reilly's: www.aaanimalcontrol.com/Professional-Trapper/wildlife/MA-Worcester-Wildlife.htm and also on

www.aaanimalcontrol.com/Professional-Trapper/pest/MA-Worcester-Pest-Control.htm, www.aaanimalcontrol.com/Professional-Trapper/county/MA-Worcester-County-Animal-Services.htm, and www.aaanimalcontrol.com/Professional-Trapper/trapper/MA-Worcester-Trappers.htm. Mr. Reilly also filed a federal trademark application for MASSACHUSETTS WILDLIFE SOLUTIONS that incorporates the federally registered trademark of Wildlife Florida. Mr. Reilly was the sole proprietor of PAC of Hudson (Problem Animal Control of Hudson), which he currently advertises as the predecessor to Defendant Wildlife Massachusetts.

## INTERROGATORY NO. 4

If you contend that Thomas Reilly has represented that he offers services on behalf of Wildlife Florida, Identify [sic] each such instance of confusion, mistake or deception including the date and place the incident occurred, an identification of the person who was confused, mistaken or deceived, and the goods or services offered.

## RESPONSE NO. 4

Wildlife Florida objects to this interrogatory as premature because discovery is not yet complete and some of the information necessary to fully respond to this interrogatory is only in

Defendants' possession. Subject to this specific objections and the general objections, Wildlife Florida responds as follows:

One example of actual confusion between Mr. Reilly and Wildlife Florida is an email dated August 4, 2004. This email was received through Wildlife Florida's website (www.wildlifesolutions.com) inquiring about the relationship between Wildlife Massachusetts and Wildlife Florida and whether Mr. Reilly was reputable.

## INTERROGATORY NO. 5

Identify and describe any relationship between any owner or principal of Wildlife Florida and the author, creator, or owner of wildlifepro software.

## RESPONSE NO. 5

Wildlife Florida objects to this interrogatory as irrelevant and not likely to lead to the discovery of admissible evidence. Wildlife Florida further objects to this interrogatory as vague and ambiguous. Subject to these specific objections and the general objections, Wildlife Florida states:

Wildlife Florida is not aware of any relationship between any owner or principal of Wildlife Florida and the author, creator, or owner of wildlifepro software.

## INTERROGATORY NO. 6

Identify and describe in detail all damages alleged to be suffered by Wildlife Florida as a result of Thomas Reilly's conduct, including a description of how such damages were incurred and a complete list of all lost customers or opportunities.

## RESPONSE NO. 6

Wildlife Florida objects to this interrogatory as being redundant. Subject to this specific objection and the general objections, Wildlife Florida answers that the damages include those through the use of its Mark by Defendants include the loss of control of Plaintiff's reputation, services sold, and goodwill. Furthermore, Wildlife Florida is unable to control the nature and the quality of Defendants' goods and services. Any negligence, omissions, or affirmative actions on the part of Defendants while providing goods and services under Wildlife Florida's Mark may be attributed to and injure Wildlife Florida. Wildlife Florida has further been damaged by the costs and fees it has incurred in attempting to negotiate a reasonable settlement prior to this lawsuit, and in bringing this lawsuit.

## INTERROGATORY NO. 7

Identify and state the factual basis upon which you contend that the defendant Thomas Reilly now uses or ever has used the marks "Wildlife Solutions" and/or "Massachusetts Wildlife Solutions," specifying each and every fact upon which you intend to rely upon to prove the same at trial.

## RESPONSE NO. 7

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad. Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of

974862.1                                    7

Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory as premature because discovery is not yet complete and some of the information necessary to fully respond to this interrogatory is only in Defendants' possession. Subject to these specific objections and the general objections, Wildlife Florida responds as follows:

Plaintiff asserts that uses of the mark WILDLIFE SOLUTIONS are proven by the sworn statement by Mr. Reilly of his use of the Mark MASSACHUSETTS WILDLIFE SOLUTIONS in the federal trademark application serial No. 78/518,184 filed by Mr. Reilly and also by use of Wildlife Florida's Mark WILDLIFE SOLUTIONS in the website name and on the website www.wildlifesolutions.biz, and also on the website www.pacofhudson.com, both websites being registered to Mr. Reilly as the sole proprietor of Problem Animal Control of Hudson. Mr. Reilly also advertises as "Thomas Reilly's Wildlife Solutions" on the websites, www.aaanimalcontrol.com/Professional-Trapper/wildlife/MA-Worcester-Wildlife.htm, www.aaanimalcontrol.com/Professional-Trapper/pest/MA-Worcester-Pest-Control.htm, www.aaanimalcontrol.com/Professional-Trapper/county/MA-Worcester-County-Animal-Services.htm, and www.aaanimalcontrol.com/Professional-Trapper/trapper/MA-Worcester-Trappers.htm. Other uses of the Mark may be found during discovery.

