IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE SOLUTIONS, INC.,<br>   a Florida Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS J. REILLY<br><br>and<br><br>WILDLIFE SOLUTIONS, INC.,<br>    a Massachusetts Corporation,<br><br>        Defendants. | Civil Action No. 1:05-cv-10180-FDS |

**SUPPLEMENTAL FILING IN SUPPORT OF
MOTION TO COMPEL WILDLIFE MASSACHUSETTS TO PRODUCE A WITNESS
<u>PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FOR SANCTIONS</u>**

Pursuant to the Court's suggestion at yesterday's hearing, Wildlife Florida submits this supplemental filing in support of its Motion to Compel, D.I. 31. The chart attached as Exhibit 1 identifies categories of documents that have not been produced and the Document Requests to which those documents are responsive. Wildlife Florida's Document Requests are attached as Exhibit 2.

Wildlife Florida respectfully requests that the Court order Defendants to produce their customer lists, financial data, advertising information, and other documents identified in the attached chart immediately and provide a reasonable period of time after which Wildlife Florida will be permitted to depose Wildlife Massachusetts on these documents and other matters as to which Wildlife Massachusetts was unprepared to testify at its first 30(b)(6) deposition.

|  |  |
|---|---|
|  | WILDLIFE SOLUTIONS, INC. |
|  | By its attorneys, |
|  |  |
|  | __/s/ Adam J. Kessel_____ |
| Dated: February 28, 2006 | Michael A. Albert, BBO # 558566 |
|  | malbert@wolfgreenfield.com |
|  | Adam J. Kessel, BBO # 661211 |
|  | akessel@wolfgreenfield.com |
|  | WOLF, GREENFIELD & SACKS, P.C. |
|  | 600 Atlantic Avenue |
|  | Boston, Massachusetts 02210 |
|  | (617) 646.8000 Phone |
|  | (617) 646.8646 FAX |

Of Counsel

Michael L. Leetzow, Esq. (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

      I hereby certify that this document and its supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Adam J. Kessel  
Adam J. Kessel

| Category of Document Missing from Defendants' Production | Plaintiff's Document Requests | Notes |
|---|---|---|
| Wildlife Massachusetts' Financial Data from 2005 | #14 (actual and projected sales), #17 (advertising expenses), #23 (price of goods/services), #30 (gross sales), #31 (costs), #32 (profits) | These requests are relevant to Defendants' use of the infringing mark and damages. |
| Wildlife Massachusetts' customer lists and documents reflecting Wildlife Massachusetts' customers. | #25 (class of purchasers) | The class of purchasers is one factor considered in a trademark infringement case. Defendants testified that they keep service slips from jobs. |
| Website materials, including those for wildlifesolutions.biz, pacofhudson.com, massachusettsgoosemanagement.com, and tommyzturn.com, including copies of prior versions of sites that have changed since this litigation was filed, invoices directed to domain name registrations, and correspondence with any webmasters (including Thomas Kashuba) regarding the websites. | #3 and #4 (earliest use and registration of the mark), #16 (advertising), #24 (channels of trade), #26 (advertising media) | Defendants have changed their websites several times since this litigation was filed, including as recently as in the last two weeks. Because Defendants' use of the mark on their websites are relevant to their intent in adopting the mark and willfulness in continuing to infringe the mark, these materials are clearly relevant. |
| All documents relating to advertising, including promotional items, financial information, photographs of vehicles bearing the infringing mark, yellow pages advertising invoices, and phone records. | #16 (advertising), #17 (advertising expenses), #22 (promotional items, packages, labels), #26 (advertising media) | Some promotional items have clearly been withheld; for example, Mr. Reilly wore a shirt bearing the infringing mark to his deposition that was never produced. He also testified that Wildlife Massachusetts owns vehicles bearing the infringing mark. (Depo. Tr. at 175). |
| Notes from Wildlife Massachusetts' corporate meeting(s). | #5 (documents relating to litigation involving the mark), #6 (objections or complaints regarding the mark), #18 (Wildlife Massachusetts' first awareness of Wildlife Florida's Mark), #19 (documents relating to Wildlife Florida) | Mr. Reilly testified he took notes that were later consulted in drafting minutes for Wildlife Massachusetts' corporate meeting. The minutes were produced but the notes were not, and Mr. Reilly testified that he had not searched for the notes. Depo. Tr. at 104. |
| Correspondence and documents regarding Wildlife Massachusetts' trademark applications. | #4 (first registration of the mark), #8 (the trademark application) | Defendants have not produced email receipts from the PTO acknowledging the filing of their trademark application and assigning the serial number, nor have they produced recent correspondence from the PTO such as a December 15, 2005 letter indicating that their registration was denied. Because Defendants have challenged the authenticity of documents produced by Plaintiff that are related to Defendants, it is imperative that Defendants produce these documents. |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILDLIFE SOLUTIONS, INC.,
  a Florida Corporation,

        Plaintiff,

v.

