IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE SOLUTIONS, INC., a Florida Corporation, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. REILLY <br><br> And <br><br> WILDLIFE SOLUTIONS, INC., a Massachusetts Corporation, <br><br> Defendants. | Civil Action No. 1:05-cv-10180-FDS <br><br> **EXPEDITED CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(c)** |

## MOTION TO FURTHER COMPEL THOMAS J. FRAIN
## TO COMPLY WITH SUBPOENA DUCES TECUM AND FOR CONTEMPT

Plaintiff Wildlife Solutions, Inc., a Florida Corporation ("Wildlife Florida"), moves to further compel Thomas J. Frain, Esq. to comply with a subpoena duces tecum and to hold Mr. Frain in contempt for refusing to obey the Court's Order.

The history of this dispute is discussed in detail in Wildlife Florida's papers supporting its original Motion to Compel and will be summarized here only briefly. (D.I. 22-24, 26, 28.) Mr. Frain is Defendants' former counsel, and Defendants have repeatedly blamed Mr. Frain for their infringing activity and claim to rely on an advice of counsel defense. Wildlife Florida attempted to obtain documents in Mr. Frain's possession from the Defendants through discovery requests served on August 9, 2005. (D.I. 24 Ex. 12.) Despite repeated requests, Defendants did not produce those documents. Defendants indicated several times that they waived any claims of privilege with respect to Mr. Frain, but apparently refused to communicate that waiver to Mr. Frain's satisfaction.

Accordingly, on November 21, 2005, Wildlife Florida served Mr. Frain with a subpoena for the withheld documents. (D.I. 24 Ex. 20.) On December 2, 2005, Mr. Frain objected to the subpoena on the basis of attorney-client or work product privilege. (D.I. 24 Ex. 21.) A party seeking documents from a third party must move to compel pursuant to Fed. R. Civ. P. 45(c)(2)(B) when that third party objects to a subpoena. On December 23, 2005, Wildlife Florida so moved. (D.I. 22.) Defendants did not oppose that Motion. Mr. Frain filed an opposition, again objecting **only** on the basis of attorney-client or work product privilege. (D.I. 26.) Wildlife Florida filed a reply brief, citing numerous cases on point which demonstrate that any claims of privilege or work product immunity have been waived. (D.I. 28.)

On February 27, 2006, the Court held a hearing on Wildlife Florida's Motion to Compel. At that hearing, the Court asked Mr. Farrell, Defendants' counsel, if the Defendants opposed Wildlife Florida's Motion. Mr. Farrell stated that the Defendants did **not** oppose the Motion. The Court then granted Wildlife Florida's Motion. After the Court granted the Motion, Mr. Farrell raised a concern regarding Wildlife Florida's request for its attorney's fees, and the Court modified its ruling to grant Wildlife Florida's Motion with respect to the subpoena, but to deny the request in all other respects. (See 2/27/06 Electronic Order.)

On March 13, 2006, Wildlife Florida finally received Mr. Frain's document production. The cover letter to that production indicated that Mr. Frain was still refusing to produce allegedly privileged documents. (Ex. 1 to Attached Declaration of Adam J. Kessel. ("Kessel Decl.")) Mr. Frain confirmed in a follow-up phone call that he would not produce any documents he considered to be privileged or covered by work product immunity.[1] Kessel Decl. ¶ 2. Wildlife

---

[1] Mr. Frain claimed to rely on an ex parte interpretation of the Court's Order provided over the telephone by the Court's clerk as his basis for refusing to produce documents. Wildlife Florida was not present for that conversation,
*continued…*

Florida's counsel explained that the Court's Order was unequivocal in requiring him to produce the documents demanded in the subpoena. Mr. Frain, however, stated that he would not produce any documents he considered to be privileged or covered by work product immunity.

The Court's Order was clear. Mr. Frain objected to Wildlife Florida's subpoena on the basis of privilege. Because of those objections, Wildlife Florida moved to compel Mr. Frain to produce the documents. At the February 27 hearing, the Court granted Wildlife Florida's Motion in all respects except as to its request for attorney's fees. Mr. Frain's continued objection on the basis of privilege is in disregard of all of the briefing on Wildlife Florida's Motion and the Court's Order.

Accordingly, Wildlife Florida requests that this Court:

(1) Order Mr. Frain to produce the requested documents again;

(2) Hold Mr. Frain in contempt until he has produced the requested documents; and

(3) Award Wildlife Florida its attorney's fees for having to bring a motion that should have been unnecessary after the Court's original Order.

---

but the Court's order was clear enough without the need for interpretive aids: Mr. Frain must produce the subpoenaed documents.

**CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1**

The undersigned certifies that counsel for Wildlife Florida, Adam J. Kessel, consulted with Mr. Frain in a telephone conference on March 13 in a good faith effort to narrow the areas of disagreement to the greatest extent possible, but that Wildlife Florida's effort was unsuccessful. This motion complies with the requirements of Local Rule 37.1.

**LOCAL RULE 5.1(c) REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to Local Rule 5.1(c), Wildlife Florida respectfully requests that this motion be given expedited consideration because these documents were originally requested over seven months ago; discovery ended six weeks ago; and Wildlife Florida needs the requested documents in order to prepare a motion for summary judgment.

Respectfully submitted,

WILDLIFE SOLUTIONS, INC.
By its attorneys,

Dated: March 13, 2005

/s/ Adam J. Kessel_____
Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
Adam J. Kessel, BBO # 661211
akessel@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646.8000 Phone
(617) 646.8646 FAX

Of Counsel

Michael Leetzow, Esq. (admitted *pro hac vice*)

1000174.1            - 4 -

- 5 -

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      /s/ Adam J. Kessel