UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILDLIFE SOLUTIONS, INC., a Florida Corporation, Plaintiff | ) ) ) ) ) ) | |
| v. | ) ) ) | Civil Action 1:05-CV-10180-FDS |
| THOMAS REILLY AND WILDLIFE SOLUTIONS, INC., a Massachusetts Corporation, Defendant | ) ) ) ) ) ) ) | |

**OPPOSITION OF THOMAS J. FRAIN TO PLAINTIFF'S MOTION TO FURTHER COMPEL THOMAS J. FRAIN TO COMPLY WITH SUBPOENA DUCES TECUM AND FOR CONTEMPT**

NOW COMES Thomas J. Frain, Esq. (hereinafter sometimes referred to as "Attorney Frain") and files this Opposition to Plaintiff Wildlife Solutions, Inc.'s (hereinafter sometimes referred to as "Wildlife Florida") Motion to Further Compel Thomas J. Frain to Comply With Subpoena Duces Tecum and For Contempt.

As reasons for this Opposition, Attorney Frain states the following: Attorney Frain was, at one time, counsel to Defendants Thomas J. Reilly (hereinafter sometimes referred to as "Reilly") and Wildlife Solutions, Inc., a Massachusetts Corporation (hereinafter sometimes referred to as "Wildlife Massachusetts"). He has not received an unequivocal waiver of the attorney-client privilege by the Defendants. As such, Attorney Frain believes that he is bound by Rule 1.6 of the Massachusetts Rules of Professional Conduct, barring him from divulging any substantive information regarding his representation of the defendants absent a valid court order.

Attorney Frain continues to rely on his Opposition filed with this Honorable Court on January 9, 2006.

The electronic Docket Text for this matter reflects, in part, the following: On February 27, 2006 [entered 02/28/2006] this Honorable Court stated, in part, "Motion to compel (#22) ALLOWED with respect to the subpoena and DENIED in all other respects…" The electronic Docket Text for this matter also reflects, in part, the following: On February 27, 2006 [entered 03/03/2006] this Honorable Court stated, in part, "ORDER entered granting in part and denying in part 22 Motion to Compel Thomas J. Frain to Comply with Subpoena Duces Tecum. 'ALLOWED with respect to the subpoena and DENIED in all other respects.'"

This office responded to the subpoena on March 9, 2006. However, in an abundance of caution and with the Defendants still not having waived the attorney-client privilege, Attorney Frain did not produce materials deemed to be privileged which are:
  (1) Attorney's memoranda, attorney's mental impressions and attorney's notes to the file;
  (2) Client communications;
  (3) Drafts with attorney's expressed mental impressions and notes thereon;
  (4) Letters between Attorney Frain and Defendants' attorney;

Attorney Frain is still not in receipt of any Court Order expressly, or otherwise, vitiating the attorney-client privilege. Attorney Frain is also still relying on his Opposition dated January 6, 2006 and filed with the Court on January 9, 2006 and the case law therein cited and believes he is still prohibited from producing apparently privileged documentation.

Finally, Plaintiff's statements in Footnote 1 of its *Motion to Further Compel Thomas J. Frain to Comply With Subpoena Duces Tecum and For Contempt* notwithstanding, the undersigned <u>did not</u> rely on ex parte communications with this Honorable Court. Given the fact that Rule 1.6 of the Massachusetts Rules of Professional Conduct has not been waived nor expressly modified or vitiated by this Honorable Court, the undersigned called the Court Clerk's office on March 2, 2006 to inquire whether any further Order would issue from the Court

2

regarding the issue of the attorney-client privilege. The Court's Clerk's office stated they would speak directly to the Court. The Court's Clerk's office called on March 3, 2006 and referred the undersigned to the electronic docket. The undersigned did not speak with the Court. Attorney Frain thereafter produced documents in response to the Plaintiff's subpoena.

    Wherefore, the undersigned asks this Honorable Court to deny Wildlife Florida's Motion to Further Compel Thomas J. Frain with Subpoena Duces Tecum and for Contempt or, in the alternative, to state which of the above numbered documents should be produced and to what extent Rule 1.6 of the Massachusetts Rules of Professional Conduct and the attorney-client privilege has been modified or vitiated by this Honorable Court.

                                      Respectfully submitted,

                                      /s/Thomas J. Frain_____
                                      Thomas J. Frain, pro se
                                      563 Main Street
                                      Bolton, Massachusetts  01740
                                      (978) 779-0749
                                      BBO# 567089

Date: March 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the U.S. District Court's electronic filing system which will serve opposing counsel who are registered participants as identified on the Notice of Electronic Filing (NEF). All counsel who are non-registered participants are being served by First Class Mail.

/s/Thomas J. Frain_____
Thomas J. Frain, pro se