## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILDLIFE SOLUTIONS, INC., ) <br> a Florida Corporation ) <br>       Plaintiff, ) <br> vs. ) <br> ) <br> THOMAS J. REILLY, and ) <br> WILDLIFE SOLUTIONS, INC, ) <br> a Massachusetts Corporation, ) <br>       Defendants. ) <br> ) | **CIVIL ACTION** <br> **NO. 05-10180-FDS** |

### MEMORANDUM AND ORDER
### April 10, 2006

**HILLMAN, M.J.**

### Nature of the Proceeding

This Order addresses the following non-dispositive motions which have been referred to me for disposition by Orders of Reference dated February 15, 2006 and March 16, 2006:

    1.    Motion To Further Compel Thomas J. Frain To Comply With Subpoena Duces Tecum and for Contempt (Docket No. 46); and

    2.    Plaintiff's Motion To Compel Wildlife Massachusetts To Produce A Witness Pursuant to Fed. R. Civ. P. 30(b)(6) And For Sanctions (Docket No. 31).

### Nature of the Case

Wildlife Solutions, Inc., a Florida corporation ("Wildlife Florida" or "Plaintiff") has filed federal and state statutory and common law claims against Wildlife Solutions, Inc., a Massachusetts corporation ("Wildlife Massachusetts") and Thomas J. Reilly ("Mr. Reilly"), the

president and sole shareholder of Wildlife Massachusetts (collectively, "Defendants"), as the result of Defendants use of the mark "Wildlife Solution, Inc.". Specifically, Plaintiff has asserted claims for: trademark infringement, counterfeiting and false designation of origin, in violation of 15 U.S.C. §§1051, *et seq.*; cybersquatting, in violation of the Anti-Cybersquatting Protection Act, 15 U.S.C. §1125(d); and state statutory and common law claims for unfair trade practices, unfair competition, and trademark dilution.

## Discussion

**Motion To Further Compel Thomas J. Frain To Comply With Subpoena Duces Tecum and For Contempt (Docket No. 46).**

On November 18, 2005, Wildlife Florida served a subpoena duces tecum pursuant to Fed.R.Civ.P 45 upon Thomas J. Frain, Esq., former counsel to Wildlife Massachusetts. That subpoena required the attorney to produce all files and documents related to his representation of Wildlife Massachusetts. Because Mr Frain did not comply with that subpoena, Plaintiff's filed its initial motion to compel (See Docket No. 22). Mr. Frain filed an opposition to the motion to compel in which he argued that the materials sought by Wildlife Florida were protected by the attorney-client privilege and/or the work product doctrine and since he had not received express waiver of the privilege from his client, absent court order, he was prohibited by the Massachusetts Rules of Professional Responsibility from turning the requested materials over to Wildlife Florida.

Defendants, represented by new counsel, did not file an opposition to the motion compel. Furthermore, at the hearing on February 27, 2006, counsel for Defendants expressly stated that Defendants did not oppose the motion to compel, that is, Defendants agreed that Mr. Frain should turn over the requested material. Therefore, I informed the parties that the motion to

compel was allowed in all respects, except as to Plaintiff's request for attorneys' fees and costs, which was denied[1]. See Docket Electric Docket entry, dated February 27, 2006.

Mr. Frain responded to the subpoena on March 9, 2006, but continued to withhold documents which he deemed to be privileged under the attorney-client privilege or protected as attorney work product. Therefore, Plaintiff has filed a further motion to compel. Mr. Frain has filed an opposition to the motion to compel in which continues to assert that he is not obligated to turn over materials subject to the attorney-client privilege/work product doctrine because he still has not received an unequivocal waiver from the Defendants. In his defense, Mr. Frain argues that this Court's endorsement allowing the motion to compel did not make clear that he was being ordered to produce documents subject to the attorney-client privilege/work product doctrine.

It is my position that my endorsement of Plaintiff's initial motion to compel was clear and unambiguous: Mr. Frain was required to comply with the subpoena by producing *all* responsive materials, whether or not subject to a privilege. However, in interpreting that Order, I am mindful of the fact that both the Plaintiff and I had the benefit of having been present at the

---

[1] I want to make clear that since the materials sought by Plaintiff were clearly subject to the attorney-client privilege/work product doctrine, Mr. Frain's initial refusal to comply with Plaintiff's subpoena was appropriate:
> The privilege operates until such time as it is waived, and it is the attorney's obligation to invoke it on behalf of the client (or former client) until such time as the client waives it. In the absence *of an affirmative act* by [the client] to waive the privilege, it remains in effect and protects the documents.

United States Trust Co. of New York v. Lewis, 1992 WL 110728 (S.D.N.Y May 12, 1992)(emphasis added).

