IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE SOLUTIONS, INC.,<br>a Florida Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. REILLY<br><br>And<br><br>WILDLIFE SOLUTIONS, INC.,<br>a Massachusetts Corporation,<br><br>Defendants. | Civil Action No. 1:05-cv-10180-FDS |

## PERMANENT INJUNCTION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's request for a permanent injunction enjoining Defendant Wildlife Solutions, Inc. ("Wildlife Massachusetts") from using the mark WILDLIFE SOLUTIONS or any colorable imitation thereof, or any similar mark which incorporates or is likely to cause confusion with Plaintiff's mark WILDLIFE SOLUTIONS.

THE COURT FINDS, ORDERS AND ADJUDGES AS FOLLOWS:

1. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

2. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties, and venue in this District is proper.

3. Plaintiff is the owner of the trademark WILDLIFE SOLUTIONS, which it has been using since 1997 across the United States, and for which Plaintiff has two registrations on

the Principal Register of the United States Patent and Trademark Office, Reg. Nos. 2,383,071 and 2,383,072.

4. Plaintiff's WILDLIFE SOLUTIONS trademark is valid, enforceable, and incontestable.

5. Defendant Wildlife Massachusetts has infringed Plaintiff's rights in the WILDLIFE SOLUTIONS trademark by using a colorable imitation thereof in connection with services substantially identical to those provided by Plaintiff under the WILDLIFE SOLUTIONS trademark. Defendant Wildlife Massachusetts' unauthorized uses of the mark WILDLIFE SOLUTIONS constitute false designations of origin and are likely to cause confusion among consumers.

6. Plaintiff has demonstrated a probability of prevailing on its claims against Wildlife Massachusetts.

7. Defendant Wildlife Massachusetts' unauthorized use of the WILDLIFE SOLUTIONS trademark has caused and is causing irreparable harm to Plaintiff warranting injunctive relief.

8. The irreparable harm to Plaintiff from Defendant's conduct outweighs any inconvenience that Defendant Wildlife Massachusetts will experience from being required to stop using the mark WILDLIFE SOLUTIONS.

9. To minimize a likelihood of consumer confusion, the public interest favors entry of a permanent injunction in this case.

WHEREFORE, IT IS HEREBY ORDERED as follows:

A. Plaintiff's Motion For A Permanent Injunction is GRANTED.

B.  Defendant Wildlife Massachusetts and its officers, directors, agents, servants, employees, attorneys, representatives, affiliates, subsidiaries, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert or privity with them, are hereby permanently enjoined from using the mark WILDLIFE SOLUTIONS, or any colorable imitation thereof, or any confusingly similar mark, or any mark that incorporates or is likely to cause confusion with Plaintiff's WILDLIFE SOLUTIONS trademark.

C.  Defendant Wildlife Massachusetts and its officers, directors, agents, servants, employees, attorneys, representatives, affiliates, subsidiaries, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert or privity with them, are directed to stop all use of the WILDLIFE SOLUTIONS mark within sixty days of this order, including on or in any website, corporate name, marketing materials (excluding those advertisements and materials that were distributed or ordered prior to May 25, 2006), and otherwise.

D.  Breach of this Order is actionable under the applicable contempt power of the Court.

IT IS SO ORDERED AND DECREED, AND A PERMANENT INJUNCTION IS HEREBY ENTERED, THIS 9th day of June, 2006.

_____
F. Dennis Saylor IV
United States District Judge
District of Massachusetts

1035181