## INTERROGATORY NO. 8

Identify each person who furnished any information used in answering each of the foregoing interrogatories, and for each person so identified, indicate the interrogatory for which such person furnished information, and identify all documents referred to, or considered by, such person in answering or preparing to answer such interrogatories.

## RESPONSE NO. 8

Wildlife Florida objects to this interrogatory as overbroad and unduly burdensome. Subject to this specific objection and the general objections, Wildlife Florida directs Defendants to its response to Interrogatory No. 1 and its responses to Defendants' Requests for Documents.

## INTERROGATORY NO. 9

Identify each and every trade or professional association with which Wildlife Florida, its officers or directors are associated or a member of since 1997, including any trade association from which the party has been barred or banned, and the reason for such bar or ban, if applicable.

## RESPONSE NO. 9

Wildlife Florida objects to this request as overbroad and unduly burdensome. Wildlife Florida further objects to this request because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and the general objections, Wildlife Florida answers that it is or has been a member of at least the following organizations:

Better Business Bureaus in Florida, South Carolina, and Tennessee; Florida Animal Control Association; National Animal Control Association; Nuisance Wildlife Control Operators Association; Florida Wildlife Control Association; Wildlife Society; Friends of the Weikiva; and Rocky Mountain Elks Foundation.

**974862.1**                                                    9

## INTERROGATORY NO. 10

Identify each and every mark, including the marks other than WILDLIFE SOLUTIONS, which has been used by Frank Agnew, Steve DeMoor, or Wildlife Solutions, Inc. of Florida since 1995, including the time periods such marks are or were used.

## RESPONSE NO. 10

Wildlife Florida objects to this interrogatory because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wildlife Florida further objects to this interrogatory as overbroad and unduly burdensome. Subject to these specific objections and the general objections, Wildlife Florida states that it has three other Marks registered at the United States Patent and Trademark Office. Plaintiff has also incorporated the Mark WILDLIFE SOLUTIONS in other Marks, which will be reflected in documents produced pursuant to Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 11

State each and every fact upon which you base your contention that the defendant REILLY [sic] now or has ever used the mark WILDLIFE SOLUTIONS in his personal capacity.

## RESPONSE NO.11

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad. Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory as premature because discovery is not yet complete and some of the information necessary to fully respond to this interrogatory is only in Defendants' possession. Wildlife Florida further

974862.1                                          10

objects to this interrogatory as redundant. Subject to these specific objections and the general objections, Wildlife Florida responds as follows:

Plaintiff asserts that uses of the mark WILDLIFE SOLUTIONS are proven by the sworn statement by Mr. Reilly of his use of the Mark MASSACHUSETTS WILDLIFE SOLUTIONS in the federal trademark application serial No. 78/518,184 filed by Mr. Reilly and also by use of Wildlife Florida's Mark WILDLIFE SOLUTIONS in the website name and on the website www.wildlifesolutions.biz, and also on the website www.pacofhudson.com, both websites being registered to Mr. Reilly as the sole proprietor of Problem Animal Control of Hudson. Mr. Reilly also advertises as "Thomas Reilly's Wildlife Solutions" on the websites, www.aaanimalcontrol.com/Professional-Trapper/wildlife/MA-Worcester-Wildlife.htm, www.aaanimalcontrol.com/Professional-Trapper/pest/MA-Worcester-Pest-Control.htm, www.aaanimalcontrol.com/Professional-Trapper/county/MA-Worcester-County-Animal-Services.htm, and www.aaanimalcontrol.com/Professional-Trapper/trapper/MA-Worcester-Trappers.htm. Other uses of the Mark may be found during discovery.

## INTERROGATORY NO. 12

State each and every fact upon which you base your contention that the defendant REILLY [sic] now or ever has used the mark MASSACHUSETTS WILDLIFE SOLUTIONS in his personal capacity.