THOMAS J. REILLY

and

WILDLIFE SOLUTIONS, INC.,
   a Massachusetts Corporation,

        Defendants.

Civil Action No. 1:05-cv-10180-FDS

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO DEFENDANT WILDLIFE MASSACHUSETTS**

      Plaintiff, Wildlife Solutions, Inc. of Florida, ("Wildlife Florida" or "Plaintiff"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant, Wildlife Solutions, Inc. of Massachusetts, ("Wildlife Massachusetts" or "Defendant"), produce for inspection and copying the documents and things enumerated below, within thirty days after service hereof, at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA, 02210.

**INSTRUCTIONS AND DEFINITIONS**

      1.    Documents should be produced as they are kept in the usual course of business or organized and labeled to correspond with the numbered categories of this request.

      2.    Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to Wildlife Massachusetts and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether

printed and/or produced by hand or any other process, specifically including (1) all originals, copies or drafts, and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of Wildlife Massachusetts, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monograph, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer discs or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1), Federal Rules of Civil Procedure.

     3.    With respect to any document withheld from production upon a claim of privilege, state for each such document:

        (A)    the type of document;

        (B)    the date of the document;

        (C)    the name, address and job title of the author of the document;

        (D)    the name, address and job title of each person who received a copy of the document;

(E) a summary of the subject matter and the circumstances surrounding the creation of the document in sufficient detail as to enable Wildlife Florida to evaluate the privilege claimed; and

(F) the present whereabouts of the document together with the name, address and title of the custodian thereof.

4. This request for production of documents shall deemed to be continuing; if, after producing documents, Wildlife Massachusetts becomes aware of documents responsive to this request, such documents shall be produced whether such documents were newly discovered, newly created or otherwise.

5. As used herein, "Wildlife Florida's Mark" refers to Wildlife Florida's mark WILDLIFE SOLUTIONS in any stylization.

6. As used herein, "Wildlife Massachusetts' Marks" refers to Wildlife Massachusetts' marks WILDLIFE SOLUTIONS and MASSACHUSETTS WILDLIFE SOLUTIONS in any stylization.

7. As used herein, "Wildlife Massachusetts' Trademark Application" refers to Wildlife Massachusetts' U.S. Trademark application for the mark MASSACHUSETTS WILDLIFE SOLUTIONS, filed with the U.S. Trademark Office as Application No. 78/518,184.

8. As used herein, "Wildlife Massachusetts' Services" refers to each and every product or service that Wildlife Massachusetts has ever sold, offered for sale, promoted, or rendered under or in connection with Wildlife Massachusetts' Marks, including proof of use in interstate commerce.

**DOCUMENTS AND THINGS REQUESTED**

REQUEST NO. 1

All documents and things the identity of which are requested in Plaintiff's Interrogatories to Defendant served contemporaneously herewith, segregated by interrogatory number.

REQUEST NO. 2

All documents and things reviewed and/or relied upon by Wildlife Massachusetts to respond to Plaintiff's Interrogatories to Defendant, segregated by interrogatory number.

REQUEST NO. 3

All documents and things relating to the creation, selection, development, modification, earliest use, searching, clearance, or evaluation of Wildlife Massachusetts' Marks, including the results of any investigation or search.

REQUEST NO. 4

All documents and things relating to the adoption, use, and application for registration by Wildlife Massachusetts of Wildlife Massachusetts' Marks, including federal and state registrations.

REQUEST NO. 5

All documents and things relating to any other opposition, inter partes proceeding, or litigation involving Wildlife Massachusetts' Marks, including agreements resolving same.

REQUEST NO. 6

All documents and things relating to any objection or complaint by a third party regarding Wildlife Massachusetts' Marks, including agreements resolving same.

REQUEST NO. 7

All documents and things relating to, or constituting, any plans, market studies, consumer research, evaluations or studies relating to the actual or proposed use of Wildlife Massachusetts' Marks from date of conception to present.

REQUEST NO. 8

All documents and things relating to Wildlife Massachusetts' Trademark Application.

REQUEST NO. 9

All documents and things relating to Wildlife Massachusetts' decision to change from the mark PAC OF HUDSON and/or PROBLEM ANIMAL CONTROL OF HUDSON to WILDLIFE SOLUTIONS and/or MASSACHUSETTS WILDLIFE SOLUTIONS.

REQUEST NO. 10

All documents and things, including, but not limited to, any search reports or opinions, relating to any trademark or service mark search conducted by or for Wildlife Massachusetts with respect to Wildlife Florida's Mark, Wildlife Massachusetts' Marks, or marks similar thereto containing the words WILDLIFE or SOLUTIONS.

REQUEST NO. 11

All documents and things comprising or relating to any opinion of counsel on which Wildlife Massachusetts intends to rely in this lawsuit.