While it is true that the Massachusetts Supreme Judicial Court has recognized that circumstances exist under which the attorney-client privilege may be deemed implicitly waived, contrary to Plaintiff's suggestion in its reply brief, the Defendants' failure to file an opposition to the motion to compel would not constitute an explicit or even an implicit waiver of the privilege. See Darius v. City Of Boston, 433 Mass. 274, 741 N.E.2d 52 (2001)(accepting as general principle that litigant may implicitly waive attorney-client privilege, at least partly, by injecting certain claims or defenses into case). Mr. Frain properly left it to the court to determine if the any other conduct of the Defendants (such as asserting certain affirmative defenses) constituted a waiver of the attorney-client privilege/work product doctrine in this case.

February 27, 2006 hearing at which Defendants affirmatively waived any privilege concerning the materials in Mr. Frain's possession. Furthermore, given the potential consequences to Mr. Frain under the rules of professional responsibility should he improperly divulge his clients' privileged information, I understand Mr. Frain's desire to proceed with the utmost caution. However, hereafter, there can be no doubt that Mr. Frain is on notice that his clients have affirmatively waived the attorney-client privilege/work product doctrine with respect to his representation of them. Additionally, this Court is expressly ordering that he forthwith produce *all* materials in his possession responsive to Wildlife Florida's subpoena.

Although I am allowing Plaintiff's further motion to compel to the extent that it seeks that Mr. Frain be required to produce the subpoenaed documents, I am denying the motion, without prejudice, to the extent that it requests that Mr. Frain be held in contempt and ordered to pay costs and attorney's fees. However, if Mr. Frain has not complied with this Order by April 24, 2006, this Court will schedule a show cause hearing to determine whether Mr. Frain should be held in contempt and/or subject to sanctions, including costs and Plaintiff's reasonable attorney's fees in filing this motion and any future motions[2].

---

[2] In their opposition to Plaintiff's motion to compel 30(b)(6) witness, Defendants state that they have attempted to obtain documents from Mr. Frain, but he has refused to produce them unless they sign a broad release. I will assume that Mr. Frain, who has shown a familiarity with the rules of professional responsibility, meant to request a written waiver of the attorney-client privilege/work product doctrine prior to producing the documents, rather than a release of liability.

**Plaintiff's Motion To Compel Wildlife Massachusetts To Produce A Witness Pursuant to Fed. R. Civ. P. 30(b)(6) And For Sanctions (Docket No. 31)**

On January 17, 2006[3], Plaintiff's deposed Thomas Reilly, in his individual capacity and as Wildlife Massachusetts' 30(b)(6) witness. On January 31, 2006, Plaintiff filed the above referenced motion to compel in which it requests that: Defendants be ordered to produce documents which Plaintiff has previously requested under Rule 34; Defendants be ordered to produce a properly prepared 30(b)(6) witness; and Defendants be sanctioned in accordance with Fed.R.Civ.P. 37(d).

<u>Plaintiff's Request To Compel Production Of Documents</u>

In its motion to compel, Plaintiff seeks documents allegedly withheld by the Defendants in response to its Rule 34 document request. The Plaintiff's memoranda in support of its motion to compel contains a litany of general complaints which do nothing more than bemoan the fact that the Defendants have failed to produce all of the documents it requested. At the February 27, 2006 hearing, the Court pointed out to the Plaintiff that nowhere in its motion to compel or supporting memoranda did it set forth the specific document request(s) to which it alleges the Defendants failed to respond.

In order to act intelligently, a court needs to see the specific discovery request, the response and hopefully, a cogent argument why the response is inadequate and a request for appropriate relief. My initial reaction was to dismiss this motion to the extent Plaintiff sought to compel further production of documents on the grounds that Plaintiff had failed to set forth a sufficient legal and factual basis for its request. However, after the hearing, Plaintiff filed a

---

[3] The face sheet of the deposition indicates that Mr. Reilly was deposed on January 17, 2005; however, it appears undisputed that the deposition actually took place on January 17, 2006.

supplemental memoranda in support of this motion to which it attached a copy of its Rule 34 document request and a chart which sets forth the documents which it is seeking, indicates the specific requests to which such documents would be responsive and states why it needs the documents. See attachments to Supplemental Filing In Supp. Of Mot. To Compel Wildlife Massachusetts to Produce A Witness Pursuant To Fed.R.Civ.P. 30(b)(6) and For Sanctions(Docket No. 44). Plaintiff has also expanded the categories of documents which it alleges have not been produced. I agree with Defendants that Plaintiff should not have made any further filings with respect to this issue without leave of court. Nevertheless, rather than further delay this matter by striking the filing subject to Plaintiff seeking leave of court to re-file, I will reluctantly allow the filing to stand and will consider it in connection with my ruling. I do this not to reward the deficiencies in the Plaintiff's pleadings, but to move this matter to resolution.