## RESPONSE NO.12

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad. Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory

as premature because discovery is not yet complete and some of the information necessary to

fully respond to this interrogatory is only in Defendants' possession. Wildlife Florida further

objects to this interrogatory as redundant. Subject to these specific objections and the general

objections, Wildlife Florida responds as follows:

Plaintiff asserts that uses of the mark WILDLIFE SOLUTIONS are proven by the sworn

statement by Mr. Reilly of his use of the Mark MASSACHUSETTS WILDLIFE SOLUTIONS

in the federal trademark application serial No. 78/518,184 filed by Mr. Reilly and also by use of

Wildlife Florida's Mark WILDLIFE SOLUTIONS in the website name and on the website

www.wildlifesolutions.biz, and also on the website www.pacofhudson.com, both websites being

registered to Mr. Reilly as the sole proprietor of Problem Animal Control of Hudson. Mr. Reilly

also advertises as "Thomas Reilly's Wildlife Solutions" on the websites,

www.aaanimalcontrol.com/Professional-Trapper/wildlife/MA-Worcester-Wildlife.htm,

www.aaanimalcontrol.com/Professional-Trapper/pest/MA-Worcester-Pest-Control.htm,

www.aaanimalcontrol.com/Professional-Trapper/county/MA-Worcester-County-Animal-

Services.htm, and www.aaanimalcontrol.com/Professional-Trapper/trapper/MA-Worcester-

Trappers.htm. Other uses of the Mark may be found during discovery.

## INTERROGATORY NO. 13

State in detail the damages suffered by Wildlife Florida as a result of the acts or omissions of Thomas Reilly, itemizing any monetary amounts and stating any facts which constitute harm to the reputation or goodwill of Wildlife Florida.

## RESPONSE NO. 13

Wildlife Florida objects to this interrogatory as overbroad and unduly burdensome. Wildlife Florida further objects to this interrogatory as premature, as discovery is not yet complete and some of the information required to answer this interrogatory is only in Defendants' possession. Subject to these specific objections and the general objections, Wildlife Florida responds as follows:

Wildlife Florida's damages through the use of its Mark by Defendants include the loss of control of Plaintiff's reputation, services sold, and goodwill. Furthermore, Wildlife Florida is unable to control the nature and the quality of Defendants' goods and services. Any negligence, omissions, or affirmative actions on the part of Defendants while providing goods and services under Wildlife Florida's Mark may be attributed to and injure Wildlife Florida. Wildlife Florida has further been damaged by the costs and fees it has incurred in attempting to negotiate a reasonable settlement prior to this lawsuit, and in bringing this lawsuit.

## INTERROGATORY NO. 14

State each and every fact upon which you base your contention that Thomas Reilly has suggested to consumers or customers that it [sic] is affiliated [sic] or related to Wildlife Florida.

## RESPONSE NO. 14

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad. Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory as premature because discovery is not yet complete and some of the information necessary to fully respond to this interrogatory is only in Defendants' possession. Subject to these specific objections and the general objections, Wildlife Florida responds as follows:

Mr. Reilly is the sole proprietor of PAC Of Hudson, which is the registrant of two domain names, www.wildlifesolutions.biz and www.pacofhudson.com. WILDLIFE SOLUTIONS is prominently displayed on both websites and the company name in the website address www.wildlifesolutions.biz leads ordinary consumers to believe that he may be or is related to Plaintiff Wildlife Florida. Plaintiff also asserts that uses of the mark WILDLIFE SOLUTIONS in the federal trademark application serial No. 78/518,184 filed by Mr. Reilly also indicate an affiliation, association, sponsorship, or license by Plaintiff. Mr. Reilly also advertises as "Thomas Reilly's Wildlife Solutions" on the websites,

www.aaanimalcontrol.com/Professional-Trapper/wildlife/MA-Worcester-Wildlife.htm,

www.aaanimalcontrol.com/Professional-Trapper/pest/MA-Worcester-Pest-Control.htm,

www.aaanimalcontrol.com/Professional-Trapper/county/MA-Worcester-County-Animal-Services.htm, and www.aaanimalcontrol.com/Professional-Trapper/trapper/MA-Worcester-Trappers.htm. Other uses of the Mark may be found during discovery.

## INTERROGATORY NO. 15

State each and every fact upon which you base your contention that Thomas Reilly intended to either divert Internet users in search of Wildlife Florida's website or had a bad faith intent to profit from Wildlife Florida's mark.