REQUEST NO. 12

All documents and things relating to any complaint, litigation, mediation, or other claim or process against any attorney with respect to Wildlife Massachusetts' decision to change marks from PAC OF HUDSON and/or PROBLEM ANIMAL CONTROL OF HUDSON to WILDLIFE SOLUTIONS and/or MASSACHUSETTS WILDLIFE SOLUTIONS.

REQUEST NO. 13

All documents and things relating to any surveys or polls which were conducted by or for Wildlife Massachusetts to determine actual confusion or likelihood of confusion between Wildlife Florida's Mark and Wildlife Massachusetts' Marks.

REQUEST NO. 14

All documents and things relating to the actual and projected sales, number of units and dollar volume of Wildlife Massachusetts' Services.

REQUEST NO. 15

All documents and things relating to any use and/or proposed use of Wildlife Massachusetts' Marks on or in connection with Wildlife Massachusetts' Services.

REQUEST NO. 16

Representative samples of all advertisements, including, but not limited to, advertisements in newspapers, magazines, radio, television, catalogs and brochures produced by or on behalf of Wildlife Massachusetts, featuring and/or relating to Wildlife Massachusetts' Marks.

REQUEST NO. 17

All documents and things relating to the actual and projected expenditures for advertising Wildlife Massachusetts' Services.

REQUEST NO. 18

All documents and things relating to Wildlife Massachusetts' first awareness of Wildlife Florida's Mark.

REQUEST NO. 19

All documents and things relating to Wildlife Florida or Wildlife Florida's Mark.

REQUEST NO. 20

All documents and things relating to the subject matter, facts or circumstances as to which each expert employed by Wildlife Massachusetts in connection with this litigation is expected to testify.

REQUEST NO. 21

All documents and things relating to any instance of a person having been confused, mistaken or deceived as to whether any product or service offered for sale or sold by Wildlife Florida under Wildlife Florida's Mark were those of Wildlife Massachusetts and/or related to Wildlife Massachusetts' Marks, or vice-versa.

REQUEST NO. 22

A sample of each different label, package, container, brochure, stationery, price list, advertisement, article and promotional item relating to or bearing Wildlife Massachusetts' Marks.

REQUEST NO. 23

All documents and things relating to the sales price or projected sales price of each of Wildlife Massachusetts' Services.

REQUEST NO. 24

All documents and things relating to the channels of trade through which Wildlife Massachusetts' Services have been and will be marketed or distributed.

REQUEST NO. 25

All documents and things relating to the class of purchasers to which Wildlife Massachusetts' Services have been and will be marketed or sold.

REQUEST NO. 26

All documents and things relating to all advertising media which was used or may be used to promote Wildlife Massachusetts' Services.

REQUEST NO. 27

All documents and things relating to projected or budgeted annual expenditures for advertising or promoting Wildlife Massachusetts' Services during the past three years and each of the next three years and the advertising media in which such promotion is anticipated to take place.

REQUEST NO. 28

All documents and things relating to all surveys, polls, tests, focus group studies, or other market studies that Wildlife Massachusetts has conducted, or plans to conduct, for possible use in this Litigation or for purposes of promoting or selling Wildlife Massachusetts' Services.

REQUEST NO. 29

All documents and things relating to any communication, whether oral or written, that suggests, implies or infers any connection or association between Wildlife Massachusetts and Wildlife Florida, and/or Wildlife Massachusetts' Mark and Wildlife Florida's Mark, or that inquires as to whether there is or may be such a connection or association.

REQUEST NO. 30

Documents sufficient to determine Wildlife Massachusetts' gross sales in dollars of Wildlife Massachusetts' Services since the beginning of Wildlife Massachusetts' use of Wildlife Massachusetts' Marks to the present.

REQUEST NO. 31

Documents sufficient to determine Wildlife Massachusetts' costs in providing Wildlife Massachusetts' Services since the beginning of Wildlife Massachusetts' use of Wildlife Massachusetts' Marks to the present.

REQUEST NO. 32

Documents sufficient to determine Wildlife Massachusetts' profits from Wildlife Massachusetts' Products from the beginning of Wildlife Massachusetts' use of Wildlife Massachusetts' Marks to the present.

REQUEST NO. 33

All documents and things Wildlife Massachusetts intends to rely on in this lawsuit.

WILDLIFE SOLUTIONS, INC.,
A Florida Corporation

By its attorneys,

Date: August 9, 2005

_____
Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
Adam J. Kessel, BBO # 661211
akessel@wolfgreenfield.com
Wolf, Greenfield & Sacks, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: (617) 646-8000
FAX: (617) 646-8646

Michael Leetzow (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT WILDLIFE MASSACHUSETTS was served by mail on counsel for Defendant, this 9th day of August, 2005 to:

>   Mr. Richard J. Farrell, Jr.
>   Farrell Law
>   197M Boston Post Road
>   West 177
>   Marlborough, MA  01752


>   _____
>   Adam J. Kessel