Plaintiff seeks production of invoices, advertising materials, 2005 financial statements, notes from Massachusetts Wildlife corporate meetings, applications and other documentation concerning any trademark applications filed by Massachusetts Wildlife and documents relating to Wildlife Massachusetts' classes of purchasers (including customer lists). Before I address the specifics of Plaintiff's request, I note a troublesome theme which dominates Plaintiff's submissions. Plaintiff characterizes the Defendants' failure to produce documents responsive to its request as deliberate stonewalling, when it is not accusing the Defendants in general, and Mr. Reilly, in particular, as having intentionally destroyed documents. While it may be that Defendants have not been able to produce all of the documents requested by Plaintiff, there is nothing in the record to suggest that Mr. Reilly has *intentionally* withheld or destroyed documents responsive to Plaintiff's request. Rather, it was obvious from reading Mr. Reilly's

30(b)(6) deposition, see Pl's Ex. A, that Mr. Reilly does not keep accurate records, nor does he observe corporate formalities.   Unfortunately, this is probably the rule rather than then exception with small, family owned and/or run businesses.  It is clear that Plaintiff's counsel have from the start adopted an aggressive approach to this litigation.  While this Court is not offended by and would by no means discourage aggressive lawyering, Counsel for the Plaintiff should take care that their aggressiveness does not cross the line into incivility, which this Court will not tolerate.

Plaintiff has now made clear the nature of the documents which it is seeking and which it believes should be in Defendants' possession.  On or before April 30, 2006, Defendants shall produce the requested documents.  If the Defendant are unable to locate documents responsive to Plaintiff's request, Defendants shall file a written certification stating that no documents responsive to such requests exist/could be located, that a good faith effort has been made to locate documents responsive to such request, and outlining what steps were taken to attempt to locate such documents.  Plaintiff's request for sanctions is denied.

Plaintiff's Motion To Compel Wildlife Massachusetts To Produce A Witness Pursuant To Fed. R. Civ. P. 30(b)(6

Plaintiff alleges that Wildlife Massachusetts failed to designate the person most knowledgeable about its affairs and/or failed to properly prepare its 30(b)(6) witness, Mr. Reilly, for his deposition.  The gravamen of the Plaintiff's grievance is that the designated deponent was unprepared to testify regarding website and internet activities and unprepared to answer questions regarding the factual basis for each of the affirmative defenses asserted in Defendants' amended answer.

"When a corporation is deposed, the corporation, in response to a deposition notice, is obliged to 'designate one or more officers, directors, or managing agents, or other persons who

7

consent to testify on its behalf ....' Under this protocol, "'[t]he person[ ] so designated shall testify as to [all] matters known or reasonably available to the organization.'" Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 137 n.4 (1st Cir. 2001)(quoting Fed.R.Civ.P. 30(b)(6)). Thus, Wildlife Massachusetts was required to designate the person most knowledgeable about the corporation. Wildlife Massachusetts designated Mr. Reilly as its 30(b)(6) witness.

Depending on the time of year, Wildlife Massachusetts employs two to eight people (including Mr. Reilly). See Dep. of Thomas J. Reilly (Pl's Ex. A), at p. 25. Mr. Reilly and his son are the only two individuals who are generally employed year round. Wildlife Massachusetts is a subchapter S Corporation and Mr. Reilly, who is the corporation's sole shareholder, director and corporate officer, is, for all intent and purposes, "Wildlife Massachusetts, Inc." Therefore, to the extent that Plaintiff contends that Wildlife Massachusetts should have designated someone other than Mr. Reilly as its 30(b)(6) deponent, its argument is unfounded.

The Plaintiff argues that even if Mr. Reilly was the proper person to be designated as Wildlife Massachusetts' 30(b)(6) witness, he was inadequately prepared to answer questions on the topics listed in the deposition notice, in particular, questions regarding his company's website and internet activities.

> Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the `sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before trial. This would totally defeat the purpose of the discovery process.

Berwind Property Group Inc. v. Environmental Management Group, Inc., 233 F.R.D. (D.Mass. 2005)(citation to quoted case omitted)(alteration in original).

After the hearing in this matter, this Court requested the full transcript of the subject deposition. See Pl's Ex. A.  After reviewing the deposition, it was apparent that Mr. Reilly is not a sophisticated businessman and that he has little understanding of the internet, in general, and websites, in particular.  While Mr. Reilly was generally forthcoming at his deposition and answered the vast majority of the questions relating to his business, his lack of record keeping and lack of understanding of the internet has led to Mr. Reilly's inability to fully respond to some of the questions posed to him by Plaintiff's counsel.  For example, it is clear that Mr. Reilly has registered a number of websites relating to his business and that the active websites have undergone a metamorphoses over the past several years, including changes that took place during periods of time relevant to this lawsuit.  Plaintiff's counsel attempted to elicit information from Mr. Reilly concerning the registration of domain names and information found on Defendants' websites, including dates that the internet contact was changed, who did the changes and whether those changes were preserved in any form.  Mr. Reilly was unable to respond, either because he had not reviewed the information, or, with respect to the websites, because he had hired someone, a Mr. Kashuba, to design and maintain the sites and Mr. Kashuba is most likely the person in possession of such information.