## RESPONSE NO. 15

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad. Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory as premature because discovery is not yet complete and some of the information necessary to fully respond to this interrogatory is only in Defendants' possession. Subject to these specific objections and the general objections, Wildlife Florida responds as follows:

Mr. Reilly chose a name for his company, Wildlife Solutions, Inc., and a website address, www.wildlifesolutions.biz, that are the same as and include the federally registered trademarks of plaintiff Wildlife Florida. Mr. Reilly has increased the advertising and use of the Mark WILDLIFE SOLUTIONS since learning of Wildlife Florida's Mark. Mr. Reilly also filed a federal trademark application for the Mark MASSACHUSETTS WILDLIFE SOLUTIONS after learning of Plaintiff and its Mark.

974862.1                                15

## INTERROGATORY NO. 16

State each and every fact upon which you base your allegation that plaintiff has or will suffer harm to its business, reputation and/or goodwill as a result of Thomas Reilly's actions or inactions.

## RESPONSE NO. 16

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad. Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory as premature because discovery is not yet complete and some of the information necessary to fully respond to this interrogatory is only in Defendants' possession. Wildlife Florida further objects to this interrogatory as redundant. Subject to these specific objections and the general objections, Wildlife Florida responds that its damages through the use of its Mark by Defendants include the loss of control of Plaintiff's reputation, services sold, and goodwill. Furthermore, Wildlife Florida is unable to control the nature and the quality of Defendants' goods and services. Any negligence, omissions, or affirmative actions on the part of Defendants while providing goods and services under Wildlife Florida's Mark may be attributed to and injure Wildlife Florida. Wildlife Florida has further been damaged by the costs and fees it has incurred in attempting to negotiate a reasonable settlement prior to this lawsuit, and in bringing this lawsuit.

974862.1                                      16

Case 4:05-cv-10180-FDS     Document 43-2     Filed 02/21/2006     Page 17 of 19

INTERROGATORY NO. 17

State each and every fact upon which you base your contention that Thomas Reilly's actions or inactions constitute unfair or deceptive trade practices.

RESPONSE NO. 17

Wildlife Florida objects to this interrogatory as unduly burdensome and overbroad. Wildlife Florida further objects to this interrogatory to the extent it exceeds the requirements of Local Rule 26.5(c)(8) and the Federal Rules. Wildlife Florida also objects to this interrogatory as premature because discovery is not yet complete and some of the information necessary to fully respond to this interrogatory is only in Defendants' possession. Wildlife Florida further objects to this interrogatory as redundant. Subject to these specific objections and the general objections, Wildlife Florida responds as follows:

Mr. Reilly has willfully incorporated a federally registered trademark into his company's name and website address, causing confusing to the consuming public. He has also filed a federal trademark application incorporating Wildlife Florida's trademark. Mr. Reilly is advertising using Wildlife Florida's federally registered trademark, implying that the goods and services provided by Mr. Reilly are in some way affiliated with or sponsored by Wildlife Florida, when in fact they are not.

## JURAT

On behalf of the Plaintiff, I have read the foregoing responses to interrogatories. Said responses were prepared by or with the assistance of agents, employees, and/or representatives of Plaintiff and/or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The responses set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these responses, and currently available to Plaintiff. Consequently, Plaintiff reserves the right to make any changes in or additions to any of these responses if it appears at any time that errors or omissions have been made therein or that more accurate or complete information has become available. Subject to the limitations set forth herein, the said responses are true to the best of my present knowledge, information and belief. I certify under penalty of perjury on behalf of Plaintiff that the foregoing is true and correct.

Dated: January 6, 2006

Steve DeMoor
Co-Owner
Wildlife Solutions, Inc., a Florida Corporation

As to objections and reservations of rights:

Dated: January 6, 2006

Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
Adam J. Kessel, BBO # 661211
akessel@wolfgreenfield.com
Wolf, Greenfield & Sacks, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000 Phone
(617) 646-8646 FAX

Of Counsel

Michael L. Leetzow, Esq.

974546.1                                                    18

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Defendants by FAX, email, and first class mail on January 6, 2006 to:

Mr. Richard J. Farrell, Jr.
Farrell Law
197M Boston Post Road
West 177
Marlborough, MA 01752

_____
Adam J. Kessel