While Plaintiff's frustration may be understandable, I do not find that Mr. Reilly deliberately withheld information or otherwise acted in bad faith.[4]  Under these circumstances, I

---

[4] I will note, that some of Mr. Reilly's confusion or inability to answer may have been as the result of the form of the questions posed by Plaintiff's counsel and also, the obscure nature of some of the information sought by counsel.  Prior to the deposition, Plaintiff's counsel may want to take some time to refine their questions.

am going to permit the Plaintiff to re-depose Mr. Reilly for one-half day (four hours). That deposition shall take place on or before May 19, 2006.

Prior to the deposition, Mr. Reilly shall do what is necessary to familiarize himself with the information concerning his websites and registered domain names raised by Plaintiff's counsel during the deposition, including discussing the issues with Mr. Kashuba. Furthermore, in addition to searching his own records, Mr. Reilly shall obtain copies of whatever relevant documentation is in Mr. Kashuba's possession concerning the websites and produce it to the Plaintiff.

Mr. Reilly also maintains that any e-mails that he receives are automatically erased from by his e-mail service after seven days and therefore, he cannot produce copies of the e-mails sought by the Plaintiff. It is possible that Mr. Reilly is confusing the settings for the program he uses to facilitate his e-mail account with actions taken by his e-mail provider. In any event, Mr. Reilly should explore further whether there is any way to retrieve deleted e-mails which may be relevant to this case.[5] He should be prepared to account for what happened to his e-mails during the relevant time period.

I have already ordered that Mr. Reilly conduct a further search for documents responsive to Plaintiff's Rule 34 document request and that Mr. Reilly either produce the requested documents or a written certification that there are no such documents. The documents or certification, as the case may be, shall be produced prior to the deposition.

---

[5] Given Mr. Reilly's lack of knowledge on these subjects, Mr. Kashuba may be a resource which Mr. Kashuba could utilize to help him get the requested information concerning the registration of domain names and retrieval of deleted e-mails.

With respect to the Plaintiff's complaint that Mr. Reilly was unprepared to provide specific information regarding the affirmative defenses, the Court is unimpressed with the Plaintiff's argument. Mr. Reilly was adequately prepared for and adequately responded to questions on such matters. Frankly, a number of the questions posed to Mr. Reilly required him to make legal conclusions, which are not in the purview of fact witnesses, 30(b)(6) or otherwise: while a party deponent is expected to know the facts, s/he is not expected to understand the legal consequences of those facts. To state the obvious, that is what lawyers are for.

Finally, if any corporate or internet/website records, e-mail, etc. are not in existence or Mr. Reilly is unable to find the information after a diligent search then that is the end of the matter and the Plaintiff will be left to whatever remedies they care to fashion by impeaching the witnesses' credibility at trial.

## Plaintiff's Request For Sanctions

Plaintiff requests that Defendants be sanctioned pursuant to Fed.R.Civ.P. 37(d), because Mr. Reilly. the designated Rule 30(b)(6) was unprepared for the deposition. I agree that Mr. Reilly was inadequately prepared to testify concerning matters relating to his websites and domain names. However, Mr. Reilly testified adequately on numerous other topics. Furthermore, Mr. Reilly's lack of preparation appears to have been ignorance concerning the scope and breadth of information as to which Plaintiff would inquire as well as ignorance as to how to obtain such information. Thus, I do not find that the Defendants acted in bad faith or to obstruct the discovery process. Therefore, I am denying Plaintiff's request for sanctions. In the future, however, defense counsel should do a better job of preparing his clients as to all

designated 30(b)(6) topics, including assisting his client(s) to find resources which would educate such client(s) as to how/where to obtain information covered thereby.

## Conclusion

1.  Motion To Further Compel Thomas J. Frain To Comply With Subpoena Duces Tecum and for Contempt (Docket No. 46) is <u>allowed</u> with respect to the subpoena and otherwise <u>denied</u>;

2.  Plaintiff's Motion To Compel Wildlife Massachusetts To Produce A Witness Pursuant to Fed. R. Civ. P. 30(b)(6) And For Sanctions (Docket No. 31) is <u>allowed</u>, in part and <u>denied</u> in part, as provided in this Order.

/s/Timothy S. Hillman<br>
TIMOTHY S. HILLMAN<br>
MAGISTRATE JUDGE